Case No.

United States Courts
Southern District of Texas
FILED

FEB 2 0 2026

Nathan Ochsner, Clerk of Court

TRE CHRISTOPHER ROBERTS
PLAINTIFF
1201 N CATALINA #3163
REDONDO BEACH, CA 90277
CHRISROBERTSLAWESQ@GMAIL.COM

**UNITED STATES OF AMERICA**

**DISTRICT COURT**
**TEXAS SOUTHERN DISTRICT**

| | | |
|---|---|---|
| **IN THE MATTER OF:**<br><br>**TRE CHRISTOPHER ROBERTS**<br>**PLAINTIFF**<br><br>**VS.**<br><br>**MONTGOMERY COUNTY, MCSO, DET. RICHARD STEIN, MIKE HOLLEY, JAMIE SULLA, DOES 1-10**<br>**DEFENDANT(S)** | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CASE No.:<br><br>PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) WARRANT NO. 25-10-16082 |

Judge: Next Hearing:

PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) WARRANT NO. 25-10-16082

Case No.

**UNITED STATES OF AMERICA**

**DISTRICT COURT**
**TEXAS SOUTHERN DISTRICT**

| | | |
|---|---|---|
| **IN THE MATTER OF:**<br><br>**TRE CHRISTOPHER ROBERTS**<br>**PLAINTIFF**<br><br>**VS.**<br><br>**MONTGOMERY COUNTY, MCSO, DET. RICHARD STEIN, MIKE HOLLEY, JAMIE SULLA, DOES 1-10**<br>**DEFENDANT(S)** | * * * * * * * * * | CASE No.:<br><br>PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) WARRANT NO. 25-10-16082 |

Judge:

Next Hearing:

PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) WARRANT NO. 25-10-16082

TO THE HONORABLE JUDGE OF SAID COURT:

TRE CHRISTOPHER ROBERTS, LL.M., Plaintiff, a United States citizen, U.S. Army Veteran, and member of the legal community with no criminal conviction history, files this Verified Original Complaint against the individual Defendants named herein. Plaintiff seeks immediate stays of an

unconstitutional felony warrant (Warrant No. 25-10-16082) (See Exhibit A) predicated upon both Actual and Legal impossibilities, and in support thereof, respectfully shows the Court as follows:

## I. PRELIMINARY STATEMENT: DOCTRINE OF CONSTRUCTIVE EXILE

"While federal courts generally do not interfere with state criminal warrants, the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971) recognizes an exception where the prosecution is brought in bad faith or for the purpose of harassment. Under the standard set forth in Kugler v. Helfant, 421 U.S. 117 (1975), a prosecution is in 'bad faith' if it is initiated or maintained 'without a reasonable expectation of obtaining a valid conviction.'

In the instant case, any 'reasonable expectation' the State may have possessed regarding a conviction for theft expired as a matter of law on June 3, 2025. On that date, the record owner of the property in question, Lillene Ebanks the state's alledged "Victim", executed and recorded a sworn statement in the Montgomery County Public Records (Doc #2025055251)(See Exhibit B: Ebanks Affidavit),. In this sworn instrument, the purported 'victim' of the alleged theft explicitly stated that the March 6, 2025, transfer was 'void by Statute of Frauds due to lack of consent,' and further declared that 'the notary stamp is fraud theft of my ID and is not my signature'. Furthermore, for the sake of county cloud (Not Title Discrepancy) on the title and to clear any ambiguity, I already relinquished any right that never vested to me back to the rightful owner upon discovering fraud in October of 2025 (See Exhibit D).

