UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tre Christopher Roberts, *Plaintiff,* | § § § | |
| v. | § § | Civil Action No.: 4:26-cv-01389 |
| Montgomery County, MCSO, Det. Richard Stein, Mike Holley, Jamie Sulla, Does 1-10, *Defendants.* | § § § § | |

DEFENDANTS JAMIE SULLA, MIKE HOLLEY, RICHARD STEIN AND MONTGOMERY COUNTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE GEORGE C. HANKS:

Defendants Jamie Sulla, Mike Holley, Richard Stein and Montgomery County (hereafter collectively referred to as "MOCO") file their *Motion to Dismiss this Case for Failure to State a Claim Upon Which Relief can be Granted*, in *lieu* of filing an answer.

TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS .......... 2

ISSUES PRESENTED .......... 3

FACTS NECESSARY FOR RESOLUTION OF THIS MOTION .......... 3

*Facts alleged in the Complaint:* .......... 3

*Facts available from documents entitled to judicial notice:* .......... 4

STANDARD OF REVIEW .......... 4

*12(b)(6) Standard of review generally* .......... 4

*The Court may take judicial notice of facts to resolve a 12(b)(6) motion* .......... 5

SUMMARY .......... 6

ARGUMENT .......... 7

**Issue 1:** The District Attorney and Assistant District Attorney are entitled to absolute immunity from this suit. .......... 7

**Issue 2:** The *Younger* Abstention doctrine bars Roberts' desired injunctive relief. .......... 8

**Issue 3:** Third party intermediary breaks the chain of causation cutting off any potential liability of the Defendants. .......... 9

**Issue 4:** Roberts has failed to allege a claim sufficient to overcome Stein's qualified immunity. .......... 10

*Robert's allegations:* .......... 10

*The Fourth Amendment standard:* .......... 11

*Roberts cannot identify any clearly established law which was violated by Stein* .......... 14

**Issue 5:** Roberts has failed to allege a valid claim against Montgomery County. .......... 15

*Roberts has not identified a policy maker* .......... 16

*Roberts did not plausibly allege the existence of an official policy or persistent widespread practice.* .......... 17

*Roberts has failed to allege a failure-to-train claim* .......... 19

*Roberts is not entitled to declaratory relief.* .......... 20

*Roberts is not entitled to injunctive relief.* .......... 20

CONCLUSION .......... 21

PRAYER .......... 21

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed this suit on February 20, 2026. Defendant Sulla executed a Waiver of Service of a Summons *via* the undersigned counsel per Plaintiff's request on March 12,

2026. The remaining MOCO Defendants were served on or about April 14, 2026. Defendants file this motion to dismiss in *lieu* of an answer.

## ISSUES PRESENTED

**<u>Issue 1</u>:** Whether the District Attorney and Assistant District Attorney are entitled to absolute immunity from this suit.

**<u>Issue 2</u>:** Whether the *Younger* Abstention doctrine bars Roberts' desired injunctive relief.

**<u>Issue 3</u>:** Whether the grand jury's indictments, magistrate judge's order, and District Attorney's bringing of charges against Roberts breaks the chain of causation under the third party intermediary doctrine.

**<u>Issue 4:</u>** Whether Roberts has alleged a violation sufficient to overcome Richard Stein's qualified immunity.

**<u>Issue 5:</u>** Whether Roberts has alleged a valid claim against Montgomery County.

## FACTS NECESSARY FOR RESOLUTION OF THIS MOTION

***Facts alleged in the Complaint:***

1. Roberts is/was wanted on a felony warrant, no. 25-10-16082, which he attached as "exhibit A." *Doc. 1 at pg. 3 ln. l.*

2. The victim of Roberts' crime believes the transfer of property to Roberts (the crime) was "void by Statute of Frauds due to lack of consent" and because her signature on the document that purported to transfer the property to Roberts was forged. *Doc. 1 at pg. 3 lns. 11-19*. Roberts concludes he did not commit the crime of theft because his attempt to use the document containing the forged signature was not a valid transfer of title. *Doc. 1 at pg. 3 lns. 22-25.*

