# Exhibit A

DOC #2025022380

# QUIT CLAIM DEED

This Quit Claim Deed is made on March 06, 2025, by and between Lillene Christy East Bank - Lillene Christy Ebanks, whose address is 28141 FM 1485 Rd, New Caney TX 77357, and Tre Christopher Roberts, whose address is 525 Broadway Apt 1039, Santa Monica CA 90401.

## 1. Transfer of Property

For valuable consideration, the Grantor(s) hereby transfer(s) and release(s) to the Grantee(s) all of the Grantor(s)' rights, title, and interest in the following property located in the State of Texas: 22342 Curly Maple Dr, New Caney TX 77357 Sec 6, BLOCK 2, Lot 11 Pinewood at Grand Texas

## 2. No Guarantees

This transfer is made without any promises or guarantees about the title, condition, or any claims or liens on the property.

## 3. Applicable Laws

This deed is governed by the laws of the State of Texas for matters related to the property and by the laws of the Commonwealth of Virginia for the execution and notarization of this document.

## 4. Signing and Notarization

This deed is signed in the Commonwealth of Virginia and will be notarized according to Virginia law. No witnesses are required.

**Grantor(s):**
Lillene Christy East Bank (Lillene Christy Ebanks)
Lillene Ebanks

**Grantee(s):**
Tre Christopher Roberts

**NOTARY ACKNOWLEDGMENT**

Commonwealth of Virginia
County/City of Williamburg

On this 6th day of March, 2025, before me, a notary public, personally appeared Lillene Christy Ebanks, who is known to me (or proved to me with satisfactory evidence) to be the person(s) who signed this document and acknowledged that they did so voluntarily for the purposes stated in it.

**Notary Public:** S Dixon

Sharon Dixon
My Commission Expires: 04/30/2028
Notary Registration Number: 7902482
(See Attached)

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of VIRGINIA )
County of WILLIAMSBURG )

On March 6, 2025 before me, Sharon Dixon, a Notary Public, personally appeared Lillene Christy East Bank (Lillene Christy Ebanks), who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ VIRGINIA SD that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(seal) Signature SDixon

SHARON DIXON
Electronic Notary Public
Commonwealth of Virginia
Commission #: 7902482
Commission Expires: 04/30/2028

# Exhibit B

Gmail **Christopher Law <chrisrobertslawesq@gmail.com>**

## Owner Address Change - Tre Christopher Roberts - Account 0079870605200

**Christopher Law** <chrisrobertslawesq@gmail.com> Thu, Oct 2, 2025 at 7:45 AM
To: Ownership Change <ownershipchange@mcad-tx.org>

Hello Stephanie,

I recently discovered some alarming/ disturbing news. As Such, the ownership of this property file should be rectified ASAP. Please see the attachments. The mailed paperwork reflecting actual (current) ownership and proof of identity are already in the mail on the way to Montgomery County.

Best Regards,

Chris
[Quoted text hidden]

---

**QuitClaimdeed.pdf**
493K

Gmail

Christopher Law <chrisrobertslawesq@gmail.com>

# Owner Address Change - Tre Christopher Roberts - Account 0079870605200

**Christopher Law** <chrisrobertslawesq@gmail.com> Thu, Oct 2, 2025 at 3:00 PM
To: countyclerk@mctx.org

Clerk,

Please see the email thread below

The deed and the payment for this property has been sent should be received by 10/09/2025. The deed should arrive on the 10/06 and the payment will arrive cashiers check separately by 10/09. Also, in abundance of caution the notarized deed is attached to this email.

Best Regards,
Chris

Begin forwarded message:

> **From:** Christopher Law <chrisrobertslawesq@gmail.com>
> **Date:** October 2, 2025 at 7:45:23 AM GMT-5
> **To:** Ownership Change <ownershipchange@mcad-tx.org>
> **Subject: Re: Owner Address Change - Tre Christopher Roberts - Account 0079870**
>
> Hello Stephanie,
>
> I recently discovered some alarming/ disturbing news. As Such, the ownership of this property file should be rectified ASAP. Please see the attachments. The mailed paperwork reflecting actual (current) ownership and proof of identity are already in the mail on the way to Montgomery County.
>
> Best Regards,
>
> Chris
>
> On Fri, May 9, 2025 at 12:34 PM Ownership Change <ownershipchange@mcad-tx.org> wrote:
>
> > Good afternoon,
> >
> > I have updated your address as per your request. Have a great day!!
> >
> > Stephanie Bush, GIS/Mapping
> >
> > Montgomery Central Appraisal District
> >
> > 936-521-8833
> >
> > ***M**otivated, **C**redible, **A**ccountable and **D**ependable*
> >
> > [Quoted text hidden]

**2 attachments**

**image001.png**
256K

**QuitClaimdeed.pdf**
493K

# Exhibit C

BRIAN FOLEY LAW PLLC

412 W. Phillips St. Ste 125
Conroe, Texas 77301

# GRAND JURY PRESENTATION FOR TRE ROBERTS

Tre Roberts has been accused of Theft of Property >= $150,000 < $300,000. This is a case of mistake where Mr. Roberts has been trying to clear up the misunderstanding for several months. Mr. Roberts had no intention to steal anything nor does he wish to keep the property.

In March 2025, Mr. Roberts went on a vacation to Europe with his then-girlfriend, Christina Laugere. While on this vacation, Ms. Laugere told Mr. Roberts that her family owned several properties and wanted to start up an Air BnB business with some of them. She said that they would need to transfer ownership of some of the properties to her so that she could run the business. She asked him to embark on this new business venture with him, and he agreed. Ms. Laugere is a licensed real estate agent in Texas, so she said that she could handle the paperwork for the property transfers.

Within 24 hours of returning to California, where both Mr. Roberts and Ms. Laugere lived at the time, she booked 2 round trip tickets to Texas for them to complete the property transfers. They drove to the county office where they completed all necessary documents for the transfer of 2 different properties both owned by Ms. Laugere's aunt, Lillene Ebanks. Ms. Laugere transferred one property to herself and one to Mr. Roberts. Mr. Roberts had no reason to think that the documents were forged or falsified or that Ms. Ebanks didn't consent to the property transfers. He was told that these transfers were being done as gifts to help with this business venture. They flew back to California promptly.

In May 2025, Ms. Laugere and Mr. Roberts broke up for unrelated reasons. This was not a cordial break up, so both did not speak afterwards. He has not spoken to Ms. Laugere since then.

BRIAN FOLEY LAW PLLC

412 W. Phillips St. Ste 125
Conroe, Texas 77301

In October 2025, Mr. Roberts received a voicemail stating that there was a detective who wanted to speak with him about this property transfer. The detective said that this was a fraudulent transfer. Mr. Roberts, upon learning that the transfer was fraudulent, immediately files a quit claim deed and sent several emails to the county renouncing all ownership of the property and asking that it be restore to Ms. Ebanks. Mr. Roberts is adamant that there was a Mistake of Fact, and he had no criminal intent to deprive Ms. Ebanks of her property ownership.

Mr. Roberts is a law-abiding citizen who has never set foot on the property or in Texas since May 2025. He is businessman and has no interest in owning this property. He asserts that this was a scheme developed by Ms. Laugere to defraud her aunt, Lillene Ebanks, of her property where he had no knowledge that this wasn't a legitimate gift transfer. He believed Ms. Laugere that the family was in agreement to transfer several properties to allow her to start her Air BnB business.

The following facts are relevant to this matter:

- Mr. Roberts operated under a Mistake of Fact in thinking that the transfer of property was a legitimate gift from Lillene Ebanks to him to help her niece start her business.

- Mr. Roberts has filed a Quitclaim Deed to return the ownership of the property to Ms. Ebanks.

- Ms. Laugere is the guilty party here who knew what she was doing was illegal and without consent.

The circumstances presented fail to meet the threshold for an indictment of Tre Roberts.

# Exhibit D

**Quit Claim Deed**

**Date of Deed:** 10/02/2025

**1. Parties**

This Quit Claim Deed is made by and between the following parties:

- **Grantor (Releasing Interest): Tre Christopher Roberts**
  - **Address:** 1201 N Catalina, Redondo Beach, CA 90277
- **Grantee (Receiving Interest Back): Lillene Christy Ebanks**
  - **Address:** 28141 FM 1485 Rd, New Caney, TX 77357

## 2. Property Description

For the valuable consideration of rectifying an erroneous transfer, the Grantor, Tre Christopher Roberts, hereby transfers and forever quitclaims to the Grantee, Lillene Christy Ebanks, all of the Grantor's right, title, and interest in the following described property located in the County of **Montgomery**, State of **Texas**:

- **Property Address:** 22342 Curly Maple Dr, New Caney, TX 77357
- **Legal Description:** Sec 6, BLOCK 2, Lot 11 Pinewood at Grand Texas
- **Document History:** This property was originally conveyed to the Grantor by a Quit Claim Deed dated March 06, 2025, and recorded in Montgomery County, Texas, under Document No. 2025022380.

## 3. Statement of Purpose and Release of Liability

This conveyance is explicitly made by the Grantor to **reverse the previous transfer** and restore all interest in the property to the Grantee. The Grantor (Tre Christopher Roberts) makes this transfer to rectify a situation wherein the Grantee (Lillene Christy Ebanks) was scammed in the original transaction. By executing this deed, the Grantor conveys any and all right, title, and interest the Grantor may have in the property back to the Grantee,

**without any covenants or guarantees of title.**

---

4. **WHEREAS,** Lillene Christy Ebanks (hereinafter "Original Owner/Grantee") was the owner of the property described herein;

**WHEREAS,** on or about March 6, 2025, a prior Quit Claim Deed was executed and recorded in the Official Public Records of Montgomery County, Texas, under Document No. 2025022380, which purported to convey the property to Tre Christopher Roberts (hereinafter "Grantor");

**WHEREAS,** the Original Owner/Grantee was the victim of a fraudulent scheme or scam, which resulted in the execution of the aforesaid Quit Claim Deed;

**WHEREAS,** the Grantor was recently made aware of the fraudulent nature of the original transaction subsequent to its conclusion and has determined that the intent of the parties at the time of the original execution was based on a misrepresentation and/or fraud;

**WHEREAS,** the Grantor and the Original Owner/Grantee have an intent to rectify and unwind the prior transfer of record, returning the property to the Original Owner/Grantee and releasing the Grantor from any liability or claim related to the property;

**NOW, THEREFORE,** in consideration of the premises and valuable consideration, the Grantor hereby executes this Quit Claim Deed to effectuate the reversal of the erroneous transfer and restore the property to the Original Owner/Grantee.