By the victim's sworn declaration, the State's own complaining witness has long since established that a valid transfer of title was a legal impossibility. Hennessy v. Blair, 107 Tex. 39, 173 S.W. 871 (1915), a forged deed is a nullity; therefore, no *actus reus* of 'appropriation' could have occurred. Defendants' refusal to dismiss this warrant—despite having multiple actual, constructive, and recorded notices of these dispositive jurisdictional defects since June 2025—is not a legitimate exercise of law enforcement. Rather, it is a 'harassing' use of the criminal process specifically designed to obstruct an ongoing civil

title dispute in the 284th Judicial District Court (Cause No. 26-02-02458)(See Exhibit C). By maintaining a warrant for theft predicated on a void ab initio deed and an active Civil Case, Defendants have created a 'Bar to Justice' that physically prevents Plaintiff from physically appearing before the Civil Clerk to confirm hearing dates for a Motion For Expedited Hearing to rectify this Civil matter currently filed with the 284th district court. Defendants have effectively shuttered the doors of the 284th Judicial District Court to the Plaintiff, rendering his right to petition for redress a 'meaningless formality' by threatening his physical liberty as a condition of his appearance. Christopher v. Harbury, 536 U.S. 403 (2002): The state may not "interfere with the efforts of effectively presenting a claim. This tactical use of a void warrant to 'handicap' a civil litigant constitutes a patently unconstitutional application of the theft statute, satisfying the *Younger* exception and necessitating immediate Federal intervention In addition, Boddie v. Connecticut, 401 U.S. 371 (1971) has long held Due Process prohibits the state from "preempting the right to dissolve [legal] relationships" by placing insurmountable barriers (in this case, the threat of unlawful arrest) in the path of the litigant.

By maintaining this "Damocles Sword," the Defendants are physically barring the Plaintiff from the jurisdiction necessary to attend hearings, meet with counsel, or provide testimony, thereby rendering the civil litigation a nullity. The warrant's impact on the Plaintiff's Maryland Bar admission and Alabama Department of Corrections employment triggers a Fourteenth Amendment violation. Schware v. Board of Bar Examiners, 353 U.S. 232 (1957): A state cannot exclude a person from the practice of law or any other occupation in a manner or for reasons that contravene the Due Process Clause. Board of Regents v. Roth, 408 U.S. 564 (1972): Where a state's action "imposed on [Plaintiff] a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities," a protected liberty interest is at stake.

Case No.

## II. JURISDICTION AND VENUE

Federal Question Jurisdiction: This action arises under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the United States. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. 5. Declaratory and Injunctive Relief: This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 65. 6. Venue: Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in Montgomery County, which is within this District, and the Defendants reside and perform their official duties herein.

## III. PARTIES

Plaintiff: Tre Christopher Roberts, LL.M., is a resident of Medellin, Colombia (currently subject to the "Constructive Exile" described herein), a U.S. citizen, and a Former US Army Veteran. 8. Defendant Montgomery County: A political subdivision of the State of Texas, liable under Monell v. Dept. of Social Services for policies, Legal Records, customs, and systemic technical obstructions. 9. Defendant Mike Holley: The District Attorney of Montgomery County, a final policymaker, sued in his individual and official capacity for the "Non-Delegable Duty" to ensure warrants are legally sound. 10.Defendant Richard Stein: A Detective with the Montgomery County Sheriff's Office. Defendant Stein is sued in his individual capacity. As the affiant of the underlying warrant, Stein acted under color of state law to deprive Plaintiff of his rights by swearing to an affidavit that omitted material legal facts to secure a theft warrant—specifically, that the underlying property instrument was a forgery and Void Ab Initio—thereby vitiating probable cause. Jamie Sulla Assistant District Attorney of Montgomery County, sued in her individual and official capacity for the personal "Non-Delegable Duty" to ensure warrants are legally sound and not to prosecute crime in bad faith.

Case No.