3. Richard Stein applied for and secured a warrant for the arrest of Roberts for theft. *Id. at pg. 6 lns. 2-3*.

4. The basis for the probable cause for the warrant was the deed involving Lillene Ebanks. *Id. at pg. 6 lns 5-7*.

5. The deed was a forgery. *Id. at pg. 6 lns. 6-7*.

6. Lillene Ebanks filed documentation confirming the subject deed was a forgery. *Id. at pg. 6 lns. 15-17*.

***Facts available from documents entitled to judicial notice:***

7. In *The State of Texas v. Christopher Tre Roberts*, Cause No. 25-10-16082-CR, a Grand Jury indicted Roberts for felony theft in the amount of $300,000.00 or more from Lillene Ebanks, an elderly individual. *Ex. 1*.

8. In *The State of Texas v. Tre Christopher Roberts*, Cause No. 26-03-05426-CR, a Grand Jury indicted Roberts for felony forgery of Lillene Ebanks, an elderly individual 65 years of age or older. *Ex. 2*.

9. An affidavit for warrant of arrest of Roberts for Theft was signed by a magistrate judge on September 30, 2025. *Ex.* 3.

10. An arrest warrant was issued on April 1, 2026, for Roberts out of the 9th Judicial District Court based on his indictment for forgery. *Ex. 4*.

## STANDARD OF REVIEW

*12(b)(6) Standard of review generally*

A motion to dismiss for failure to state a claim should be granted when the claimants fail to demonstrate they can prove any facts which would entitle them to relief. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir.1996). The complaint must be liberally construed in the claimants' favor and all factual allegations taken as true. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir.1993). However, "[t]he court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save the complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1996). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed. 2d (2009) (citing FED. RULE CIV. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). The Court may first determine which facts are entitled to the assumption of truth, and then consider whether those facts plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 680. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusion." *Id.* at 678. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal citations omitted).

*The Court may take judicial notice of facts to resolve a 12(b)(6) motion*

The Court may take judicial notice of facts at the pleadings stage, the dispositive nature of the adjudicative facts in this case and the resulting positive effect on judicial economy warrant the Court taking judicial notice of prior adjudicated facts. *See Cinel v. Connick*, 15 F.3d 1338, 1343 N.6 (5th Cir. 1994). (It is proper to take judicial notice of matters of public record when deciding 12(b)(6) motions.) *and Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (It is proper to take judicial notice of a state court summary judgment in deciding a 12(b)(6) motion). The adjudicative facts in this case are the facts of the proceedings in the state court (as alleged by Plaintiff in his Complaint), the warrants approved by the State Court Judge, (*Ex. 3 & 4*) and the indictments of Roberts (*Ex. 1 & 2*).

**SUMMARY**

Mr. Roberts argues that because he forged a deed, that deed is a nullity, which in turn negates the deed, which means he cannot be charged with theft. He brings this suit against individual defendants in their capacities as a Deputy, an Assistant District Attorney of Montgomery County, and the Elected District Attorney for their involvement in charging Roberts with Theft.

The claims against Holley and Sulla are barred by absolute prosecutorial immunity. The claims against Stein are barred by qualified immunity. The claims against the County fail to allege municipal liability under *Monell* and should be dismissed.

For the underlying criminal case, Roberts has been indicted for forgery of a financial instrument, which is currently pending. This Court should abstain from interfering with the underlying state criminal case.

The indictments bar Robert's claims because they break the causal chain under the third party intermediary doctrine.

The claims against Detective Stein should be dismissed because obtaining an arrest warrant for Roberts for his role in attempting to steal property from an elderly victim did not violate Roberts' Constitutional Rights or clearly established law.