---

*Tre Christopher Roberts*

**X /S/ Tre Christopher Roberts**

**Date : 10/02/2025**

State of Texas

County of Harris

Sworn to and subscribed before me

on 10/02/2025 by Tre Christopher Roberts.

NOTARY PUBLIC STATE OF TEXAS

Merryessa Johnese

ID NUMBER
135512375
COMMISSION EXPIRES
April 24, 2029

[signature]

Electronically signed and notarized online using the Proof platform.

# Exhibit E

Gmail

Christopher Law <chrisrobertslawesq@gmail.com>

## Owner Address Change - Tre Christopher Roberts - Account 0079870605200

**Christopher Law** <chrisrobertslawesq@gmail.com> Thu, Oct 2, 2025 at 3:00 PM
To: countyclerk@mctx.org

Clerk,

Please see the email thread below

The deed and the payment for this property has been sent should be received by 10/09/2025. The deed should arrive on the 10/06 and the payment will arrive cashiers check separately by 10/09. Also, in abundance of caution the notarized deed is attached to this email.

Best Regards,
Chris

Begin forwarded message:

> **From:** Christopher Law <chrisrobertslawesq@gmail.com>
> **Date:** October 2, 2025 at 7:45:23 AM GMT-5
> **To:** Ownership Change <ownershipchange@mcad-tx.org>
> **Subject: Re: Owner Address Change - Tre Christopher Roberts - Account 0079870**
>
> Hello Stephanie,
>
> I recently discovered some alarming/ disturbing news. As Such, the ownership of this property file should be rectified ASAP. Please see the attachments. The mailed paperwork reflecting actual (current) ownership and proof of identity are already in the mail on the way to Montgomery County.
>
> Best Regards,
>
> Chris
>
> On Fri, May 9, 2025 at 12:34 PM Ownership Change <ownershipchange@mcad-tx.org> wrote:
>
>> Good afternoon,
>>
>> I have updated your address as per your request. Have a great day!!
>>
>> Stephanie Bush, GIS/Mapping
>>
>> Montgomery Central Appraisal District
>>
>> 936-521-8833
>>
>> ***M**otivated, **C**redible, **A**ccountable and **D**ependable*
>>
>> [Quoted text hidden]

---

**2 attachments**

**image001.png**
256K

**QuitClaimdeed.pdf**
493K

# Payment Details

| | |
|---|---|
| **Pay To** | Montgomery County |
| **Nickname** | County Clerk |
| **Pay From** | Adv Plus Banking - 5434 |
| **Amount** | $25.00 |
| **Deliver By** | Oct 9, 2025 |
| **Payment Type** | Check |
| **Memo** | Quit Claim Deed -0079870605200 |
| **Note** | QCD |
| **Confirmation** | XW4KX-3CWLY |

Gmail

Christopher Law <chrisrobertslawesq@gmail.com>

## You sent 1 envelope (3 pages)

**Mailform** <support@mailform.io>
Reply-To: support@mailform.io
To: chrisrobertslawesq@gmail.com

Thu, Oct 2, 2025 at 7:59 AM

# Order #8a24a0ec-979a-4ab7-ae50-ae5e37768d20

| | |
|---|---|
| **Document Count:** | **2** |
| **Pages Mailed:** | **3** |
| **Recipients:** | **1** |
| **Return Address:** | **Christopher Roberts, 1201 N Catalina Ave, Unit 3163, Redondo Beach CA 90277-8261, United States** |
| **Total:** | **$21.96** |
| **Paid:** | **$21.96** |

View Receipt

| **Contents** | **Sent To:** |
|---|---|
| QuitClaimdeed.pdf<br>image3.pdf | Montgomery County, Montgomery County Clerk, P.O. Box 959, Conroe TX 77305, United States<br>PRIORITY<br>**Estimated Delivery:** October 6, 2025 |

Thank you for using Mailform: the easiest way to print and mail FedEx Standard Overnight, USPS Priority, Express & First Class Mail from your computer.

If you would like to make a change to your order and it is still within the cancellation window described here, please go to your receipt using the button above. You will be able to change the documents being mailed and the sender or recipient postal addresses. You may need to login to complete your changes. **If the buttons to change your order are not available on your receipt, then your order has already gone to print and cannot be cancelled..**

If you would like to cancel your order and it is still within the cancellation window described here, please go to your receipt using the button above and use the cancel button. You may need to login to cancel the order. **You will need to put a reason for your cancellation and once processed, you'll receive a full refund. If the button to cancel your order is not available on your receipt, then your order has already gone to print and cannot be cancelled.**

Please reach out to us if you have any questions or need additional help.

# Exhibit F

5'11" REDONDO BEACH, CA 90277

235

t

#: 25-10-16082

For: THEFT PROP >=$150K<$300K ENH IAT

th DISTRICT

ЛICHALK

ount: $50,000.00

s

14 31.03(f) - THEFT PROP >=$150K<$300K ENH IAT

gain

mation is provided as a service and is not considered official court record. This information is updated on a reg not to be used as a confirmation or probable cause that any warrant is active. Information contained herein sho for any type of legal action. The Montgomery County Sheriff's Office requests that no citizen take any individu ter. Montgomery County Sheriff's office reserves the right to make changes and improvements at any time and and assumes no liability for damages incurred directly or indirectly as a result of errors, omissions or discrepanc information on this site is considered public record.

# Exhibit G

2

DOC #2025055251

Gmail

The UPS Store 7330 <store7330ups@gmail.com>

**Special Warrenty Deed with Vendor's Lien**
1 message

**Lillene Ebanks** <lillene_ebanks@yahoo.com>
To: Lillene Christy Ebanks <lillene_ebanks@yahoo.com>
Cc: store7330ups@gmail.com

Tue, Jun 3, 2025 at 4:35 PM

Special Warrenty Deed and Vendor's Lien
The State of Texas County of Montgomery Texas

That the undersigned Lillene Christy Ebanks , herein referred to as " Grantor," having a address of 23764 Woodgreen Terrace Drive, New Caney Texas 77357 , for and in consideration of the sum of Ten Dollars ($10) cash, and other good and valuable consideration in hand paid by Grantee, herein named, the full receipt and sufficiency of which is hereby fully acknowledged and confessed, has granted, sold and conveyed, and by these presents does hereby grant, sell, and convey unto Lillene Christy Ebanks , herein referred as " Grantee" having an address of 23774 Woodgreen Terrace Drive, New Caney, Texas 77357, the real property described as:
Lot 11, Block 2, Pinewood at Grand Texas Sec 6, a subdivision i Montgomery County, Texas according to the map or plat thereof recorded in Cabinet z Slide 9276, Map Records of Montgomery County, Texas.

It is hereby agreed that the Vendor's lien as well a superior title in and to the above described premises , is retained against above described property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Special Warrenty Deed and Vendor's Note , the Vendor's Lien together with the superior title to said property is retained herein for the benefit of said Lender and same as hereby transferred and assigned to said Lender, its successors and

assigns. Lender is currently Shellpoint Mortgage Servicing
address P. O. Box 650840
Dallas Texas 75265-0840
Loan number 0691150304

Doc#2025022380 Quit Claim deed made on March 6, 2025, to grantee Tre Christopher Roberts whose address of 525 Broadway Apt 1039 Santa Monica CA 90401 is void by Statue of Frauds due to lack of consent as I did not consent and the notary stamp is fraud theft of my ID and is not my signiture.

The date of this conveyance is June 6, 2025.

Signiture Grantor Lillene Christy Ebanks
Date 6/3/2025

Notary State of Texas
Montgomery County
Notary Signiture
Lillene Christy Ebanks appeared before me with her Texas Drivers License as proof of identity and signed this Special Warrenty Deed With Vendors Lien
Date 6/3/25

Seal

LAUREN ANNE CLARK
Notary Public, State of Texas
Comm. Expires 02-17-2029
Notary ID 135502555

Sent from Yahoo Mail for iPhone

**Doc #: 2025055251**
**Pages 3**

**FILED FOR RECORD**
06/03/2025 04:53PM

L. Brandon Steinmann
County Clerk
Montgomery County, Texas

STATE OF TEXAS,
COUNTY OF MONTGOMERY
I hereby certify that this instrument was filed in the file number sequence on the date and time stamped herein by me and was duly RECORDED in the Official Public Records of Montgomery County, Texas.

**06/03/2025**

L. Brandon Steinmann
County Clerk
Montgomery County, Texas

**ORIGINAL RETURNED AT TIME OF RECORDATION**

# Exhibit H

Case 4:26-cv-01389 Document 76-3 Filed 05/04/26 in TXSD Page 1 of 4

RECEIVED AND FILED FOR RECORD At 2:45 O'Clock P M.

OCT 0 1 2025

Melisa Miller, District Clerk Montgomery, Texas By [signature] Deputy

25-10-16082 9th

# The STATE OF TEXAS

# COMPLAINT

**Affidavit For Warrant of Arrest**

| Count | Charges | Statute | Degree | DA File # | Agency # |
|---|---|---|---|---|---|
| 1 | THEFT PROP >=$150K<$300K ENH IAT | 31.03(f) | First Degree Felony | 25F-005426 | 25A176876 |

**In the Name and by Authority of The STATE of TEXAS:**

BEFORE ME, the undersigned Authority, on this day personally appeared R. Stein, who after being by me duly sworn, on oath deposes and says: That He has good reason to believe and does believe and charged that heretofore, to-wit: on or about March 06, 2025, A.D., and before the making and filing of this Complaint, in the County of Montgomery and State of Texas, **CHRISTOPHER TRE ROBERTS**, the Defendant, did then and there unlawfully appropriate property, to-wit: real property, of the value of $300,000 or more, from Lillene Ebanks, the owner, who was then and there an elderly individual, with intent to deprive the owner of the property,

Affiant, R. Stein, is a certified Texas Peace Officer employed by Montgomery County Sheriff's Office. Based on his/her own investigation and review of Offense Report # 25A176876, Affiant can state the following:

On March 19, 2025, Officer Bymaster of the Roman Forrest Police Department took a report from Lillene Ebanks who is 70 years old, DOB: 04/17/1955, ID by her TX DL 00682153. The complainant stated her niece, Christina Laugere, filed a quick deed claim on her house without her knowledge. The complainant found out about the quick claim deed when an appraiser came to her house. The appraiser stated a mortgage company had sent him to the Woodgreen Terrace. The suspect Laugere was trying to cash out the equity for the house. The complainant stated the house is paid off and is worth approximately $250, 000.