## IV. STATEMENT OF FACTS: THE LEGAL IMPOSSIBILITY

A. The Genesis of the "Paper Felony" 11.On or about September/ October 2025, Detective Richard Stein (Defendant) / MCSO applied for and secured Warrant No. 25-10-16082, alleging "Theft" of real property against Plaintiff. 12.The singular basis for "Probable Cause" in said warrant was a property deed involving Complainant Lillene Ebanks. However, the affidavit submitted to the Magistrate omitted the material, dispositive fact that the instrument was a forgery. B. The "Void Ab Initio" Status under Texas Law 13.Under the foundational principle established in Hennessy v. Blair, 173 S.W. 871 (Tex. 1915), a forged deed is an absolute nullity. It passes no title and is treated as if it never existed. 14.The Legal Impossibility: Texas Penal Code § 31.03 requires "unlawful appropriation." Since a forged deed conveys zero interest, no "appropriation" occurred as a matter of law. The property remained in the legal possession of the original owner. One cannot "steal" what the law says never moved. C. The "Actual Notice" and Technical Obstruction 15.Plaintiff further establishes that Defendants have been under 'Actual Notice' of the legal impossibility of the alleged 'theft' since at least June 3, 2025. On or about that date, the purported Complainant, Lillene Ebanks, personally filed formal documentation with Montgomery County confirming the subject deed was a forgery and a legal nullity, thereby explicitly denying the occurrence of any criminal appropriation. Despite this direct notice from the state's own complaining witness on file with the Montgomery County Clerk (See Exhibit B)—which effectively vitiated the actus reus of the charged offense—Defendants have persisted in the maintenance of Warrant No. 25-10- 16082. This continued enforcement, in the face of uncontroverted exculpatory evidence provided by the 'victim' herself, constitutes a reckless disregard for the truth under Franks v. Delaware and represents an arbitrary deprivation of liberty that shocks the conscience 16. The Custom of Systemic Information Mismanagement and Obstruction: Despite Plaintiff's diligent efforts to provide exculpatory evidence, Montgomery County's Information Technology (IT) infrastructure and administrative protocols (the 'Technical Obstruction') created a systemic 'Information Silo' that effectively suppressed

dispositive facts. This failure was twofold: first, the County's interfaces repeatedly rejected Plaintiff's attempts to electronically file the June 3, 2025, Ebanks Affidavit and the October 2025 Reversal Deed into the criminal warrant case record. Second, the County maintained a custom of Information Decoupling, where exculpatory instruments already accepted and recorded in the Montgomery County Official Public Records (See Exhibit B, Doc #2025055251) were not shared with, or were intentionally ignored by, the Sheriff's Office and District Attorney's Office as evidenced by the active unlawful warrant.

This persistent 'IT Filter or function'—which facilitates the seamless processing of incriminating warrant applications while obstructing the integration of exculpatory public records—demonstrates a 'custom and practice' with displayed patterns of Deliberate Indifference to constitutional safeguards. By maintaining an infrastructure that silences a *pro se* litigant's attempts to present a *Franks v. Delaware* challenge and fails to reconcile criminal warrants with known, recorded property nullities, Montgomery County has adopted an unwritten policy of administrative exclusion. This systemic mismanagement directly facilitated Plaintiff's current 'Constructive Exile' and represents a total failure to train and supervise personnel in the mandatory requirements of the Michael Morton Act and the Fourteenth Amendment, satisfying the requirements for municipal liability under Monell v. Dept. of Social Services.

## V. CAUSES OF ACTION

COUNT I: Violation of the Fourth Amendment (42 U.S.C. § 1983) Against Detective Richard Stein, MCSO, Sheriff Doolittle (The Franks/Malley Violation) and Montgomery County 17.Plaintiff incorporates all prior paragraphs. Under Franks v. Delaware, a warrant is void if the affiant recklessly omitted material exculpatory evidence that was public information and readily available. Detective Stein / MCSO omitted the Void Ab Initio status of the deed and the Complainant's subsequent denial of theft.

Case No.

18.Under the "Corrected Affidavit" test applied in the Fifth Circuit, once the fact of the forged/void deed is inserted, the affidavit fails to establish a prima facie case for theft. No "reasonably trained officer" (Malley v. Briggs) would have applied for and actively maintain a warrant for a crime that is a legal impossibility known to the county since June 2025, before the warrant was filed.