## ARGUMENT

**Issue 1: The District Attorney and Assistant District Attorney are entitled to absolute immunity from this suit.**

Roberts filed suit against the Montgomery County District Attorney Mike Holley and Assistant District Attorney Jamie Sulla. *Doc. 1 at pg. 5, ln*s 16-18 *and 24-26*. Even if the Court assumes that Roberts stated facts sufficient to state an actionable claim against either prosecutor, which he did not, both are entitled to absolute prosecutorial immunity from all claims. *Marrero v. City of Hialeah,* 625 F.2d 499, 503-07 (5th Cir.1980) *cert. denied* 450 U.S. 913 (1981) (citing *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case was absolutely immune from civil suit for damages for alleged deprivations of the accused's constitutional rights, even if a genuinely wronged defendant is left without civil redress). Absolute immunity applies even if the prosecutor knowingly uses "perjured testimony and the withholding of exculpatory information." *Rykers v. Alford,* 832 F.2d 895, 897 (5th Cir.1987) (citations omitted).

All of Roberts' claims against the Prosecutors fall squarely into their role in initiating charges and prosecution of the case. See, *e.g., Doc. 1 at pgs. 5 and 8.* Consequently, the claims against Holley and Sulla are barred by absolutely immunity and should be dismissed.

**Issue 2: The *Younger* Abstention doctrine bars Roberts' desired injunctive relief.**

On March 31, 2026, a Grand Jury indicted Roberts for felony forgery based on the quitclaim deed attached to the Complaint. *Doc. 1-2 at pgs. 12-13* and *Ex. 2.* A *Capias* was issued out of the 9th Judicial District Court for Roberts' arrest for the forgery offense. *Ex. 4*. Roberts' allegations all stem from these live charges against him.

The United States Supreme Court held that federal courts are required to refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 756, 27 L.Ed.2d 669 (1971); see also *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 518 (5th Cir.2004).

Because Plaintiff initiated this case contesting his prosecution for the same criminal activity for which he is currently charged, albeit a different charge (forgery as opposed to the original theft charge), he must show that he has no adequate remedy at law, and that he will suffer irreparable harm if this Court does not intervene. See *Younger*, 401 U.S. at 43-44. The irreparable harm prong precludes Plaintiff's claim because what he complains of is merely incidental to all criminal prosecutions. *Id.* at 47 (citing *Douglas v. City of Jeannette*, 319 U.S. 157, 164, 63 S.Ct. 877, 87 L.Ed.1324 (1943)). This Court should apply

the *Younger* doctrine and abstain from hearing Plaintiff's request for injunctive relief because Plaintiff has an adequate remedy at law and will not suffer irreparable injury if denied the requested equitable relief.

**<u>Issue 3</u>: Third party intermediary breaks the chain of causation cutting off any potential liability of the Defendants.**

Lack of probable cause is essential to Plaintiff's unreasonable seizure claims. *Cuadra v. Houston Independent School Dist.*, 626 F.3d 808, 813 (5th Cir.2010). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id. citing United States v. McCowan*, 469 F.3d 386, 390 (5th Cir.2006).

This circuit has held once "facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Id. citing Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994) (*overruled on other grounds by Castellano v. Fragozo,* 352 F.3d 939, 949 (5th Cir.2003) (citing *Wheeler v. Cosden Oil & Chem. Co.*, 744 F.2d 1131, 1132 (5th Cir. 1984)). The District Attorney also qualifies as an independent intermediary. *Cuadra* at 813.

"However, the chain of causation remains intact if 'it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Cuadra* at 813 citing *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir.1988). "[T]he chain of causation is broken only where all the facts are presented to the grand jury, or

other independent intermediary where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary." *Id. citing Hand* at 1428. Plaintiff must demonstrate "that the defendants 'knowingly withheld' material facts from the three intermediaries involved in this case." *Allen v. Jackson County, Miss.*, 623 Fed.Appx.161, 162 (5th Cir.2015) (not selected for publication) *citing Cuadra* at 813-14.