On June 12, 2025 Deputy Robinson took a report from Lilliene Ebanks. Lillene stated that she went to pay her taxes at the Montgomery County Tax office and found that she no longer owned the properties. Lilliene found her two pieces of property had been transferred to her niece, Christian Laugere, and a male, Tre Roberts, she does not know. The tax office provided Lilliene with a copy of 2 Quit Claim Deeds that Lilliene indicated she did not authorize. One property is located in Roman Forest and she has file a report in Roman Forest, RFPD case 25G002840, for



Minute

OCT 0 1 2025

Case 4:26-cv-01389 Document 76-3 Filed 05/04/26 in TXSD Page 2 of 4

that property and the other is this property. Tax office lady advised the couple came in a few minutes apart and filed the Quit Claim Deeds on the same day.

On June 20, 2025, Affiant with the Montgomery County Sheriff's Office was assigned this case. Affiant spoke with Roman Forest Police Department and had their case referred to Montgomery County Sheriff's Office under Case # 25A233327. The cases were worked under MCSO Case # 25A176876.

The first property involved is listed by Quit Claim Deed by Montgomery County Clerk Document # 2025022380 with a Legal Description of S798706 – PINEWOOD AT GRAND TEXAS 06, BLOCK 2, LOT 11 has an approximate worth of $50,000 per the 2024 Tax Assessment. The address associated with this property is listed as 22342 Curly Maple Dr, New Caney, Tx 77357. The document that was filed states that the Grantor is Lillene Christy Ebanks and the Grantee is Tre Christopher Roberts and it shows as that it was notarized by Sharon Dixon of the Commonwealth of Virginia. The document was signed on March 6, 2025 and was filed on March 10, 2025

The second property that is involved is located at 23764 Woodgreen Terrace, New Caney, TX and had had a Quit Claim Deed filed with the Montgomery County Clerk's Office with Document # 2025022283. The legal description is TAVOLA SEC 25, BLOCK 1, LOT 16 23764 WOODGREEN DR., NEW CANEY, TX 77357. It lists the Grantor as Lillene Ebanks and the Grantee is Christa Laugere. The document was notarized by Sharon Dixon of the Commonwealth of Virginia. The document is dated March 6, 2025 and filed at March 10, 2025.

In reviewing the information about the properties Affiant subpoenaed and received copies of records from the Montgomery County Tax Assessor's Office, The Montgomery County Appraisal District, and the Montgomery County Clerk of Courts. In the Warranty Deeds for both properties they are both notarized by Sharon Dixon. Sharon Dixon is a Notary for the Commonwealth of Virginia.

Affiant spoke to Sharon Dixon and she advised that she does work online through a company that she owns named Executive Notary Pro at the phone number 757-320-0535. Sharon was shown copies that had her notary information affixed to and she stated that the first signature is not hers and pointed out how the bottom of the S in her first name was cut off. Sharon went on to say that this was a forgery due to her seal not being next to her name. Sharon confirmed she notarized a Power of Attorney document for Tre Roberts on May 15, 2024, at 11:35 PM but she did NOT notarize the Quit Claim Deed dated March 6, 2025. She reviewed a copy of the Quit Claim Deed and confirmed that the notarial acknowledgment appears to have been altered, and that her signature has been forged. She had no record in her official notary journal of notarizing a Quit Claim Deed for Tre Roberts. Affiant presented Sharon with the quick claim deed from the Roman Forest address and she stated that she didn't have any records about completing that deed. Sharon also confirmed that her Notary stamp and seal were fraudulent.



Minute

OCT 0 1 2025

Case 4:26-cv-01389 Document 76-3 Filed 05/04/26 in TXSD Page 3 of 4

On September 19, 2025, Affiant attempted to make contact with Christina and Tre via telephone calls and in both cases left voicemails for them to contact Affiant about this case. Affiant did make contact with Christina and she stated that her grandmother left her the property, however she didn't know of any wills or probate actions that granted her the property. Christina stated that she did sign the Deed on Woodgreen Terrace Dr. and that Lillene was present. Christina stated that she doesn't know anything about the Deed on Curly Maple or Tre Christopher Roberts. Christina stated that her uncle (Dryl) and her father (Deal) know more about the estate. Affiant contacted Dryl and he stated Lillene was taking care of the estate. Affiant has reached out to Deal and have had no contact.

The value of the property located at 22342 Curly Maple, New Caney, Tx 77357 Property ID # 548471 is $253,617 and the value of the property located at 23764 Wood Green Terrace Dr, New Caney, Tx 77357 Property ID # R485745 Is $226,000 Per the Montgomery County Tax Office. The total loss is $479,617.

Wherefore I believe that probable cause exists to believe that ROBERTS, CHRISTOPHER TRE has committed the felony offense of THEFT PROP >=$150K<$300K ENH IAT. Accordingly, I ask for issuance of a warrant authorizing the arrest and seizure of ROBERTS, CHRISTOPHER TRE for said offense and that he/she be dealt with as the law provides.

**Against the Peace and Dignity of the State.**

Affiant

SUBSCRIBED and SWORN to before me by said Affiant on this the 25th day of September, 20 25 and I am an official authorized to administer this oath pursuant to Tex. Gov't Code § 602.002.

Justin Pierce
Printed Name of Peace Officer

11776
Signature of Peace Officer



Minute

OCT 01 2025

Sworn to and subscribed before me by _______________, a credible person this _____day of
__________________, 20____.

_______________________________

Assistant District Attorney/Magistrate

BOND RECOMMENDATION: $ 100,000./ Victim is elderly and value of the property

I, the undersigned Magistrate, have examined the facts, statements and charges set out in the above complaint together with the reasons of the Affiant to believe that such charge is true and correct and after receiving evidence and testimony in support of such charge I find that probable cause exists for the issuance of a warrant for the arrest of the above accused.

_______________________________
MAGISTRATE, 9th Judicial District
Montgomery County, Texas

DATE: 09/30/25

J. WALKER
PRINTED NAME OF MAGISTRATE

Upon issuance of warrant, to be assigned to the _______District Court.

Warrant # _____________ Date Issued: ____________________

Bond Amount $ 50,000.-



Minute

OCT 0 1 2025

# Exhibit I

DOC #2025022380

# QUIT CLAIM DEED

This Quit Claim Deed is made on March 06, 2025, by and between Lillene Christy East Bank - Lillene Christy Ebanks, whose address is 28141 FM 1485 Rd, New Caney TX 77357, and Tre Christopher Roberts, whose address is 525 Broadway Apt 1039, Santa Monica CA 90401.

## 1. Transfer of Property

For valuable consideration, the Grantor(s) hereby transfer(s) and release(s) to the Grantee(s) all of the Grantor(s)' rights, title, and interest in the following property located in the State of Texas: 22342 Curly Maple Dr, New Caney TX 77357 Sec 6, BLOCK 2, Lot 11 Pinewood at Grand Texas

## 2. No Guarantees

This transfer is made without any promises or guarantees about the title, condition, or any claims or liens on the property.

## 3. Applicable Laws

This deed is governed by the laws of the State of Texas for matters related to the property and by the laws of the Commonwealth of Virginia for the execution and notarization of this document.

## 4. Signing and Notarization

This deed is signed in the Commonwealth of Virginia and will be notarized according to Virginia law. No witnesses are required.

**Grantor(s):**
Lillene Christy East Bank (Lillene Christy Ebanks)
Lillene Ebanks
______________________

**Grantee(s):**
Tre Christopher Roberts
______________________

### NOTARY ACKNOWLEDGMENT

Commonwealth of Virginia
County/City of Williamburg

On this 6th day of March, 2025, before me, a notary public, personally appeared Lillene Christy Ebanks, who is known to me (or proved to me with satisfactory evidence) to be the person(s) who signed this document and acknowledged that they did so voluntarily for the purposes stated in it.

**Notary Public:**

S. Dixon

Sharon Dixon
My Commission Expires: 04/30/2028
Notary Registration Number: 7902482
(See Attached)

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of VIRGINIA )
County of WILLIAMSBURG )

On March 6, 2025 before me, Sharon Dixon, a Notary Public, personally appeared Lillene Christy East Bank (Lillene Christy Ebanks), who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ VIRGINIA SD that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(seal) Signature ______________________

SHARON DIXON
Electronic Notary Public
Commonwealth of Virginia
Commission #: 7902482
Commission Expires: 04/30/2028

**Doc #: 2025022380**
**Pages 3**

**FILED FOR RECORD**
03/10/2025 04:15PM

L. Brandon Steinmann
County Clerk
Montgomery County, Texas

STATE OF TEXAS,
COUNTY OF MONTGOMERY
I hereby certify that this instrument was filed in the file number sequence on the date and time stamped herein by me and was duly RECORDED in the Official Public Records of Montgomery County, Texas.

**03/10/2025**

L. Brandon Steinmann
County Clerk
Montgomery County, Texas

ORIGINAL RETURNED AT TIME OF RECORDATION

DOC #2025022283

# QUIT CLAIM DEED

This Quit Claim Deed is made on March 06, 2025, by and between Lillene Christy Ebanks, whose address is 28141 FM 1485 Rd, New Caney TX 77357, and Christina Leigh Laugere, whose address is 525 Broadway Apt 1039, Santa Monica CA 90401.

## 1. Transfer of Property

For valuable consideration, the Grantor(s) hereby transfer(s) and release(s) to the Grantee(s) all of the Grantor(s)' rights, title, and interest in the following property located in the State of Texas:
23764 Woodgreen Terrace Dr, New Caney TX 77357 Tavola Sec 25, BLOCK 1, Lot 16

## 2. No Guarantees

This transfer is made without any promises or guarantees about the title, condition, or any claims or liens on the property.

## 3. Applicable Laws

This deed is governed by the laws of the State of Texas for matters related to the property and by the laws of the Commonwealth of Virginia for the execution and notarization of this document.

## 4. Signing and Notarization

This deed is signed in the Commonwealth of Virginia and will be notarized according to Virginia law. No witnesses are required.

**Grantor(s):**
Lillene Christy Ebanks
Lillene Ebanks

**Grantee(s):**
Christina Leigh Laugere
Christa Lauge

**NOTARY ACKNOWLEDGMENT**

Commonwealth of Virginia
County/City of Williamburg

On this 6th day of March, 2025, before me, a notary public, personally appeared Lillene Ebanks, who is known to me (or proved to me with satisfactory evidence) to be the person(s) who signed this document and acknowledged that they did so voluntarily for the purposes stated in it.