COUNT II: Violation of the Fourteenth Amendment (Substantive Due Process) Against Defendants Ligon and Henderson (The Schware/Professional Liberty Violation) 19.The maintenance of a warrant known to be predicated on a nullity "shocks the conscience." Under Schware v. Board of Bar Examiners, the State cannot arbitrarily interfere with a citizen's right to pursue a profession (the Maryland Bar and Alabama DOC). 20.Defendants DA Holley and ADA Sulla have a "Non-Delegable Duty" to recall warrants immediately once they are informed of a total failure of probable cause. Their failure to act immediately or even expeditiously constitutes a "Substantive Due Process" violation, as it arbitrarily perpetuates the continued deprivation of the Plaintiff of his liberty, career trajectory and ability to return to the United States Of America as a law abiding citizen.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tre Christopher Roberts, LL.M., respectfully demands that this Court enter judgment against Defendants, jointly and severally, as follows: a. Emergency Declaratory and Injunctive Relief: 1. Issue an Emergency Temporary Restraining Order and subsequent Preliminary and Permanent Injunction enjoining Defendants from enforcing, executing, or maintaining Warrant No. 25-10-16082 in any state or national database; 2. Issue a Mandatory Injunction requiring Defendants to immediately file an "Agreed Motion to Quash" in the Montgomery County court of record, stipulating to the legal nullity of the underlying instrument. b. Declaratory Judgment: Issue a Declaratory Judgment that the initiation and maintenance of a felony warrant predicated on a deed that is Void Ab Initio violates the Fourth and Fourteenth Amendments and constitutes a Bad Faith Prosecution designed to facilitate Official

Case No.

Oppression. c. Compensatory and Special Damages: Award Compensatory Damages against all Defendants for the intentional deprivation of Plaintiff's liberty and property interests, including but not limited to: 1. Out-of-Pocket Economic Loss: Full reimbursement for all costs associated with Plaintiff's five month Constructive Exile in Medellin, Colombia, including housing, subsistence, and international administrative fees; 2. Lost Professional Opportunity: Damages for the Loss of Career Advancement resulting from Plaintiff's inability to sit for the February 2026 Maryland Bar Exam and the forced forfeiture of his Alabama Department of Corrections academy start date; 3. Lost Wages: Damages for the total loss of income and employment benefits from October 2025 to the present. d.Punitive Damages: Plaintiff seeks an award of punitive damages against Defendants Montgomery County, DA Holley, Sheriff Doolittle, and Det. Stein in their individual capacities. The Defendants' continued enforcement of Warrant No. 25-10-16082—despite the county having 'Actual Notice' of their complainants Affidavit on record in June of 2025 and the void ab initio status (Hennessy v. Blair, 173 S.W. 871 (Tex. 1915)) of the underlying property instrument— this transcends mere negligence and constitutes a malicious and callous indifference to Plaintiff's clearly established constitutional rights. By knowingly maintaining a felony warrant predicated upon a legal nullity, thereby trapping a U.S. Army Veteran in a state of 'Constructive Exile' in a foreign country and causing the imminent destruction of his professional candidacy, Defendants have engaged in conduct that is arbitrary, oppressive, and shocks the conscience. Such a flagrant abuse of the criminal process warrants the imposition of punitive damages to punish this specific misconduct and to deter future officials from utilizing the machinery of the state to enforce non-existent crimes.

e. Fees and Costs: Award Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988, as well as all costs of court. f. Equitable Restoration: Grant an Order of Expunction requiring the permanent destruction of all records related to this "Paper Felony" to prevent further interference with Plaintiff's July 2026 Maryland Bar Exam candidacy and future law enforcement credentials. g. General Relief: Grant all other relief, at

law or in equity, to which Plaintiff may be justly entitled or as the court deems applicable. Respectfully submitted,

Respectfully Submitted,

/S/ Tre Christopher Roberts, LL.M.

**Date : 2/18/2026**