Here, the independent intermediaries included a Grand Jury (theft indictment *Ex. 1*), a magistrate judge (arrest warrant probable cause *Ex. 3*), the District Attorney (charging decision), and a second Grand Jury (forgery indictment *Ex. 2)*. These acts break causation and preclude Plaintiff's § 1983 and Fourth Amendment claims.

As explained in "*Stein did not omit material exculpatory evidence from the affidavit for a warrant", infra,* Stein did not misrepresent or omit material exculpatory evidence from the warrant affidavit.

Because the Third-Party Intermediary doctrine breaks the chain of causation for all of Roberts' claims, this case should be dismissed.

**<u>Issue 4</u>: Roberts has failed to allege a claim sufficient to overcome Stein's qualified immunity.**

***Robert's allegations:***

Roberts alleges that Stein violated his Fourth Amendment rights by "omitting material exculpatory evidence that was public information and readily available." *Doc. 1 at pg. 7, lns. 23-28*. Roberts alleges that the warrant affidavit should have included language which stated the "Void Ab Initio status of the deed and the Complainant's

subsequent denial of theft." *Id. at lns. 27-28*. Roberts goes on to state that "no reasonable officer would have applied for and actively maintained a warrant for a crime that is a legal impossibility known to the county since June 2025, before the warrant was filed." *Id. at pg. 8 lns. 1-4.*

***The Fourth Amendment standard:***

The Fourth Amendment guarantees "the right of the people to be secure in their persons…against unreasonable searches and seizures…and [that] no warrants shall issue, but upon probable cause." *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019). The Supreme Court held an officer violates the Fourth Amendment if he deliberately or recklessly provides false information necessary to secure an arrest warrant. *Laviage v. Fite*, 47 F.4th 402, 406 (5th Cir.2022)(citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). For Roberts to prevail on this claim, he "must show that (1) the affidavit supporting the warrant contained false statements or material omissions; (2) the affiant made such false statements or omissions knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statements or material omissions were necessary to the finding of probable cause." *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir.2021). Roberts has failed to meet his burden, therefore qualified immunity applies.

***Stein is entitled to raise the Qualified Immunity defense:***

Detective Stein is entitled to raise immunity as a defense to Plaintiff's section 1983 claims. *Brown v. Glossip*, 878 F.2d 871, 873-74 (5th Cir.1989); *Jackson v. City of Beaumont Police Depart*., 958 F.2d 616, 620 (5th Cir.1992). "One of the principal purposes

of the qualified immunity doctrine is to shield officers not only from liability, but also from defending against a lawsuit." *Jackson*, 958 F.2d at 620 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 954 F.2d 1054, 1057 (5th Cir.1992)). "[Q]uestions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." *Jackson*, 958 F.2d at 620 (quoting *James v. Sadler*, 909 F.2d 834, 838 (5th Cir.1990)).

In the Fifth Circuit, the well-established standards for analyzing qualified immunity are:

> The qualified immunity defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). A court may rely on either prong of the defense in its analysis. *Id*.

*Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir.2010).

***Stein did not violate Roberts' Constitutional right:***

<u>*Stein did not omit material exculpatory evidence from the affidavit for a warrant:*</u>