**Notary Public:**
S Dixon

Sharon Dixon
My Commission Expires: 04/30/2028
Notary Registration Number: 7902482
(See Attached)

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of VIRGINIA )
County of WILLIAMSBURG )

On March 6, 2025 before me, Sharon Dixon, a Notary Public, personally appeared Lillene Christy East Bank (Lillene Christy Ebanks), who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ VIRGINIA SD that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(seal) Signature SDixon

SHARON DIXON
Electronic Notary Public
Commonwealth of Virginia
Commission #: 7902482
Commission Expires: 04/30/2028

**Doc #: 2025022283**
**Pages 3**

**FILED FOR RECORD**
03/10/2025 03:16PM

L. Brandon Steinmann
County Clerk
Montgomery County, Texas

STATE OF TEXAS,
COUNTY OF MONTGOMERY
I hereby certify that this instrument was filed in the file number sequence on the date and time stamped herein by me and was duly RECORDED in the Official Public Records of Montgomery County, Texas.

**03/10/2025**

L. Brandon Steinmann
County Clerk
Montgomery County, Texas

ORIGINAL RETURNED AT TIME OF RECORDATION

# Exhibit J

# REGISTER OF ACTIONS
## CASE NO. 26-01-00668

**In the Interest of Christina L. Laugere, An Adult Child** § § § § §

Case Type: **Paternity**
Date Filed: **01/12/2026**
Location: **418th Judicial District Court**

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Petitioner** | **Laugere, Christina L.**<br>23764 wood green terrace dr<br>New Caney, TX 77357 | DOB: 03/02/1987 | **Pro Se** |
| **Respondent** | **Ebanks, Dirk, Sr.**<br>23764 wood green terrace dr<br>New Caney, TX 77357 | DOB: 10/23/1961 | |

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **DISPOSITIONS** |
| 04/24/2026 | **Dismissed for Want of Prosecution** (Judicial Officer: Gilbert, Tracy A)<br>Comment (Order for Dismissal for Want of Prosecution) |

| | | |
|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | |
| 01/12/2026 | **Original Petition (OCA)** | |
| 01/12/2026 | **Indigency Oath Filed** | |
| 01/12/2026 | **E-Filed Original Petition Document** | |
| 01/14/2026 | **Request for Service** | |
| 01/21/2026 | **Citation** | |
| | Ebanks, Dirk, Sr. | Unserved |
| 04/13/2026 | **Injunction or Show Cause (OCA)** | |
| 04/14/2026 | **E-Notice Envelope Number:** | |
| 04/24/2026 | **Dismiss for Want of Prosecution** (9:00 AM) (Judicial Officer Gilbert, Tracy A) | |
| 04/24/2026 | **Dismissed for Want of Prosecution** | |
| 04/24/2026 | **Docket Entry** (Judicial Officer: Gilbert, Tracy A ) | |
| 04/27/2026 | **E-Notice Envelope Number:** | |

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| | **Petitioner** Laugere, Christina L. | |
| | Total Financial Assessment | 358.00 |
| | Total Payments and Credits | 0.00 |
| | **Balance Due as of 05/20/2026** | **358.00** |
| 01/14/2026 | Transaction Assessment | 350.00 |
| 01/15/2026 | Transaction Assessment | 8.00 |

# Exhibit K

RECEIVED AND FILED
FOR RECORD
At 2:10 O'Clock P.M.

JAN 29 2026

Melisa Miller, District Clerk
Montgomery, Texas
By ______ Deputy

**THE STATE OF TEXAS**

**9th District Court**

**V.**

**CHRISTOPHER TRE ROBERTS**
**PID: 2574571**
Co-Defendant(s): Christina Leigh Laugere

**Cause No. 25-10-16082-CR**

# INDICTMENT

| Count | Charges | Statute | Degree | DA File # | Agency # |
|---|---|---|---|---|---|
| 1 | THEFT PROP >=$150K<$300K ENH IAT | 31.03(f) | F1 | 25F-005426 | 25A176876 |

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

**THE GRAND JURY,** for the County of Montgomery, State of Texas, duly selected, empaneled, sworn, charged, and organized as such by the 221st Judicial District Court for said County, upon their oaths present in and to said Court that Christopher Tre Roberts, on or about March 06, 2025, and before the presentment of this indictment, in the County and State aforesaid, did then and there unlawfully appropriate property, to-wit: real property, of the value of $300,000 or more, from Lillene Ebanks, the owner, who was then and there an elderly individual, with intent to deprive the owner of the property,

**Against the Peace and Dignity of the State.**

______
**Foreman of the Grand Jury**

Minute
JAN 29 2026

# Exhibit L

Gmail

Christopher Roberts <chrisrobertslawesq@gmail.com>

# EMERGENCY URGENT FORMAL COMPLAINT: 18 U.S.C. §§ 241, 242 NOTICE | CAUSE 26-02-02458 | OFFICIAL OPPRESSION OF U.S. VETERAN (31E) | VOID AB INITIO WARRANT | FEDERAL INQUIRY REQUESTED

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Wed, Feb 18, 2026 at 7:12 AM
To: HoustonCorruption@fbi.gov, HO_media@fbi.gov, HoustonCivilRights@fbi.gov, hotline@dojoig.gov, Criminal.Section@usdoj.gov
Cc: Risk.Management@mctx.org, bd.griffin@mctx.org, Mike.Holley@mctx.org, Mark.Keough@mctx.org, Kelly.Blackburn@mctx.org, Wesley.Doolittle@mctx.org, Rick.Bass@mctx.org, Phyllis.Martin@mctx.org, brandon.creighton@senate.texas.gov, DA.Info@mctx.org, duke.coon@cityofconroe.org, eGrants@gov.texas.gov, morgan.luttrell@mail.house.gov, will.metcalf@house.texas.gov

CRIMINAL COMPLAINT: OFFICIAL OPPRESSION & DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

TO: FEDERAL LAW ENFORCEMENT
ATTN: Public Integrity Unit / Civil Rights Division
FIELD OFFICE: Houston, Texas (Montgomery County Jurisdiction)

FROM: Tre Christopher Roberts, LL.M.
STATUS: U.S. Army Veteran (31E) | Member of the Legal Community
SUBJECT: Ongoing Violation of 18 U.S.C. §§ 241, 242 (Montgomery County, TX)

DATE: February 18, 2026

---

I. PREAMBLE I am filing this formal complaint to alert the Bureau of a coordinated and willful deprivation of constitutional rights under color of law being perpetrated by officials within the Montgomery County Sheriff's Office (MCSO) and the Montgomery County District Attorney's Office. Despite being provided with uncontroverted exculpatory evidence and judicial notice of a legal nullity, these officials continue to maintain a felony warrant for my arrest, effectively holding a U.S. Veteran in "Constructive Exile" from the United States.

II. THE UNDERLYING FRAUD (VOID AB INITIO) The criminal charge (Warrant #25-10-16082) is predicated on a property deed that is Void Ab Initio as a matter of Texas law (Hennessy v. Blair).

The alleged "Victim," Lillene Ebanks, has provided a sworn affidavit (attached) confirming that the deed used to secure the warrant was a forgery and a legal nullity.

Under Texas Penal Code § 31.03, the element of "appropriation" is a legal impossibility when the underlying instrument of transfer is void.

Detective Richard Stein (MCSO) failed to perform threshold due diligence and swore to a Probable Cause Affidavit based on a fraudulent instrument, showing a reckless disregard for the truth.

III. WILLFUL OBSTRUCTION & COLOR OF LAW VIOLATIONS As of February 16, 2026, the following officials have been placed on Actual Notice of the Ebanks Affidavit and the controlling Supreme Court doctrine:

Wesley Doolittle, Montgomery County Sheriff

Mark Keough, Montgomery County Judge

B.D. Griffin, Montgomery County Attorney

Mike Holley, District Attorney

Jamie Sulla, Assistant District Attorney

Assistant Chief Rick Bass, MCSO

Lieutenant Paul Hahs, MCSO

Duke Coon, Mayor of Conroe

Howard Wood, Mayor Pro Tem (Conroe)

Phyllis Martin, Montgomery County Auditor

Risk Management, Montgomery County

Despite this notice, these officials have refused to recall the warrant or move for dismissal. Furthermore, the Plaintiff documented "Technical Obstruction" where Montgomery County IT systems have systematically rejected the electronic service of exculpatory evidence (see attached). This suggests a coordinated effort to suppress evidence and maintain a "paper felony" against a citizen to facilitate Official Oppression (Tex. Penal Code § 39.03). This and the fact that I still see the warrant (See Attached), leads me to think it hasn't been quashed.

IV. IMMINENT THREAT & PROFESSIONAL TORT I am scheduled to return to the United States in less than 96 hours. The maintenance of this warrant is a direct attempt to facilitate a wrongful arrest at the border. This action threatens to permanently destroy my professional standing as a candidate for the Maryland Bar and my current hiring status with the Alabama Department of Corrections.

V. FORMAL REQUEST FOR INTERVENTION & NOTICE OF FEDERAL LITIGATION

Due to the failure of the listed officials to respond or act upon the provided exculpatory evidence within the last 48 hours—despite the existential threat to my liberty and professional career—I am being forced to seek emergency judicial intervention.

I request that the FBI Public Integrity Unit immediately:

Initiate an inquiry into the Montgomery County Sheriff's Office regarding the issuance and maintenance of a warrant based on a known legal nullity.

Investigate the "Technical Obstruction" of legal filings as a potential violation of 18 U.S.C. § 241 (Conspiracy against rights).

Interview Detective Richard Stein regarding the veracity of the probable cause affidavit and the omission of the Void Ab Initio status of the underlying instrument.

NOTICE OF PENDING ACTION: Be advised that because Montgomery County officials have remained silent in the face of a documented constitutional crisis, I am concurrently filing a Verified Complaint and Emergency Motion for Temporary Restraining Order (TRO) in the U.S. District Court for the Southern District of Texas. I am seeking to

enjoin the enforcement of this void warrant and will be seeking punitive damages against all parties in their individual capacities.

I am an LL.M. graduate of Texas A&M University School of Law and a former Internment/Resettlement Specialist (31E) for the U.S. Army. I understand the weight of these allegations and have attached the exculpatory evidence to this communication.