Roberts' allegation that Stein "omitted the Void Ab Initio status of the deed" was a material omission is incorrect. *Doc. 1 at pg. 7, lns. 25-28*. First, you would have to accept Roberts' premise that because the quitclaim deed ("the deed") was fraudulent, he had *carte blanch* to attempt to swindle Ms. Ebanks out of her property. Robert's analysis is similar to a counterfeiter who prints fake money, attempts to use it at the store, and when caught argues that because the money had no value, he didn't commit a crime. Roberts' premise is likewise flawed. Second, the fraudulent faults in the deed were made known to the judge who signed the warrant. The affidavit for the warrant clearly states that Ms. Ebanks did not

authorize the quitclaim deeds and that the notary stamp and seal on the deeds were fraudulent. *Ex. 3*. (Affidavit for warrant). Lastly, Roberts' allegation that "the Complainant's subsequent denial of theft" was omitted by Stein from the affidavit." *Doc. 1 at pg. 7, lns. 19-20 and 27-28*. Roberts bases this allegation on the email he attached from Ms. Ebanks, where she confirms that the quitclaim deed was void due to her name being forged onto it. *Doc. 1-2 pgs. 27-28*. Roberts mischaracterizes the statements made by Ms. Ebanks, as she never denied that a theft took place, in fact her email (attached to the Complaint) confirms that she "did not consent and the notary stamp is fraud theft of my ID and is not my signature." *Doc. 1-2 at pg. 28*.

Roberts has failed to plausibly allege that Stein knowingly, intentionally, or recklessly made false statements or omissions material to probable cause. Therefore Stein is entitled to qualified immunity.

*Probable cause for forgery was sufficient to support the warrant issued for Robert's arrest:*

Based on the facts known by Stein and stated in the affidavit, there was at least arguable probable cause for a reasonable officer to believe that Roberts committed forgery of a financial instrument. TEX. PEN. CODE 32.21(e-2) (forgery of financial instrument).

Detective Stein's subjective intent regarding which offense there was probable cause to believe Roberts committed is not relevant. See *Devenpeck v. Alford*, 543 U.S. 146, 153-54, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) (an arrest is not a violation of the 4th Amendment if objective facts provide *probable cause* for any offense that could have been charged, even if the officer did not subjectively intend to charge that offense). Therefore,

if the facts of this case, viewed objectively, support a reasonable belief that the Roberts committed either theft or forgery based on the same underlying facts, there was probable cause to arrest Roberts even if Stein subjectively believed Roberts committed the other offense.

*Stein is entitled to immunity even if he was mistaken about the existence of probable cause for theft:*

Even absent actual probable cause for theft, officers are entitled to qualified immunity if they reasonably but mistakenly conclude that probable cause was present. *Dist. of Columbia v. Wesby*, 583 U.S. 48, 65, 138 S. Ct. 577, 591, 199 L. Ed. 2d 453 (2018) (alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)) ; *Bailey v. Ramos*, 125 F.4th 667, 678 (5th Cir. 2025)(Court found that because officer would have reasonably, even if mistakenly, believed that he had probable cause to arrest suspect for interference with public duty, the officer was entitled to qualified immunity as to the unlawful arrest). Here, the affidavit made clear that there was a forgery of the notary's signature and stamp as well as the signature for Ms. Ebanks. *Ex 3 at pgs. 1-2.*

***Roberts cannot identify any clearly established law which was violated by Stein***

The concept of 'clearly established' is central to qualified immunity. Roberts must establish, by considering each Defendants' actions separately, whether the Defendants are shielded by qualified immunity. For qualified immunity to be defeated, the constitutional right at issue must be clearly established at the time of arrest. To be clearly established, there must be existing precedent which must place the constitutional question "beyond

debate" in the specific context of the case. *Perry v. Mendoza*, 83 F.4th 313, 319 (5th Cir.2023). Further, when evaluating qualified immunity, the court looks for "precedent [that] squarely governs the specific facts at issue." *Id*. Roberts has failed to allege a clearly established right which was violated by Stein.

**<u>Issue 5</u>: Roberts has failed to allege a valid claim against Montgomery County.**

For Roberts to bring this action against Montgomery County, he must first establish municipal liability. The required elements to impose municipal liability upon a government entity under section 1983 are (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "In order for a municipality to have liability to a plaintiff, the municipality must itself cause the constitutional violation at issue." *Monell*, 436 U.S. at 690-91. To establish liability, a plaintiff must either identify "a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* Further, "[a]ctual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. This 'policy or custom' requirement extends to claims for injunctive and declaratory relief." *Robinson v. Hunt Cty.*, 921 F.3d 440, 447 (5th Cir.2019) (citing *Los Angeles County v. Humphries*, 562 U.S. 29, 31, 131 S.Ct. 447, 178 L.Ed.2d 460 (2010)).

Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir.2002). A municipality is not vicariously liable for the misconduct of its employees; it is liable only for its own misconduct. *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011).

***Roberts has not identified a policymaker***

Roberts has failed to identify a policymaker for his alleged violations. His conclusory assertions that "Montgomery County…liable under Monell v. Dept. of Social Services for policies, legal records, customs, and systemic technical obstructions" are insufficient to identify a policymaker. *Doc. 1 at pg. 5, lns. 15-16*. For purposes of municipal liability, Roberts must identify an official or governmental body "who speak[s] with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Bolton v. City of Dallas, Texas*, 541 F.3d 545, 548 (5th Cir.2008) (quoting *McMillian v. Monroe Cnty*., 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)). Whether an individual is a final policymaker for the county is a question of state law. *Bolton*, 541 F.3d at 548. Roberts alleges "Montgomery County" as the final policymaker for the policies and practices behind his alleged constitutional violations. *Doc. 1 at pg. 7, lns.14-15.* However, Roberts has failed to plausibly allege an individual or governmental body as a final policymaker for his alleged violations.

Roberts alleges that "Mike Holley: The District Attorney of Montgomery County, a final policymaker, sued in his individual and official capacity for the "Non-Delegable Duty" to ensure warrants are legally sound." *Id. at pg. 5, lns. 16-18*. The actions of a Texas district attorney "within the scope of his prosecutorial functions during criminal proceedings do not constitute official policy for which a county can be held liable." *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997). Therefore, the District Attorney is not a policymaker for the county as alleged.

***Roberts did not plausibly allege the existence of an official policy or persistent widespread practice.***

Roberts alleges that "Montgomery County has adopted an unwritten policy of administrative exclusion." *Doc. 1 at pg. 7, lns. 14-15*. Roberts has not identified a policy statement, ordinance, regulation or decision that was officially adopted and promulgated by Montgomery County. Therefore he must allege an official policy or custom by pointing to "a persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Pineda*, 291 F.3d at 328. Further, Roberts alleges no facts describing the content, scope, decision maker, or implementation of any administrative exclusion policy, his bare label is insufficient.

Roberts fails to allege a persistent, widespread custom or practice, rather than isolated or sporadic instances concerning only himself. *Doc. 1 at pgs. 6-7, lns. 24-7*. "Isolated violations are not persistent, often repeated, constant violations that constitute custom and policy as required for municipal section 1983 liability." *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 581 (5th Cir.2001). "A customary municipal policy cannot ordinarily be inferred from single constitutional violations." *Id*. Roberts has failed to show that similar acts have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct. To show a pattern, he must show "sufficiently numerous prior incidents," not "isolated instances." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989); See also *Pineda*, 291 F.3d 325 (Eleven incidents of warrantless entry did not support a pattern); *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 852 (5th Cir.2009) (Twenty-seven incidents of excessive force did not support a pattern to constitute a custom that represents municipal policy). The allegations made by Roberts, accepted as true, do not allege a persistent and widespread practice, as such he has failed to adequately allege an official policy under *Monell*.

*Roberts did not plausibly allege actual or constructive knowledge by a policymaker.*

Roberts' burden is to demonstrate actual or constructive knowledge of the policy-making official for the municipality. *Pineda*, 291 F.3d at 330. "Actual knowledge may be shown by such means as discussed at council meetings or receipt of written information. Constructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity." *Id*. Roberts' conclusory allegation of a "custom and practice" is insufficient to meet his burden. *Doc. 1 pg. 7, lns.*

*10-11*. Therefore Roberts has failed to show actual or constructive knowledge by the County.