Respectfully,

Tre Christopher Roberts, LL.M.
U.S. Army Veteran | Plaintiff, Cause No. 26-02-02458

---

**3 attachments**

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

**DA Failure.pdf**
411K

**Current Montgomery County Warrant .pdf**
71K

# Exhibit M

# REGISTER OF ACTIONS
## CASE NO. 25-10-16082

**State of Texas Vs. ROBERTS, CHRISTOPHER TRE** § § § § §

Case Type: **Adult Felony - Filed by Information**
Date Filed: **10/01/2025**
Location: **9th Judicial District Court**

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **ROBERTS, CHRISTOPHER TRE**<br>1201 N CATALINA AVE<br>#3163<br>REDONDO BEACH, CA 90277<br>SID: TX22172392 | Male Black<br>DOB: 06/26/1992 | |
| **State** | **State of Texas**<br>207 W. Phillips<br>2nd Floor<br>Conroe, TX 77301 | Other | |

### CHARGE INFORMATION

| **Charges: ROBERTS, CHRISTOPHER TRE** | **Statute** | **Level** | **Date** |
|---|---|---|---|
| 1. THEFT PROP >=$150K<$300K ENH IAT | 31.03(f) | First Degree Felony | 03/06/2025 |

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

02/18/2026 **Disposition** (Judicial Officer: Grant, Phil)
1. THEFT PROP >=$150K<$300K ENH IAT
Dismissed

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 10/01/2025 | **Information (OCA)** | |
| 10/01/2025 | **Ancillary Conditions of Bond** | |
| 10/01/2025 | **Precept** | |
| 10/01/2025 | **Precept**<br>ROBERTS, CHRISTOPHER TRE | Returned Unserved 02/09/2026<br>Returned 02/09/2026 |
| 01/29/2026 | **Indictment Non-mapped** | |
| 01/29/2026 | **Signed Order** | |
| 01/30/2026 | **Precept** | |
| 01/30/2026 | **Precept**<br>ROBERTS, CHRISTOPHER TRE | Returned Unserved 02/19/2026<br>Returned 02/19/2026 |
| 02/18/2026 | **Order of Destruction and Forfeiture** | |
| 02/18/2026 | **Order of Dismissal** | |

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| | **Defendant** ROBERTS, CHRISTOPHER TRE | |
| | Total Financial Assessment | 0.00 |
| | Total Payments and Credits | 0.00 |
| | **Balance Due as of 05/20/2026** | **0.00** |
| 02/18/2026 | Transaction Assessment | 290.00 |
| 02/18/2026 | Case non-suited/Dismissed/DWOP | 290.00 |

# Exhibit N

 2

DOC #2025055251

Gmail The UPS Store 7330 <store7330ups@gmail.com>

**Special Warrenty Deed with Vendor's Lien**
1 message

**Lillene Ebanks** <lillene_ebanks@yahoo.com> Tue, Jun 3, 2025 at 4:35 PM
To: Lillene Christy Ebanks <lillene_ebanks@yahoo.com>
Cc: store7330ups@gmail.com

Special Warrenty Deed and Vendor's Lien
The State of Texas County of Montgomery Texas

That the undersigned Lillene Christy Ebanks , herein referred to as " Grantor," having a address of 23764 Woodgreen Terrace Drive, New Caney Texas 77357 ,  for and in consideration of the sum of Ten Dollars ($10) cash, and other good and valuable consideration in hand paid by Grantee, herein named, the full receipt and sufficiency of which is hereby fully acknowledged and confessed, has granted, sold and conveyed, and by these presents does hereby grant, sell, and convey unto Lillene Christy Ebanks , herein referred as " Grantee" having an address of 23774 Woodgreen Terrace Drive, New Caney, Texas 77357, the real property described as:
Lot 11, Block 2, Pinewood at Grand Texas Sec 6, a subdivision i Montgomery County, Texas according to the map or plat thereof recorded in Cabinet z Slide 9276, Map Records of Montgomery County, Texas.

It is hereby agreed that the Vendor's lien as well a superior title in and to the above described premises , is retained against above described property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Special Warrenty Deed and Vendor's Note , the Vendor's Lien together with the superior title to said property is retained herein for the benefit of said Lender and same as hereby transferred and assigned to said Lender, its successors and

assigns. Lender is currently Shellpoint Mortgage Servicing
address P. O. Box 650840
Dallas Texas 75265-0840
Loan number 0691150304

Doc#2025022380 Quit Claim deed made on March 6, 2025, to grantee Tre Christopher Roberts whose address of 525 Broadway Apt 1039 Santa Monica CA 90401 is void by Statue of Frauds due to lack of consent as I did not consent and the notary stamp is fraud theft of my ID and is not my signiture.

The date of this conveyance is June 6, 2025.

Signiture Grantor Lillene Christy Ebanks
Date 6/3/2025

Notary State of Texas
Montgomery County
Notary Signiture
Lillene Christy Ebanks appeared before me with her Texas Drivers License as proof of identity and signed this Special Warrenty Deed With Vendors Lien
Date 6/3/25

Seal

LAUREN ANNE CLARK
Notary Public, State of Texas
Comm. Expires 02-17-2029
Notary ID 135502555

Sent from Yahoo Mail for iPhone

**Doc #: 2025055251**
**Pages 3**

**FILED FOR RECORD**
06/03/2025 04:53PM

County Clerk
Montgomery County, Texas

STATE OF TEXAS,
COUNTY OF MONTGOMERY
I hereby certify that this instrument was filed in the file number sequence on the date and time stamped herein by me and was duly RECORDED in the Official Public Records of Montgomery County, Texas.

**06/03/2025**

County Clerk
Montgomery County, Texas

**ORIGINAL RETURNED AT TIME OF RECORDATION**

Gmail

Christopher Roberts <chrisrobertslawesq@gmail.com>

# URGENT: Notice of Exculpatory Evidence & § 1983 Liability | Warrant 25-10-16082] | Tre Christopher Roberts LL.M

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 9:38 AM
To: Shanna.Dulany@mctx.org, Mary.Williams@mctx.org

Coordinators,

I am a U.S. Army Veteran and a Texas A&M LL.M.. I am writing to provide Actual Notice to the 9th District Court regarding a significant legal error in the active warrant for the above-referenced matter.

Attached to this email is a 49-page Exculpatory Evidence Packet documenting that the underlying deed in this case is Void Ab Initio under the Texas Supreme Court's Hennessy v. doctrine. Blair. As a matter of law, the property interest never transferred; therefore, the alleged "Theft" is a legal impossibility.

Please be advised that we have formally notified:

DA Mike Holley and First Assistant (Aggie) Kelly Blackburn of this "Paper Felony".

The State Bar of Texas (CDC) regarding the ongoing ethical breach under Rule 3.09.

Montgomery County Risk Management regarding the accruing Section 1983 liability for the destruction of my professional career in Legal & Law Enforcement.

We are requesting that this evidence be brought to Judge Grant's attention immediately to facilitate a recall of the warrant and avoid further irreparable harm to a fellow Aggie and Veteran.

Respectfully,

Tre Christopher Roberts,
LL.M. - U.S. Army Veteran (31E)

---

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

---

# URGENT: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY | 18 U.S.C. §§ 241, 242 | Warrant 25-10-16082

---

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 12:34 PM
To: Rick.Bass@mctx.org
Bcc: Risk.Management@mctx.org

Subject: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY
Warrant #: 25-10-16082
To: Sheriff Wesley Doolittle; Chief Deputy Jonathan Zitzmann CC: MCSO
From: Tre Christopher Roberts (LL.M.) | U.S. Army Veteran (31E)
Related Civil Action: Roberts v. Ebanks, Cause No. 26-02-02458 (284th District Court)

Sheriff Doolittle / Montgomery County Sheriff's Office

I am writing to you as a fellow Law Enforcement professional (former U.S. Army 31E), an LL.M. scholar, and a regulated legal professional with no criminal conviction history. This letter serves as Actual Notice to the Montgomery County Sheriff's Office (MCSO) that Warrant 25-10-16082 is predicated on a "legal impossibility." Maintaining this warrant in the MCSO system—despite the exculpatory evidence provided herein—constitutes Official Oppression and creates an escalating Section 1983 liability for your department.

I. Notice of Jurisdictional Defect: Void Ab Initio

The Probable Cause affidavit supporting this warrant is fundamentally flawed. Under the Texas Supreme Court doctrine of Hennessy v. Blair and Lighthouse Church of Corpus Christi v. Texas A&M-Corpus Christi, a forged deed is Void Ab Initio—a legal nullity.

The Facts: The Complainant (Lillene Ebanks) has provided a sworn affidavit [See Attached] stating the deed was a forgery.

The Law: Because a void deed passes no title, the "appropriation" required for a Theft charge (Tex. Penal Code § 31.03) is a legal impossibility. Legally, the property never left the Complainant's hands.

II. Intentional Deprivation of Rights (18 U.S.C. § 242)
Pursuant to 18 U.S.C. § 242, any official who willfully maintains a sham legal process to deprive a citizen of their liberty—especially after receiving exculpatory evidence and notice of a jurisdictional defect—is subject to federal prosecution.

I have international travel scheduled in five (5) days.

The maintenance of this warrant acts as a "Constructive Exile," barring a U.S. Veteran from his home country acting in bad faith.

As a Veteran scheduled for law enforcement certification in March 2026, the maintenance of this "Paper Felony" is causing me irreparable professional harm.

Right to Return: This warrant acts as an unconstitutional restraint on my fundamental right to return to my home country.

Bad Faith: MCSO is now in possession of my Judicial Tender of Restoration filed in the 284th District Court (Cause No. 26-02-02458). Any arrest made by your deputies or at the border following this notice will be treated as a willful violation of Color of Law statutes, as probable cause has been factually and legally extinguished.

III. Demand for Administrative Recall

Pursuant to your duty to uphold the Constitution, I demand that the MCSO:

Recall Warrant #: 25-10-16082 from the active system immediately.

Cease and Desist any further enforcement actions related to this already void instrument.

I have proactively filed a Complaint with the Department Of Justice regarding this matter. I am willing to coordinate a voluntary appearance to finalize civil quiet title action, but I will not be subjected to an arrest based on circumstances the Texas Supreme Court has already defined as a "nullity."

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Veteran
Plaintiff, Cause No. 26-02-02458 (284th District Court)

Be advised that the Montgomery County department-wide servers (dept.detectives@mctx.org and GrandJury.Intake@mctx.org) are rejecting the service of critical legal filings. This "Technical Obstruction" prevents the County from fulfilling its mandatory duties under the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14). As the governing body of this county, you are now on Actual Notice that the current "Paper Theft Felony" maintained in my name is a legal impossibility.

---------- Forwarded message ---------
From: Schmitt, John <John.Schmitt@mctx.org>
Date: Wed, Feb 18, 2026 at 2:24 AM
Subject: Automatic reply: [External] URGENT: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY | 18 U.S.C. §§ 241, 242 | Warrant 25-10-16082
To: Christopher Roberts <chrisrobertslawesq@gmail.com>

I will be out of the office beginning February 13,2026 with a return date of February 23,2026. If you need immediate assistance please contact either Lieutenant Paul Hahs or Assistant Chief Bass.