***Roberts has failed to allege a failure-to-train claim***

Roberts alleges that "[t]his systemic mismanagement directly facilitated Plaintiff's current 'Constructive Exile' and represents a total failure to train and supervise personnel." *Id. at pg. 7, lns. 15-17*. For Roberts to state a failure-to-train claim, he must demonstrate that "(1) the municipality's training procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused the violations in question. *Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 170 (5th Cir.2010). "For liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Benavides v. Cty. Of Wilson*, 955 F.2d 968, 972 (5th Cir.1992). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 1391, 137 L. Ed. 2d 626 (1997). Roberts must show more than mere negligence. *Id.* at 407. Roberts must prove that the "identified deficiency in the training program" is closely related to the ultimate injury. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 379, 109 S. Ct. 1197, 1200, 103 L. Ed. 2d 412 (1989).

Roberts has initially failed to identify a policymaker to which a policy or program can be attributed. Second, Roberts does not allege a specific training program or how the program is defective, he does not allege that the policymaker was deliberately indifferent

in adopting its training program, and he does not allege that the inadequate training program directly caused the violation in question. Roberts has failed to allege a failure to train claim.

***Roberts is not entitled to declaratory relief.***

Roberts seeks declaratory relief. *Doc. 1 at pg. 8, lns. 19-20.* The Court should deny his request for declaratory relief. The Declaratory Judgment Act does not create a federal cause of action. *Harris Cty., Tex. v. MERSCORP, Inc.*, 791 F.3d 545, 552 (5th Cir.2015). Rather, that statute enlarges the remedies available in federal court, but a plaintiff must first have a valid, independent cause of action supporting federal jurisdiction. *Id*. "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas County*, 805 F.Supp.2d 322, 339 (S.D. Tex.2011) (citation omitted).

As argued herein, Roberts does not have a valid substantive claim in this Court and he is not entitled to declaratory relief.

***Roberts is not entitled to injunctive relief.***

Roberts is not entitled to injunctive relief because he fails to meet the necessary legal standards. Roberts has not shown a substantial likelihood of success on the merits of his claims; he has not demonstrated a substantial threat of irreparable harm; and he has not shown that the balance of harms or public interest favors granting an injunction. As shown above, the claims lack sufficient factual support and are subject to dismissal. Without a

viable underlying claim, injunctive relief cannot be granted. *Davis v. Tarrant County*, 565 F.3d 214, 288 (5th Cir.2009).

## CONCLUSION

Roberts' complaint fails to state a claim upon which relief can be granted because the claims against the prosecutors are barred by absolute immunity, the claims against Stein are barred by qualified immunity, the third-party intermediary doctrine severs causation, and the allegations against the County are insufficient to plausibly allege municipal liability. Additionally, to the extent Roberts seeks equitable relief related to his pending state criminal proceedings, *Younger* abstention warrants dismissal of those requests. Given these independent and dispositive deficiencies, amendment would be futile and dismissal with prejudice is appropriate.

## PRAYER

The Defendants pray this Court dismiss this case for failure to state a claim with prejudice and deny all requests for declaratory and injunctive relief as unsupported and barred. The Defendants pray for all other relief to which they may be entitled.

Respectfully submitted,

BY: s/ Adam Anderson
Adam Anderson
Assistant County Attorney
Texas Bar No. 24090780
Federal ID No. 2914958
adam.anderson@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone: (936) 539-7828
Facsimile: (936) 538-8079

ATTORNEY FOR
MONTGOMERY COUNTY
DEFENDANTS

**CERTIFICATE OF CONFERENCE**

I emailed Roberts on April 29, 2026, to conference with regard to the motion to dismiss.

s/ Adam Anderson

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Tre Christopher Roberts
Chrisrobertslawesq@gmail.com

s/ Adam Anderson__________