---

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

Gmail

Christopher Roberts <chrisrobertslawesq@gmail.com>

# PERFECTED ACTUAL NOTICE: Rule 3.09 Ethical Obligation | Warrant 25-10-16082

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 7:59 AM
To: Mike.Holley@mctx.org, Kelly.Blackburn@mctx.org
Cc: kroberts@texasbar.com, bmoore@texasbar.com, cdcinfo@texasbar.com
Bcc: cojudge@mctx.org, bd.griffin@mctx.org, Risk.Management@mctx.org

Leadership,

This email serves as notice that the State Bar of Texas has been looped into the ongoing matter regarding Warrant 25-10-16082.

The Montgomery County District Attorney's office has now received Actual Notice (including the corrected warrant number) that the underlying deed in question was, has been and will always remain Void Ab Initio and that the record owner has attested to the third party forgery in the 284th District Court (Cause No. 26-02-02458) (See Attached).

The State's theory of "unlawful appropriation" under Tex. Penal Code § 31.03 is a legal impossibility. As established in the Sworn Affidavit of Lillene Ebanks [See Attached], the Complainant has already testified that the notarial acknowledgment was fraudulent and the document was a forgery. Under the well-settled "Void Ab Initio" doctrine affirmed by the Texas Supreme Court, a forged deed is a "legal nullity" that passes no title and is "entirely without effect" (See Hennessy v. Blair, 173 S.W. 871 and Lighthouse Church of Corpus Christi v. Texas AMU-Corpus Christi, 644 S.W.3d 131). Because the deed never moved the "sticks in the bundle" of property rights, the State cannot satisfy the "appropriation" element of theft; legally, the property interest never left the Complainant's possession.

Under Rule 3.09(d) and the Michael Morton Act, the State has a mandatory duty to act on this exculpatory evidence. Failure to quash this warrant immediately and expeditiously in light of this "legal impossibility," constitutes an intentional professional tort and an ethical breach.

We are providing this as a final administrative courtesy to allow the County to mitigate its Section 1983 liability before a formal grievance is filed with the Bar.

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Army Veteran (31E)
Plaintiff, Cause No. 26-02-02458

---

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

Gmail

Christopher Roberts <chrisrobertslawesq@gmail.com>

# ACTUAL NOTICE: Exculpatory Evidence Negating Probable Cause | Warrant 25-10-16071 | Tre C. Roberts, LL.M.

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Feb 16, 2026 at 11:22 AM
To: dept.detectives@mctx.org
Bcc: Christopher Roberts <chrisrobertslawesq@gmail.com>

Detective/Investigator,

I am writing to you as a regulated legal professional Former In House Counsel WI SCR 10.03(4)(f), a U.S. Army Veteran, and an LL.M. scholar (See Attached). This email serves as Actual Notice of exculpatory evidence that negates the essential elements of the alleged offense in Warrant 25-10-16071 .

As demonstrated in the attached 49-page PDF, I have initiated a Verified Petition for Restoration in the 284th District Court (Cause No. 26-02-02458). This filing invokes Tex. Gov't Code § 51.903, mandating a judicial review of the March 2025 Deed. Judge Kristin Bays currently has the authority to validate third party fraud based solely on the documentation and sworn records provided herein.

Because the record owner, Lillene Ebanks, has formally attested and confirmed that the deed is a forgery, the "Appropriation" element of theft is a legal impossibility. Under the long-standing Void Ab Initio doctrine affirmed in Hennessy v. Blair, 173 S.W. 871 (Tex. 1915), a forged deed is absolutely ineffective and passes no title . This was further clarified in Lighthouse Church of Cloverleaf v. Tex. Bank, 889 S.W.2d 595, where Texas courts held that no proprietary interest can ever vest via a forged instrument.

Consequently, the property interest never legally left the Complainant's hands . Maintaining a warrant for "theft" of an interest that never transferred constitutes Bad Faith and creates immediate 42 U.S.C. § 1983 liability.

In addition, my contemporaneous outreach to the Montgomery County Clerk and Appraisal District on October 2, 2025—reporting this "disturbing news" months prior to these charges—definitively negates any "Intent to Deprive" (See PDF Pages 34-36) .

Furthermore, take notice of Texas Penal Code § 39.03 (Official Oppression). A public servant commits an offense if they intentionally subject another to arrest or detention that they know is unlawful. Since you have been served with actual notice of the § 51.903 filing and the Void Ab Initio status of the title instrument, any continued failure to quash this warrant constitutes a willful act of Official Oppression . I am also a candidate for law enforcement certification with a March 2026 hiring date. The intentional infliction of this professional tort for a non-existent crime creates personal liability for all individuals involved Under Tex. Code Crim. Proc. Art. 39.14, you have a continuous, mandatory duty to disclose exculpatory information.

As Such, Failure to notify the District Attorney's office to quash this warrant in light of this dispositive evidence constitutes a willful violation of clearly established law. This email serves as the "Actual Notice" required to pierce Qualified Immunity under 42 U.S.C.

§ 1983 for the irreparable destruction of my professional standing and the intentional infliction of professional tort

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Veteran
Plaintiff, Cause No. 26-02-02458 (284th District Court)

---

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit O

Gmail

Christopher Roberts <chrisrobertslawesq@gmail.com>

## Roberts v. Sulla, 4:26-cv-1389, waiver

**Plake, Daniel** <daniel.plake@mctx.org> Thu, Mar 12, 2026 at 11:50 AM
To: "chrisrobertslawesq@gmail.com" <chrisrobertslawesq@gmail.com>
Cc: "Plake, Daniel" <daniel.plake@mctx.org>

Mr. Roberts,

Find the requested waiver attached to this email.


**Daniel Plake**

**Assistant County Attorney**

*Chief – Litigation Section*

B. D. Griffin

County Attorney Montgomery County, Texas

501 N. Thompson, Suite 300

Conroe, TX 77301

Telephone: 936 539 7828

Direct line: 936 539 7992

Cellular: 713-899-5805

Facsimile: 936 760 6920


**Roberts.Tre.request for waiver of summons.pdf**
735K

W/ Case CV related Case 4:26-cv-1384 filings

RECEIVED AND FILED
FOR RECORD
At 1:40 O'Clock P M.
1:43
MAY 20 2026
Melisa Miller, District Clerk
Montgomery, Texas
By CL Deputy

**Tre Christopher Roberts LL.M.**
**Defendant**
**Pro Se**
**1525 Aviation Blvd #213**
**Redondo Beach, CA 90278**
**Email : chrisrobertslawesq@gmail.com**

**STATE OF TEXAS**

**9TH JUDICIAL DISTRICT**

**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF:<br><br>THE STATE OF TEXAS<br><br>PLAINTIFF<br><br>VS.<br><br>TRE CHRISTOPHER ROBERTS<br><br>DEFENDANT' | * * * * * * * * * | FILE No.:<br><br>***NOTICE OF PRIOR DISMISSAL AND REQUEST FOR JUDICIAL NOTICE***<br><br>**CAUSE NO. 26-03-05426-CR** |

Judge: **HONORABLE PHIL GRANT**

Next Hearing: JUNE 11, 2026 9 AM

## NOTICE OF PRIOR DISMISSAL AND REQUEST FOR JUDICIAL NOTICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

The Defendant, Tre Christopher Roberts, respectfully notifies the Court of a prior criminal proceeding

that is inextricably linked to the pending forgery indictment.

1. On October 1, 2025, the State initiated Cause No. 25-10-16082-CR, charging the Defendant with Theft (a first-degree felony) regarding the same property deed now at issue in the current forgery indictment.

2. On February 18, 2026, the State moved to dismiss the theft charge in Cause No. 25-10-16082-CR, and said case was subsequently dismissed by this Court.

3. The Defendant requests that this Court take Judicial Notice of the fact that the State has previously brought and subsequently abandoned charges regarding the same deed and the same underlying transaction.

**Legal Implication:** The State's previous dismissal of the theft charge regarding this deed constitutes a relevant historical fact in this Court's assessment of whether the current prosecution is brought in good faith. To proceed on the same factual predicate after a dismissal of a primary charge—without new, untainted evidence—creates a manifest conflict with the principles of due process and judicial economy.

Respectfully submitted,

/S/ Tre Christopher Roberts, LL.M.

*Pro Se*

### *CERTIFICATE OF SERVICE*

I hereby certify that on this 20th day of May, 2026, a true and correct copy of the following documents:

**1. <u>NOTICE OF PRIOR DISMISSAL AND REQUEST FOR JUDICIAL NOTICE</u>**

were served upon the following parties via the methods indicated below:

**Office of the District Attorney** Montgomery County District Attorney's Office 207 W. Phillips St. Conroe, TX 77301 **[ ] Hand Delivery [X] U.S. Postal Service (First Class Mail)**

**District Clerk's Office** Montgomery County District Clerk 210 W. Davis St. Conroe, TX 77301 **[X] Hand Delivery**

/S/Tre Christopher Roberts, LL.M.

*Pro Se*

1525 Aviation Blvd #213

Redondo Beach, CA 90278

Email: chrisrobertslawesq@gmail.com

Notice of related case filings 4:26-CV-1384

RECEIVED AND FILED
FOR RECORD
At 1:47 O'Clock P M.

MAY 20 2026

Melisa Miller, District Clerk
Montgomery, Texas
By CL Deputy

**Tre Christopher Roberts LL.M.**
**Defendant**
**Pro Se**
**1525 Aviation Blvd #213**
**Redondo Beach, CA 90278**
**Email : chrisrobertslawesq@gmail.com**

**STATE OF TEXAS**

**9TH JUDICIAL DISTRIST**

**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF:<br><br>THE STATE OF TEXAS<br><br>PLAINTIFF<br><br><br>VS.<br><br><br>TRE CHRISTOPHER ROBERTS<br><br>DEFENDANT' | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | FILE No.:<br><br><br><br>**<u>MOTION TO TERMINATE PRETRIAL BOND CONDITIONS</u>**<br><br><br><br>**<u>CAUSE NO. 26-03-05426-CR</u>** |

Judge: **HONORABLE PHIL GRANT**

Next Hearing: JUNE 11, 2026
9 AM

TO THE HONORABLE PHIL GRANT, JUDGE OF SAID COURT:

Tre Christopher Roberts, Defendant in the above-styled and numbered cause, respectfully files this Omnibus Motion to Terminate Pretrial Bond Conditions. The Defendant moves this Court to immediately terminate all active pretrial bond conditions, or, in the alternative, modify them to accommodate the Defendant's verified medical, residency, and constitutional rights.

This Motion is grounded directly upon the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution ; Article I, Sections 3, 9, 10, 13, and 19 of the Texas Constitution ; and Articles 17.15 and 17.40 of the Texas Code of Criminal Procedure. As demonstrated below, the current bond conditions are oppressive, unconstitutional, and procedurally defective, serving as an impermissible form of pretrial punishment rather than a legitimate tool to ensure court appearance or community safety.

## I. PROCEDURAL TIMELINE AND JURISDICTIONAL POSTURE

The dual prosecutions carried out by the Montgomery County District Attorney's Office have been characterized by overlapping, irregular criminal instruments targeting the exact same transaction date and real property itemization. To place the structural due process and equal protection violations in proper perspective, a comprehensive timeline of the civil and criminal proceedings is set forth below.

**Table 1: Timeline of Civil and Criminal Actions**

| **Date of Execution** | **Case Reference / Action Taken** | **Parties Involved** | **Legal Significance** |
|---|---|---|---|
| **March 6, 2025** | Purported Execution of Quitclaim Deed. | Tre Christopher Roberts, Lillene Ebanks. | Transaction date for both theft and forgery indictments. |
| **Sometime prior to Forgery Arrest** | Commencement of Pending Civil Matter. | Tre Christopher Roberts (Plaintiff) vs. Lillene Ebanks. | Civil equity action initiated prior to any forgery warrant or arrest. |
| **September 30, 2025** | Filing of Flawed Probable Cause Affidavit. | Detective Richard Stein, Magistrate J. Walkon. | Initial arrest warrant obtained through material, reckless omissions. |
| **October 2, 2025** | Execution of Voluntary Title Reversal Deed. | Tre Christopher Roberts (Grantor). | Voluntarily restored property to Ebanks, proving lack of |

| **Date of Execution** | **Case Reference / Action Taken** | **Parties Involved** | **Legal Significance** |
|---|---|---|---|
| | | | unlawful intent. |
| **January 29, 2026** | Return of First-Degree Theft Indictment (Cause No. 25-10-16082-CR). | Montgomery County Grand Jury. | Indictment secured despite actual notice that the underlying deed was VOID AB INITIO. |
| **February 18, 2026** | Dismissal and Spoliation of Case File. | Judge Phil Grant, Montgomery County Prosecutors. | Concurrent signing of Order of Dismissal and Order of Destruction. |
| **February 20, 2026** | Filing of Federal Civil Rights Lawsuit (No. 4:26-cv-01389). | Tre Christopher Roberts (Plaintiff) vs. Montgomery County Officials. | Exercise of First Amendment right to petition for redress. |
| **March 11, 2026** | Forgery Warrant Active for Co-Defendant Laugere **(SEE ATTACHED EXHIBIT A – CHRISTINA LAUGERE WARRANT)** | Christina Leigh Laugere. | Laugere wanted for forgery; currently has no pending case or bond conditions. |
| **March 31, 2026** | Return of Forgery Indictment (Cause No. 26-03-05426-CR). | Montgomery County Grand Jury. | Indictment secured exactly five weeks after the federal civil rights filing. |
| **June 11, 2026** | Scheduled Hearing on Forgery Indictment. | Tre Christopher Roberts, Judge Phil Grant. | Next scheduled court appearance for Cause No. 26-03-05426-CR. |

This chronological sequence demonstrates that the state's forgery prosecution is not a good-faith effort to enforce the law, but a retaliatory escalation of charges in response to the Defendant's invocation of his civil rights.

## II. INTEGRATION OF CIVIL RIGHTS VIOLATIONS FROM UNDERLYING MOTION TO DISMISS

The constitutional and statutory defects that plague the pending forgery indictment mandate the immediate termination of the Defendant's bond conditions. Pretrial bail conditions cannot be maintained when the prosecution is built upon a foundation of structural illegality, deliberate deception of the magistrate, and unconstitutional retaliation.

The first foundational defect is the flagrant violation of *Franks v. Delaware*, 438 U.S. 154 (1978), which permanently poisons the state's entire evidentiary file. Detective Richard Stein of the Montgomery County Sheriff's Office possessed actual, documented knowledge prior to seeking the arrest warrant that the Defendant was a victim of third-party real estate fraud. Detective Stein deliberately or recklessly omitted from the probable cause affidavit that the Defendant had proactively contacted county officials , retained legal counsel to cooperate with the District Attorney's Office , and executed a voluntary quiet-title Quit Claim Deed on October 2, 2025, to restore the property to Ebanks. Under *Duka v. State*, 368 S.W.3d 520, 532 (Tex. Crim. App. 2012), when these omitted exculpatory facts are inserted back into the affidavit, the corrected document describes a cooperative reporting party rather than a criminal suspect, stripping the warrant of any valid probable cause. Because the initial seizure was an unconstitutional fracture under *Franks*, all subsequent physical and custodial fruits—including the current bond conditions—must be suppressed under the absolute command of Texas Code of Criminal Procedure Article 38.23(a).

The second foundational defect is the clear-cut case of prosecutorial vindictiveness. The chronological

sequence reveals that the State escalated its prosecution by filing a State Jail Forgery charge—enhanced to a first-degree felony—exactly five weeks after the Defendant exercised his fundamental First Amendment right to file a federal civil rights lawsuit under 42 U.S.C. 1983 against Montgomery County, Mike Holley, and Richard Stein. Under *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004), this rapid, punitive escalation of charges following a defendant's invocation of a protective legal remedy establishes an unrebutted, mandatory presumption of vindictiveness. Because the State has failed to produce any objective, on-the-record evidence to justify this sudden escalation of charges, the pending indictment violates the Due Process Clause of the Fourteenth Amendment and the Due Course of Law provision of the Texas Constitution.

The third foundational defect is the active spoliation and bad-faith destruction of court records in the original theft case. The official certified court records reveal that on February 18, 2026, Judge Grant signed an Order of Dismissal and an Order of Destruction and Forfeiture targeting the underlying case files. This tactical erasure of the official record, executed while related civil rights litigation was pending, represents a deliberate attempt to cleanse the record of the State's initial *Franks* violations and prevent defense counsel from obtaining the original files via Article 39.14 of the Texas Code of Criminal Procedure. Under *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) and *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003), this intentional destruction of material, exculpatory evidence constitutes a "fraud on the court" that subverts the integrity of the judicial process, mandating the total suppression of all remaining derivative evidence and the immediate termination of all pretrial restraints.

## III. AS-APPLIED CONSTITUTIONAL RIGHT TO MEDICAL MARIJUANA FOR A DISABLED VETERAN

The current bond conditions require the Defendant to abstain from the use of all THC-containing products and submit to random, observed drug testing at his own expense. This condition is

unconstitutionally oppressive as applied to the Defendant, who is a disabled military veteran and a lawful resident of California. The Defendant has been diagnosed with severe chronic pain, post-traumatic stress disorder, and neuropathy, for which he has been prescribed medical cannabis by a licensed California physician. The Defendant's CA residency and veteran discharge records are submitted herewith as Exhibit A, and his valid physician prescription and medical cannabis registration are submitted as Exhibit B.

Under Texas Code of Criminal Procedure Article 17.40(a), a magistrate's authority to impose pretrial bond conditions is strictly limited to "reasonable" conditions related to securing the defendant's attendance at trial or ensuring the safety of the victim or the community. A bond condition that deprives a disabled veteran of his legally prescribed, non-smokable, CA-authorized medical cannabis is inherently unreasonable and oppressive.

**Texas Precedent Condemning Oppressive Pretrial Conditions**

Texas jurisprudence is well settled that a trial court's discretion to set pretrial bond conditions is not unlimited and must be exercised in accordance with guiding constitutional principles.

- **Ex parte Anderer, 61 S.W.3d 398, 405 (Tex. Crim. App. 2001)**: Reaffirms that "one of the purposes of release on bail pending trial is to prevent the infliction of punishment before conviction".

In the case of a disabled veteran using CA-prescribed medical cannabis under physician care **(SEE EXHIBIT B – VETERANS IDENTIFICATION CARD) (SEE EXHIBIT C – DR. MEDICAL MARIJUANA RECCOMENDATION)**, the State cannot produce a single shred of evidence showing that this medical compliance poses any threat to public safety or increases the risk of flight. Indeed, restricting the Defendant's access to his medically necessary, non-recreational treatment plan operates as a severe pre-conviction punishment in violation of due process.

**Persuasive Authority from Sister State Supreme Courts**

This constitutional reality has been recognized by multiple state supreme courts addressing similar restrictions on medical marijuana users under court supervision.

- **Gass v. 52nd Judicial District, 232 A.3d 706, 715 (Pa. 2020)**: Held that a judicial policy prohibiting pretrial releasees and probationers from using medical marijuana certified by a physician violates state statutory protections and immunity provisions, operating as an impermissible punishment.While *Gass v. 52nd Judicial District*, 232 A.3d 706 (Pa. 2020) interpreted the specific statutory immunities of the Pennsylvania Medical Marijuana Act, it serves as persuasive authority for the principle that blanket 'no-THC' policies are often found to be an abuse of discretion when applied to patients with a documented, physician-certified medical necessity. This Court is urged to apply the same spirit of 'reasonableness' required by **Tex. Code Crim. Proc. art. 17.40(a)** and perform an individualized assessment of the Defendant's specific medical needs, rather than enforcing a blanket prohibition that ignores his status as a disabled veteran under a legitimate California treatment plan
- **Reed-Kaliher v. Hoggatt, 347 P.3d 136, 139 (Ariz. 2015)**: Struck down supervised release conditions prohibiting the use of medical marijuana, holding that the state cannot condition a person's pretrial freedom on their agreement to forfeit lawful, physician-prescribed medical treatment.

These state supreme court rulings align with a powerful national consensus that medical cannabis use under a physician's care is a protected, non-criminal health matter. This consensus is further illustrated by the Rohrabacher-Farr/McIntosh Congressional funding rider, which explicitly bars the Department of Justice from using federal funds to interfere with state medical marijuana programs , and VHA Directive 1315, which protects veterans participating in state-approved marijuana programs. Under the Eighth Amendment's prohibition of cruel and unusual punishment and the Fourteenth Amendment's Due Process Clause, forcing a disabled veteran to choose between experiencing severe physical and

neurologic symptoms and pretrial incarceration is unconstitutionally oppressive.

## IV. NOTICE OF RELATED CASE AND PRIOR CIVIL LITIGATION

The current bond conditions, as set forth in Ancillary Bond Conditions **(SEE EXHIBIT D – ANCILLARY BOND CONDITIONS)**, explicitly prohibit the Defendant from any direct or indirect communication with the alleged victim, Lillene Ebanks. This absolute, zero-tolerance restriction represents a severe constitutional overreach that violates the Defendant's First Amendment right to petition the government for a redress of grievances and his Fourteenth Amendment right to due process of law.

The record in this case includes a "Notice of Related Case **(SEE EXHIBIT E – NOTICE OF RELATED CASE No. 26-02-02458)**" demonstrating that the Defendant is the *Plaintiff* in an active civil equity action involving the same real property, which commenced *prior* to the execution of any criminal warrant for forgery or subsequent arrest. The absolute, unmodified no-contact condition prevents the Defendant from prosecuting his civil claims, which is a structural impairment of his right to access courts.

**The Right to Access Courts under the First Amendment Petition Clause**

The right to access courts is a fundamental, constitutionally protected liberty interest that is reverse-incorporated to apply to state actors under the Fourteenth Amendment.

- **Marbury v. Madison, 5 U.S. 137 (1803)**: Chief Justice John Marshall described the ability to obtain civil redress in a court of law as the "very essence of civil liberty".
- **California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 513 (1972)**: Held that the right of access to the courts is an essential aspect of the right to petition under the First Amendment.
- **Bounds v. Smith, 430 U.S. 817, 821 (1977)**: Confirms that the state has an affirmative duty to protect and assist citizens in obtaining adequate, effective, and meaningful access to the courts.

By conditioning the Defendant's pretrial release on his absolute silence and complete forfeiture of his

right to communicate with the opposing party in a civil suit, the State has created an unconstitutional prior restraint on speech and litigation.

Because the civil lawsuit was already active prior to any criminal arrest, the Defendant's communication with Ebanks through his civil attorney represents a "legitimate purpose" under Texas law. there is no evidence in the record indicating that standard civil litigation communications between opposing counsel pose any threat to the victim or the community; thus, an absolute ban on civil contact is an abuse of discretion that must be terminated or modified to allow contact through counsel.

## V. EQUAL PROTECTION VIOLATIONS AND SELECTIVE ENFORCEMENT

The Fourteenth Amendment's Equal Protection Clause and Article I, Section 3 of the Texas Constitution prohibit the State from selectively enforcing laws based on impermissible considerations, such as retaliation for exercising constitutional rights. To prevail on a claim of selective prosecution, a defendant must satisfy the two-pronged test established in *Wayte v. United States*, 470 U.S. 598 (1985):

1. **Discriminatory Effect:** The Defendant must show that similarly situated individuals have not been prosecuted. Here, the State has pursued a high-level felony indictment against the Defendant while failing to initiate any prosecution, arrest, or bond conditions against Co-Defendant Christina Leigh Laugere. Evidence demonstrates that Ms. Laugere not only physically occupied the property in question but, when questioned, admitted to the conduct underlying the forgery charges during the initial inquiry for theft. The State's decision to ignore the primary actor while aggressively prosecuting the party who proactively reported the fraud creates a clear, documented disparate impact.

2. **Discriminatory Purpose:** The Defendant must show that the prosecution was motivated by a discriminatory intent. The timeline of this case creates an unrebutted presumption of vindictiveness. The indictment in Cause No. 26-03-05426-CR was secured exactly five weeks after the Defendant filed a federal civil rights lawsuit against the very officials / offices involved in this investigation. This temporal proximity, coupled with the unexplained failure to charge the

admitted primary perpetrator (Laugere), provides the required evidence of a retaliatory motive.

Because the State has failed to offer any neutral, non-retaliatory justification for this "bifurcated" enforcement scheme—where the admitted perpetrator remains at liberty and the reporter is heavily restricted—the current bond conditions are legally and constitutionally infirm.

**Table 2: Comparative Analysis of Disparate Pretrial Treatment**

| **Pretrial Parameter** | **Tre Christopher Roberts (Defendant)** | **Christina Leigh Laugere (Co-Defendant)** | **Constitutional Implication** |
|---|---|---|---|
| **Culpability Profile** | Acted as cooperative reporting party; immediately notified county officials of fraud ; executed voluntary Reversal Deed to clear title ; never possessed real property. | Primary actor in real estate fraud; physically occupied property ; sent appraiser to extract equity ; filed civil paternity suit using property address. | Severe disparity; the cooperative victim is prosecuted while the primary perpetrator is shielded. |
| **Arrest & Warrant Status** | Subjected to high-risk arrest under an unconstitutional, enhanced felony warrant. | Wanted for Forgery as of 03/11/2026 **(SEE Attached Exhibit A)**; admitted to forgery when questioned under original unenhanced theft warrant **(SEE Attached Exhibit F)**. | Discriminatory execution of warrant power in violation of Due Process. |
| **Active Criminal Charges** | Pending State Jail Forgery indictment enhanced to First-Degree Felony. | **No pending case, no open warrant, no active prosecution.** | Arbitrary selective prosecution under *Wayte* and *Armstrong*. |
| **Pretrial** | Oppressive bond conditions; | **No probation, no bond** | Unrebutted disparate |

| Pretrial Parameter | Tre Christopher Roberts (Defendant) | Christina Leigh Laugere (Co-Defendant) | Constitutional Implication |
|---|---|---|---|
| | | | treatment violating the |
| **Supervision Burdens** | travel restrictions; mandatory random drug/urinalysis testing; absolute no-contact order. | **conditions, no judicial oversight, no restrictions** [. | Fourteenth (Right to travel) & other constitutional Amendments . |

This extreme disparity in pretrial restrictions cannot be justified by any rational or compelling state interest. Laugere formally admitted to executing the forged signatures when questioned by law enforcement. Despite this explicit admission of guilt, the Montgomery County Sheriff's Office and District Attorney's Office have permitted Laugere to remain entirely free from prosecution, warrants, or bond conditions. Conversely, the Defendant—who holds an LL.M. and has actively cooperated with the state—remains under a highly restrictive bond program.

pretrial selective enforcement claims are fully cognizable because they go directly to the constitutional validity of the state's authority to restrain a citizen's liberty. Because the state has constructed an enforcement scheme that immunizes the confessed perpetrator while placing severe liberty-depriving bond conditions on the reporting party, the entire bond structure and these proceedings are infected with a fatal equal protection defect.

## VI. ANALYSIS OF THE SEVERITY OF CURRENT BOND CONDITIONS

The pretrial bond conditions currently imposed on the Defendant are unconstitutionally oppressive and serve as an impermissible form of pre-conviction punishment in violation of the Eighth Amendment and Article I, Section 13 of the Texas Constitution. Pretrial release conditions must be the least restrictive

means necessary to ensure appearance and public safety.

**Table 3: Summary of Oppressive Bond Conditions and Proposed Modifications**

| **Active Pretrial Restriction** | **Factual and Constitutional Defects** | **Controlling Legal Authority** | **Proposed Modification / Remedy** |
|---|---|---|---|
| **Absolute Cannabis/THC Ban** | Defendant is a disabled veteran using CA-prescribed medical cannabis under physician care for PTSD and neuropathy. | *Gass v. 52nd Judicial District*, 232 A.3d 706. | **Terminate** absolute ban; modify to permit CA-prescribed medical cannabis. |
| **Absolute No-Contact Order** | Restricts the Defendant from communicating with Ebanks/victim, preventing him from prosecuting his pre-existing civil quiet-title lawsuit [User Query]. | First Amendment Petition Clause***California Motor Transport Co. v. Trucking Unlimited***, 404 U.S. 508 (1972 ; | Terminate |
| **Random Drug Testing & Urinalysis Fees** | Imposes a severe financial burden on an indigent, disabled veteran; testing penalizes lawful medical treatment. | *ODonnell v. Harris Cty.*, 892 F.3d 147 (5th Cir. 2018). | **Terminate** random drug testing and associated fees. |
| **Travel Restrictions / Travel Bans** | Defendant is a California resident forced to remain in Texas or seek constant permission to return home. | Right to travel; | **Terminate** travel bans; allow Defendant to reside freely in California. |

The current pretrial bond conditions are unconstitutionally oppressive and serve as an impermissible

form of pre-conviction punishment in violation of the Eighth Amendment and Article I, Section 13 of the Texas Constitution. Pretrial release conditions must be the least restrictive means necessary to ensure appearance and public safety.

## VII. CONCLUSION AND PRAYER FOR RELIEF

An exhaustive review of the record and controlling Texas and federal jurisprudence reveals that the current pretrial bond conditions in Cause No. 26-03-05426-CR are structurally and constitutionally invalid. The Defendant, a disabled military veteran and California resident, is being subjected to random drug testing, travel bans, and a civil-litigation-chilling no-contact order under a prosecution that was brought in bad faith and in direct retaliation for his assertion of civil rights.

Pretrial bond conditions cannot be utilized as an instrument of pre-conviction punishment or as a tactical weapon to defeat a pre-existing civil quiet-title action. To preserve the constitutional order and protect the integrity of the 9th Judicial District Court, all pretrial bond conditions must be terminated immediately.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court:

1. **Conduct a pretrial evidentiary hearing** on this Motion to Terminate Pretrial Bond Conditions, or in the alternative, grant the requested relief on the face of the motion and the attached exhibits;
2. **Order the absolute and immediate termination** of all pretrial bond conditions in Cause No. 26-03-05426-CR, including all travel restrictions, random urinalysis mandates, drug testing fees, and communication bans ;
3. **In the alternative, modify the Defendant's bond conditions** as follows:
    - Explicitly permit the Defendant to use and possess his medically prescribed, Terminate Urinalysis, allowCalifornia-authorized medical cannabis for the treatment of his pre existing documented physical and psychological conditions;
    - Modify the no-contact condition to explicitly permit the Defendant to communicate with

Lillene Ebanks and related parties as necessary to prosecute his pre-existing civil quiet-title lawsuit; and

- Permit the Defendant to return to and reside freely at his permanent residence in Redondo Beach, California, during the pendency of this action.

4. **Grant the Defendant** all other and further relief, both in law and in equity, to which he may be justly entitled.

RESPECTFULLY SUBMITTED,

/S/TRE CHRISTOPHER ROBERTS, LL.M.

Defendant

Pro Se

1525 Aviation Blvd #213

Redondo Beach, CA 90278

Email: chrisrobertslawesq@gmail.com

Date: May 19, 2026