# Exhibit A

LAUGERE, CHRISTINA L, 39, SANTA MONICA

**LAUGERE, CHRISTINA LEIGH**

Age: 39
Hair Color: BRO
Eye Color: BRO
Height: 5'07"
Weight: 125

**Last Known Address**
525 BROADWAY; APT 1039
SANTA MONICA, CA 90401

**Warrant**
Warrant #: 25-10-16071
Wanted For: FORGERY FINANCIAL INSTR>=$150K<$300K ENH
Court: 9th DISTRICT
Judge: MICHALK
Bail Amount: $30,000.00

**Charges**
25020048 32.21(d) - FORGERY FINANCIAL INSTRUMENT

Search Again

This information is provided as a service and is not considered official court record. This information is updated on a regular basis but should not to be used as a confirmation or probable cause that any warrant is active. Information contained herein should not be relied upon for any type of legal action. The Montgomery County Sheriff's Office requests that no citizen take any individual action in this matter. Montgomery County Sheriff's office reserves the right to make changes and improvements at any time and without notice, and assumes no liability for damages incurred directly or indirectly as a result of errors, omissions or discrepancies. The information on this site is considered public record.

# Exhibit B

ChooseVA

Veteran Identification Card
TRE C ROBERTS



This card serves as proof of service in the Uniformed Services of the United States and does not reflect entitlement to any benefits administered by the Department of Veterans Affairs.

20241212-81205

# Exhibit C

DR WEEDY

# Medical Marijuana Recommendation & Certification

California's health and safety code section 11352.5

Online 24/7 evaluation | Phone: 1-888-409-2951 | Online verification: v.dr-weedy.com

---

**Patient name:** Tre Christopher Roberts

**Patient number:** 8512183754 **DOB:** 06/26/1992

**Visit date:** 09/25/2025 **Expiration date:** 09/25/2026

This statement certifies that I am a licensed physician in the state of California.

Tre Christopher Roberts has been evaluated for medical conditions which, in my professional opinion, may benefit from the use of medical marijuana (cannabis), pursuant to Health and Safety Code Section 11362.5 and Senate Bill 420. I have discussed with the patient the potential risks and benefits of medical marijuana. I approve his/her use of marijuana for medical purposes.

If my patient chooses to use medical marijuana, I will continue to monitor his/her medical condition and provide guidance on their progress at least annually. I have advised my patient to notify me of any changes to inform me of changes in their condition.

I have further advised my patient not to drive, operate heavy machinery, or engage in any activity requiring full alertness while under the influence of medical marijuana.

This recommendation certifies that Tre Christopher Roberts has one or more of the medical conditions approved under California law for which medical cannabis (marijuana) may be recommended.

Tre Christopher Roberts hereby grants permission for Dr. Lynn Buchanan, M.D., or their authorized representative, to verify this recommendation with law enforcement officials and licensed medical marijuana dispensaries upon request.

This letter is a non-transferable document. It remains the property of the physician named herein and may be revoked at any time without notice.

**This certification is valid for twelve (12) months unless otherwise indicated, altered, or misused. Valid only in California.**

**Physician Signature:**

**Physician Name:** Dr. Lynn Buchanan

**License Number:** 15365

DR-WEEDY.COM

**Address:** 101 Greenwich St Suite 1202 New York, NY 10006

**E-mail:** support@dr-weedy.com

CERTIFIED PATIENT • FOR MEDICAL USE ONLY • Dr-Weedy.com

---

**Verify Recommendation: v.dr-weedy.com** **Support Line: 1-888-409-2951**

# Exhibit D

6637195

CAUSE NO. 26-03-05426

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 9TH DISTRICT COURT OF |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| Roberts, Tre | § | 9TH JUDICIAL DISTRICT |

## ANCILLARY CONDITIONS OF BOND (FELONY)

Conditions of bond are hereby ordered to apply to the bond posted by the Defendant in the above-referenced cause. The Defendant shall:

(1) Submit to the Montgomery County Community Supervision & Corrections Department immediately following release from custody for intake;

(2) Abstain from the use of any alcohol, Cannabinoids, CBD oil containing products, or controlled substances, unless prescribed by a physician;

(3) Furnish a urine specimen for alcohol/drug testing. The Defendant shall continue to submit to random urinalysis alcohol/drug testing at his/her own expense at such time said testing may be requested by MCCSCD. Any detection of alcohol or non-prescription drugs in said urinalysis will be a violation of the Defendant's condition of bond. The Court considers dilute urinalysis to be positive urinalysis.

(4) Report as directed by the Judge or the Supervision Officer and pay a supervision fee of $60.00 per month to the Montgomery County CSCD;

(5) Commit no offense against the laws of this State or of any other State or of the United States;

(6) Avoid injurious or vicious habits;

(7) Notify MCDCSC of any change of email, address, employment and/or telephone;

(8) Not possess a firearm or knife, unless you are a full-time paid peace officer;

(9) Remain within the State of Texas, unless otherwise permitted by the Court or supervision officer;

- [x] Not communicate directly or indirectly with the victim or any member of the victim's family or household;
- [ ] No contact with anyone under 18. No internet use;
- [x] Not go to or within 200 yards of the residence, place of employment, business, and child care facility or school of the victim, or any member of the victim's household;
- [x] Not engage in conduct directed toward the victim, or any member of the victim's family or household, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass;
- [ ] Other conditions: __________

ORDERED and ENTERED this 8 day of MAY, 2026

__________ (signature)
Defendant's Signature

__________ (signature)
Judge Presiding

YOU MUST REPORT IN PERSON TO THE MONTGOMERY COUNTY ADULT PROBATION IMMEDIATELY UPON RELEASE FROM CUSTODY. You to bring a copy of these conditions of bond to the Montgomery County Community Supervision and Corrections Department located at 2245 North First Street, Conroe, Texas 77301.

**FAILURE TO COMPLY WITH THESE INSTRUCTIONS AND ALL CONDITIONS OF BOND MAY RESULT IN A WARRANT FOR YOUR ARREST.**

- [ ] This case involves a Violent Offense and/or Family Violence Offense as defined by Tex. Code Crim. Proced. Sec. 17.50 and the conditions in this order requires entry into TCIC/DPS database.

# Exhibit E

**Tre Christopher Roberts LL.M.**
**Defendant**
**Pro Se**
**1525 Aviation Blvd #213**
**Redondo Beach, CA 90278**
**Email : chrisrobertslawesq@gmail.com**

**STATE OF TEXAS**

**9TH JUDICIAL DISTRICT**

**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF:<br><br>THE STATE OF TEXAS<br><br>PLAINTIFF<br><br>VS.<br><br>TRE CHRISTOPHER ROBERTS<br><br>DEFENDANT' | * * * * * * * * * | FILE No.:<br><br>**NOTICE OF RELATED CIVIL ACTION AND STATEMENT OF JURISDICTIONAL CONFLICT**<br><br>**CAUSE NO. 26-03-05426-CR** |

Judge: **HONORABLE PHIL GRANT**

Next Hearing: JUNE 11, 2026

9 AM

**NOTICE OF RELATED CIVIL ACTION AND STATEMENT OF JURISDICTIONAL CONFLICT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Tre Christopher Roberts, appearing *pro se*, to provide formal notice to this Court regarding a pending civil action that holds direct legal significance for the above-captioned criminal causes.

## I. NOTICE OF RELATED PENDING CIVIL ACTION

The Defendant hereby notifies the Court of the ongoing litigation in the 284th Judicial District Court: *Tre Christopher Roberts v. Lillene Ebanks*, Case No. 26-02-02458, filed February 13, 2026 **(See Attached Exhibit A)**. This civil matter concerns the identical subject matter, parties, and third-party fraud claims currently being addressed in these criminal proceedings. The Defendant has maintained an active record of notifying County officials regarding these fraudulent circumstances since October 2025. The Purpose of this Lawsuit is to clear any lingering Montgomery County records Cloud, Delcare the involved Parties Victims of third Party fraud and restore the integrity of Montgomery County property Records in favor of Lillene Ebanks.

## II. STATEMENT OF JURISDICTIONAL CONFLICT AND PROCEDURAL IMPLICATIONS

The pendency of the 284th Judicial District Court case creates a direct conflict that mandates this Court's immediate administrative review. The Defendant respectfully submits that the current criminal prosecution is untenable based on the following:

1. **Negation of *Mens Rea*:** The Defendant's formal initiation of a civil action to remedy third party fraud, filed prior to the issuance of any forgery criminal warrant or arrest, constitutes dispositive evidence of a "restorative intent." This intent is legally incompatible with the *mens rea* required to establish a charge of forgery under the Texas Penal Code.

2. **Statutory and Legal Impossibility:** As the 284th Judicial District Court has exercised subject matter jurisdiction over this controversy since February 2026, the ongoing criminal prosecution constitutes a parallel, conflicting exercise of state power. In addition, the defendant informed the county of his status as a victim of third party fraud and restorative intent since October 2025. This creates a procedural defect where the State seeks to criminalize conduct that the Defendant has already submitted to the civil courts for lawful civil resolution.

3. **Constitutional Due Process and Retaliatory Prosecution:** The pursuit of criminal indictments in the face of an ongoing, prior-filed civil action for the same underlying facts raises substantial concerns regarding the Defendant's Fourteenth Amendment rights to Due Process and protection against prosecutorial vindictiveness, consistent with the principles set forth in *Neal v. State*.

## III. REQUEST FOR RELIEF

In light of the totality of these circumstances, the Defendant brings this notice to the Court's attention to assist in the necessary oversight of these causes. The Defendant respectfully requests that this Court:

1. **Take Judicial Notice** of the civil action in the 284th Judicial District Court **(See Attached Exhibit A)**;

2. **Acknowledge the Jurisdictional Conflict** presented by the existence of this related civil proceeding; and

3. **Grant the requested relief of dismissal** based on the factors of legal impossibility, civil rights violations, and the necessity of preventing irreconcilable conflicts between civil and criminal judgments.

Respectfully submitted,

/S/ Tre Christopher Roberts, LL.M.

*Pro Se*

1525 Aviation Blvd #213

Redondo Beach, CA 90278

Email: chrisrobertslawesq@gmail.com

# Exhibit F

RECEIVED AND FILED
FOR RECORD
At 2:45 O'Clock P M.

OCT 0 1 2025

Melisa Miller, District Clerk
Montgomery, Texas
By ________ Deputy

25-10-16082 9th

# The STATE OF TEXAS

# COMPLAINT

## Affidavit For Warrant of Arrest

| Count | Charges | Statute | Degree | DA File # | Agency # |
|---|---|---|---|---|---|
| 1 | THEFT PROP >=$150K<$300K ENH IAT | 31.03(f) | First Degree Felony | 25F-005426 | 25A176876 |

**In the Name and by Authority of The STATE of TEXAS:**

BEFORE ME, the undersigned Authority, on this day personally appeared R. Stein, who after being by me duly sworn, on oath deposes and says: That He has good reason to believe and does believe and charged that heretofore, to-wit: on or about March 06, 2025, A.D., and before the making and filing of this Complaint, in the County of Montgomery and State of Texas, CHRISTOPHER TRE ROBERTS, the Defendant, did then and there unlawfully appropriate property, to-wit: real property, of the value of $300,000 or more, from Lillene Ebanks, the owner, who was then and there an elderly individual, with intent to deprive the owner of the property,

Affiant, R. Stein, is a certified Texas Peace Officer employed by Montgomery County Sheriff's Office. Based on his/her own investigation and review of Offense Report # 25A176876, Affiant can state the following:

On March 19, 2025, Officer Bymaster of the Roman Forrest Police Department took a report from Lillene Ebanks who is 70 years old, DOB: 04/17/1955, ID by her TX DL 00682153. The complainant stated her niece, Christina Laugere, filed a quick deed claim on her house without her knowledge. The complainant found out about the quick claim deed when an appraiser came to her house. The appraiser stated a mortgage company had sent him to the Woodgreen Terrace. The suspect Laugere was trying to cash out the equity for the house. The complainant stated the house is paid off and is worth approximately $250, 000.

On June 12, 2025 Deputy Robinson took a report from Lilliene Ebanks. Lillene stated that she went to pay her taxes at the Montgomery County Tax office and found that she no longer owned the properties. Lilliene found her two pieces of property had been transferred to her niece, Christian Laugere, and a male, Tre Roberts, she does not know. The tax office provided Lilliene with a copy of 2 Quit Claim Deeds that Lilliene indicated she did not authorize. One property is located in Roman Forest and she has file a report in Roman Forest, RFPD case 25G002840, for



Minute

OCT 0 1 2025

that property and the other is this property. Tax office lady advised the couple came in a few minutes apart and filed the Quit Claim Deeds on the same day.

On June 20, 2025, Affiant with the Montgomery County Sheriff's Office was assigned this case. Affiant spoke with Roman Forest Police Department and had their case referred to Montgomery County Sheriff's Office under Case # 25A233327. The cases were worked under MCSO Case # 25A176876.

The first property involved is listed by Quit Claim Deed by Montgomery County Clerk Document # 2025022380 with a Legal Description of S798706 – PINEWOOD AT GRAND TEXAS 06, BLOCK 2, LOT 11 has an approximate worth of $50,000 per the 2024 Tax Assessment. The address associated with this property is listed as 22342 Curly Maple Dr, New Caney, Tx 77357. The document that was filed states that the Grantor is Lillene Christy Ebanks and the Grantee is Tre Christopher Roberts and it shows as that it was notarized by Sharon Dixon of the Commonwealth of Virginia. The document was signed on March 6, 2025 and was filed on March 10, 2025

The second property that is involved is located at 23764 Woodgreen Terrace, New Caney, TX and had had a Quit Claim Deed filed with the Montgomery County Clerk's Office with Document # 2025022283. The legal description is TAVOLA SEC 25, BLOCK 1, LOT 16 23764 WOODGREEN DR., NEW CANEY, TX 77357. It lists the Grantor as Lillene Ebanks and the Grantee is Christa Laugere. The document was notarized by Sharon Dixon of the Commonwealth of Virginia. The document is dated March 6, 2025 and filed at March 10, 2025.

In reviewing the information about the properties Affiant subpoenaed and received copies of records from the Montgomery County Tax Assessor's Office, The Montgomery County Appraisal District, and the Montgomery County Clerk of Courts. In the Warranty Deeds for both properties they are both notarized by Sharon Dixon. Sharon Dixon is a Notary for the Commonwealth of Virginia.

Affiant spoke to Sharon Dixon and she advised that she does work online through a company that she owns named Executive Notary Pro at the phone number 757-320-0535. Sharon was shown copies that had her notary information affixed to and she stated that the first signature is not hers and pointed out how the bottom of the S in her first name was cut off. Sharon went on to say that this was a forgery due to her seal not being next to her name. Sharon confirmed she notarized a Power of Attorney document for Tre Roberts on May 15, 2024, at 11:35 PM but she did NOT notarize the Quit Claim Deed dated March 6, 2025. She reviewed a copy of the Quit Claim Deed and confirmed that the notarial acknowledgment appears to have been altered, and that her signature has been forged. She had no record in her official notary journal of notarizing a Quit Claim Deed for Tre Roberts. Affiant presented Sharon with the quick claim deed from the Roman Forest address and she stated that she didn't have any records about completing that deed. Sharon also confirmed that her Notary stamp and seal were fraudulent.



Minute

OCT 0 1 2025

On September 19, 2025, Affiant attempted to make contact with Christina and Tre via telephone calls and in both cases left voicemails for them to contact Affiant about this case. Affiant did make contact with Christina and she stated that her grandmother left her the property, however she didn't know of any wills or probate actions that granted her the property. Christina stated that she did sign the Deed on Woodgreen Terrace Dr. and that Lillene was present. Christina stated that she doesn't know anything about the Deed on Curly Maple or Tre Christopher Roberts. Christina stated that her uncle (Dryl) and her father (Deal) know more about the estate. Affiant contacted Dryl and he stated Lillene was taking care of the estate. Affiant has reached out to Deal and have had no contact.

The value of the property located at 22342 Curly Maple, New Caney, Tx 77357 Property ID # 548471 is $253,617 and the value of the property located at 23764 Wood Green Terrace Dr, New Caney, Tx 77357 Property ID # R485745 Is $226,000 Per the Montgomery County Tax Office. The total loss is $479,617.

Wherefore I believe that probable cause exists to believe that ROBERTS, CHRISTOPHER TRE has committed the felony offense of THEFT PROP >=$150K<$300K ENH IAT. Accordingly, I ask for issuance of a warrant authorizing the arrest and seizure of ROBERTS, CHRISTOPHER TRE for said offense and that he/she be dealt with as the law provides.

**Against the Peace and Dignity of the State.**

Affiant

SUBSCRIBED and SWORN to before me by said Affiant on this the 25th day of September, 20 25 and I am an official authorized to administer this oath pursuant to Tex. Gov't Code § 602.002.

Justin Pierce
Printed Name of Peace Officer

11776
Signature of Peace Officer



Minute
OCT 0 1 2025

Case 4:26-cv-01389 Document 76 Filed 05/04/26 in TXSD Page 4 of 4

Sworn to and subscribed before me by ________________, a credible person this _____day of __________________, 20____.

______________________________

Assistant District Attorney/Magistrate

BOND RECOMMENDATION: $ 100,000./ Victim is elderly and value of the property

I, the undersigned Magistrate, have examined the facts, statements and charges set out in the above complaint together with the reasons of the Affiant to believe that such charge is true and correct and after receiving evidence and testimony in support of such charge I find that probable cause exists for the issuance of a warrant for the arrest of the above accused.

______________________________
MAGISTRATE, 9th Judicial District
Montgomery County, Texas

DATE: 09/30/25

J. WALKER
PRINTED NAME OF MAGISTRATE

Upon issuance of warrant, to be assigned to the _______District Court.

Warrant # ______________ Date Issued: ____________________

Bond Amount $ 50,000.—



Minute

OCT 01 2025

RECEIVED AND FILED
FOR RECORD
At 1:49 O'Clock P M.

MAY 20 2026

Melisa Miller, District Clerk
Montgomery, Texas
By CL Deputy

**Tre Christopher Roberts LL.M.**
**Defendant**
**Pro Se**
**1525 Aviation Blvd #213**
**Redondo Beach, CA 90278**
**Email : chrisrobertslawesq@gmail.com**

**STATE OF TEXAS**

**9TH JUDICIAL DISTRICT**

**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF: | * | FILE No.: |
| THE STATE OF TEXAS | * | |
| PLAINTIFF | * | **MOTION TO EXPEDITE HEARING AND STATEMENT OF CONSTITUTIONAL INFRACTIONS** |
| VS. | * | |
| TRE CHRISTOPHER ROBERTS | | |
| DEFENDANT' | | **CAUSE NO. 26-03-05426-CR** |

Judge: **HONORABLE PHIL GRANT**

Next Hearing: JUNE 11, 2026
9 AM

# MOTION TO EXPEDITE HEARING AND STATEMENT OF CONSTITUTIONAL INFRACTIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

## I. STATEMENT OF CONSTITUTIONAL INFRACTIONS

The Defendant asserts that his continued pretrial detention and restrictive bond conditions, coupled with the State's prosecutorial conduct, violate both the U.S. and Texas Constitutions:

1. **First Amendment (U.S.) / Art. I, § 13 (TX): Right to Redress.** The State's "no-contact" order prohibits the Defendant from communicating with the defendant in his pre-existing civil lawsuit (*TCR v. Lillene Ebanks*, filed 2/13/26). This order is an unconstitutional state-sanctioned impediment to the Defendant's right to seek legal redress.

2. **Fourth Amendment (U.S.) / Art. I, § 9 (TX): Unreasonable Seizure.** The initial warrant, predicated on the same contested deed that resulted in the State's own dismissal of theft charges in Cause No. 25-10-16082-CR, lacks the required probable cause for a forgery charge.

3. **Fifth Amendment (U.S.) / Art. I, § 19 (TX): Due Course of Law.** The State's pursuit of forgery charges after dismissing theft charges—based on the same factual predicate—constitutes arbitrary, capricious, and vindictive prosecution.

4. **Eighth Amendment (U.S.) / Art. I, § 13 (TX): Cruel Treatment.** Forcing a disabled, homeless veteran to comply with restrictive bond conditions—without stable housing or access to his service-connected support networks—constitutes cruel and unusual punishment.

5. **Fourteenth Amendment (U.S.) / Art. I, § 3 (TX): Equal Protection.** The selective prosecution of the Defendant, who proactively reported the third-party fraud to the County, denies him equal protection under the law compared to similarly situated individuals.

6. **Art. I, § 29 (TX): Bill of Rights Exception.** The State's disregard for these fundamental rights renders the current prosecution and restrictive conditions *void ab initio*.

## II. URGENCY OF EXPEDITED REVIEW

These violations are ongoing. Each day the Defendant remains under these conditions, his physical and mental health—already compromised by service-connected disabilities—deteriorates. The June 11, 2026, hearing date is insufficient to mitigate these emergent harms.

## III. PRAYER

The Defendant respectfully requests that this Court:

1. **Advance/Expedite** the hearing currently scheduled for June 11, 2026, to the earliest possible date;

2. **Grant immediate relief** by terminating the bond conditions that are currently causing the Defendant irreparable harm; and

3. **Grant such further relief** as this Court deems necessary to prevent further constitutional violations.

Respectfully submitted,

Tre Christopher Roberts, LL.M.

*Pro Se*

1525 Aviation Blvd #213

Redondo Beach, CA 90278

Email: chrisrobertslawesq@gmail.com

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 20th day of May, 2026, a true and correct copy of the following documents:

**1. <u>MOTION TO EXPEDITE HEARING AND STATEMENT OF CONSTITUTIONAL INFRACTIONS</u>**

were served upon the following parties via the methods indicated below:

**Office of the District Attorney** Montgomery County District Attorney's Office 207 W. Phillips St. Conroe, TX 77301 **[ ] Hand Delivery [X] U.S. Postal Service (First Class Mail)**

**District Clerk's Office** Montgomery County District Clerk 210 W. Davis St. Conroe, TX 77301 **[X] Hand Delivery**

/S/Tre Christopher Roberts, LL.M.

*Pro Se*

1525 Aviation Blvd #213

Redondo Beach, CA 90278

Email: chrisrobertslawesq@gmail.com

RECEIVED AND FILED
FOR RECORD
At 1:50 O'Clock P M.

MAY 20 2026

Melisa Miller, District Clerk
Montgomery, Texas
By ______ Deputy

**Tre Christopher Roberts LL.M.**
**Defendant**
**Pro Se**
**1525 Aviation Blvd #213**
**Redondo Beach, CA 90278**
**Email : chrisrobertslawesq@gmail.com**

**STATE OF TEXAS**

**9TH JUDICIAL DISTRIST**

**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF:<br><br>THE STATE OF TEXAS<br><br>PLAINTIFF<br><br>VS.<br><br>TRE CHRISTOPHER ROBERTS<br><br>DEFENDANT' | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | FILE No.:<br><br>**NOTICE OF RELATED CIVIL ACTION AND STATEMENT OF JURISDICTIONAL CONFLICT**<br><br>**CAUSE NO. 26-03-05426-CR** |

Judge: **HONORABLE PHIL GRANT**

Next Hearing: JUNE 11, 2026
9 AM

**NOTICE OF RELATED CIVIL ACTION AND STATEMENT OF JURISDICTIONAL CONFLICT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Tre Christopher Roberts, appearing *pro se*, to provide formal notice to this Court regarding a pending civil action that holds direct legal significance for the above-captioned criminal causes.

## I. NOTICE OF RELATED PENDING CIVIL ACTION

The Defendant hereby notifies the Court of the ongoing litigation in the 284th Judicial District Court: *Tre Christopher Roberts v. Lillene Ebanks*, Case No. 26-02-02458, filed February 13, 2026 **(See Attached Exhibit A)**. This civil matter concerns the identical subject matter, parties, and third-party fraud claims currently being addressed in these criminal proceedings. The Defendant has maintained an active record of notifying County officials regarding these fraudulent circumstances since October 2025. The Purpose of this Lawsuit is to clear any lingering Montgomery County records Cloud, Delcare the involved Parties Victims of third Party fraud and restore the integrity of Montgomery County property Records in favor of Lillene Ebanks.

## II. STATEMENT OF JURISDICTIONAL CONFLICT AND PROCEDURAL IMPLICATIONS

The pendency of the 284th Judicial District Court case creates a direct conflict that mandates this Court's immediate administrative review. The Defendant respectfully submits that the current criminal prosecution is untenable based on the following:

1. **Negation of *Mens Rea*:** The Defendant's formal initiation of a civil action to remedy third party fraud, filed prior to the issuance of any forgery criminal warrant or arrest, constitutes dispositive evidence of a "restorative intent." This intent is legally incompatible with the *mens rea* required to establish a charge of forgery under the Texas Penal Code.

2. **Statutory and Legal Impossibility:** As the 284th Judicial District Court has exercised subject matter jurisdiction over this controversy since February 2026, the ongoing criminal prosecution constitutes a parallel, conflicting exercise of state power. In addition, the defendant informed the county of his status as a victim of third party fraud and restorative intent since October 2025. This creates a procedural defect where the State seeks to criminalize conduct that the Defendant has already submitted to the civil courts for lawful civil resolution.

3. **Constitutional Due Process and Retaliatory Prosecution:** The pursuit of criminal indictments in the face of an ongoing, prior-filed civil action for the same underlying facts raises substantial concerns regarding the Defendant's Fourteenth Amendment rights to Due Process and protection against prosecutorial vindictiveness, consistent with the principles set forth in *Neal v. State*.

## III. REQUEST FOR RELIEF

In light of the totality of these circumstances, the Defendant brings this notice to the Court's attention to assist in the necessary oversight of these causes. The Defendant respectfully requests that this Court:

1. **Take Judicial Notice** of the civil action in the 284th Judicial District Court **(See Attached Exhibit A)**;

2. **Acknowledge the Jurisdictional Conflict** presented by the existence of this related civil proceeding; and

3. **Grant the requested relief of dismissal** based on the factors of legal impossibility, civil rights violations, and the necessity of preventing irreconcilable conflicts between civil and criminal judgments.

Respectfully submitted,

/S/ Tre Christopher Roberts, LL.M.

*Pro Se*

1525 Aviation Blvd #213

Redondo Beach, CA 90278

Email: chrisrobertslawesq@gmail.com

# Exhibit A

Received and E-Filed for Record
2/13/2026 9:39 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Braden Gilbert

26-02-02458
CAUSE NO. ____________
Liang ZHOU

TRE CHRISTOPHER ROBERTS
PLAINTIFFF
1201 N CATALINA #3163
REDONDO BEACH, CA 90277
1CHRISROBERTS23@GMAIL.COM

**DISTRICT COURT**

**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | * | CAUSE No.: |
| | * | |
| **Tre Christopher Roberts** | * | ____________ JUDICIAL DISTRICT |
| | * | Montgomery County - 284th Judicial District Court |
| **VS.** | * | COURT |
| | * | LOCATION: ____________ |
| **Lillene Ebanks** | * | |
| | * | MONTGOMERY COUNTY, TEXAS |
| | * | **PETITION FOR DECLARATORY JUDGMENT, ACTION TO QUIET TITLE, AND STATUTORY RELIEF** |

Judge: 

Next Hearing:

**PETITION FOR DECLARATORY JUDGMENT, ACTION TO QUIET TITLE, AND STATUTORY RELIEF**

CAUSE NO. ____________
Liang ZHOU

**DISTRICT COURT**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | * | FILE No.: |
| **Tre Christopher Roberts** | * | |
| **VS.** | * | |
| **Lillene Ebanks** | * | **PETITION FOR DECLARATORY JUDGMENT, ACTION TO QUIET TITLE, AND STATUTORY RELIEF** |

Judge: Next Hearing:

# ORIGINAL PETITION FOR DECLARATORY JUDGMENT, ACTION TO QUIET TITLE, AND STATUTORY RELIEF

**TO THE HONORABLE JUDGE OF SAID COURT:**

Petitioner, **TRE CHRISTOPHER ROBERTS**, files this petition. Petitioner seeks to purge a fraudulent instrument from the public record, restore the record owner's title, and asserts statutory standing under **Texas Civil Practice & Remedies Code Chapter 12** to establish the fraudulent nature of the underlying transaction.

**CAUSE NO.____________________**

## I. STATUTORY STANDING & WAIVER OF PENALTY

1.1 The § 12.002 Entitlement: Petitioner brings this action under *Texas Civil Practice & Remedies Code § 12.002*, which provides a civil cause of action against the filing of fraudulent instruments. As a party whose professional name and status were utilized without authorization to give a fraudulent deed the appearance of legal effect, Petitioner is a victim of third-party deception. Under the laws of the State of Texas, Petitioner is thus entitled to statutory damages of at least $10,000, reasonable attorney's fees, and exemplary damages.

1.2 Waiver for Equity: Notwithstanding this clear legal entitlement and the financial injury caused by the third-party's actions, Petitioner hereby waives any and all claims to the $10,000 statutory penalty. Petitioner seeks no windfall or profit from these proceedings.

1.3 Intent of Petitioner: Petitioner's invocation of Chapter 12 is for the exclusive purpose of obtaining a judicial finding that the March 2025 Deed is a fraudulent document **(See Exhibit A)**. Petitioner's sole motive is to be "made whole" through the judicial expungement of his name from this transaction and the immediate, undisputed restoration of the Property to the rightful record owner, LILLENE EBANKS.

## II. THE UNAUTHORIZED AUTHENTICATION (FORGERY)

2.1 Presumptive Validity of Foreign Notarial Acts: Petitioner was presented and relied upon a conveyance instrument bearing the facially valid seal and signature of a Commonwealth of Virginia Notary Public. Pursuant to Tex. Civ. Prac. & Rem. Code *§ 121.001*, an acknowledgment taken outside of Texas but within the United States has the same effect as an acknowledgment taken in Texas. This reliance was based on a close personal and romantic relationship with a third party, through which Petitioner was led to believe the transfer was legitimate.

2.2 Violation of Virginia Notarial Duties: Under Virginia Code § 47.1-15, a notary is strictly prohibited from performing a notarial act if the principal (the Grantor) is not in the notary's presence at the time of the notarization. It is now established that the record owner, LILLENE EBANKS, did not appear before the Virginia Notary.

2.3 Third-Party Fraudulent Inducement: The notarial acknowledgment was an unauthorized fabrication procured by a third party via deception or impersonation. Because the mandatory "Physical Presence" requirement of *Va. Code § 47.1-15* was not met, **the authentication is a legal nullity. Consequently, the resulting deed is void ab initio under Texas law as a forged instrument (See Exhibit B)**.

2.4 Physical Absence and Lack of Oversight: At the time this unauthorized Virginia notarial act was performed, Petitioner was physically located outside the Commonwealth of Virginia and the State of Texas. Petitioner was a stranger to the authentication process, had no communication with the Virginia notary, and had no opportunity to oversee the identity verification process required by Virginia law.

## III. EQUITABLE RENUNCIATION & FAILURE OF CONSIDERATION

3.1 Termination of Transactional Interest: Petitioner has and remains with a lack of intent to acquire or retain any permanent interest in the Property is objectively demonstrated by the voluntary expiration of the business pursuit. Petitioner, evaluating the Property through a professional vetting process, elected to let a contingent funding offer expire in April 2025. This affirmative decision to abandon the transaction occurred months prior to any notice of a title discrepancy, establishing that Petitioner never intended to assert a permanent claim or exercise dominion over the Property, nor does the petitioner intend to start now or in the future.

3.2 Total Failure of Consideration and Possession: It is a fundamental principle of Texas Property Law that a valid conveyance requires a "meeting of the minds" regarding the material terms of the transfer. *See David J. Sacks, P.C. v. Haden, 266 S.W.3d 447, 450 (Tex. 2008).*

A. Absence of Consideration: While a deed may be valid as a gift, in a business context, a conveyance must be supported by valuable consideration. Petitioner received zero financial consideration, loan proceeds, or any tangible benefit from this transaction. Under Texas law, a total failure of consideration is grounds for the rescission of a deed. *See City of Corpus Christi v. S. S. Smith & Sons, Inc.*, 504 S.W.2d 522 (Tex. Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.).

**CAUSE NO.__________________**

B. Absence of Possession and Dominion: Under *Texas Property Code § 5.021*, a conveyance of an estate of inheritance, a freehold, or an estate for more than one year, in land and tenements, must be in writing and must be subscribed and delivered by the conveyor. Petitioner never asserted a possessory interest or took "delivery" in a manner that established dominion. Petitioner never sought entry, never altered locks, and never interfered with the record owner's use and enjoyment of the premises.

C. Legal Nullity: In addition to the aforementioned, because there was no exchange of value and no mutual assent between the Petitioner and the record owner, LILLENE EBANKS, the transaction lacks the "concurrence of wills" necessary to effectuate a transfer of title. Consequently, the instrument remains a legal nullity and a cloud on the title that equity must remove.

**3.3 Remedial Restoration of Title and Mandatory Judicial Cancellation**

Immediately upon realizing that the third-party's representations were not aligned with the record owner's intent, Petitioner acted with professional dispatch to clear the public record and mitigate any potential harm to the chain of title.

A. Affirmative Notice and Whistleblowing: Petitioner did not remain passive; rather, he affirmatively contacted the Montgomery County Clerk and the relevant property appraisers to disclose the discovery of the title discrepancy. This contemporaneous disclosure establishes that Petitioner was the party who identified and reported the cloud, rather than the party who sought to profit from the property or hoard it as his own.

B. Mandatory Rescission of a Void Instrument: While Petitioner voluntarily funded the restoration of the status quo from abroad, such restoration is legally Necessitated because the March 2025 Deed is void ab initio. Under Texas Government Code § 406.013 and Va. Code § 47.1-15, a notarial act performed in the absence of the principal is a legal nullity. Because the record owner, LILLENE EBANKS, was never present for the notarization **(See Exhibit B)**, the deed is a forgery as a matter of law. In Texas, a forged deed is "void," not merely "voidable," and passes no title. *See Hennessy v. Blair*, 173 S.W. 871 (Tex. 1915). A court has no discretion to maintain a void instrument in the public record.

**CAUSE NO.________________________**

Once a document is shown to be void for lack of the required statutory acknowledgments, the court must order its cancellation to protect the integrity of the sovereign's property records.

C. Equitable Mistake of Fact and Lack of Delivery: Petitioner's proactive payment of filing fees and the coordination of the Notarized Reversal Deed—conducted while Petitioner was outside the country—confirms that his involvement was based on a Unilateral Mistake of Fact. In Addition, his act of "voluntary restoration" serves as a formal Equitable Rescission of the transaction. *See Humphrey v. Ball*, 917 S.W.2d 128 (Tex. App.—Houston [14th Dist.] 1996) (discussing the court's power to rescind an instrument where a party acts to restore the status quo). However, Because there was no "delivery" with the intent to convey—a mandatory requirement under Tex. Prop. Code § 5.021—the instrument never became effective. Petitioner's subsequent actions do not merely "ask" for rescission; they establish that the instrument is a fraudulent filing that the Court is empowered, and indeed required, to strike pursuant to Tex. Gov't Code *§ 51.903.*

C. Equitable Mistake of Fact: Under the doctrine of Mutual Mistake, a court of equity may reform or rescind an instrument when the parties acted under a misunderstanding of the material facts. *See T.P.R.L., Inc. v. Alias*, 610 S.W.2d 754 (Tex. 1980). Petitioner's conduct—notifying officials and funding the reversal—confirms that his involvement was based on an Equitable Mistake of Fact. His sole objective has been, and remains, the restoration of the rightful owner's fee simple interest, LILLENE EBANKS, and the removal of the cloud on title pursuant to Tex. Prop. Code § 12.002

## IV. PRAYER FOR RELIEF

Petitioner prays that the Court:

1. Enter a finding that the March 2025 Deed on the above referenced property is a fraudulent instrument pursuant to Tex. Gov't Code § 51.903;

2. Issue a Declaratory Judgment that the Deed is null, void, and of no legal effect;

3. Quiet Title in favor of Lillene Ebanks, striking Petitioner's name from the chain of title;

**CAUSE NO.** ____________

4. Acknowledge Petitioner's waiver of statutory damages, confirming Petitioner's intent is solely the restoration of legal order and the clearing of his professional name.

**Date : 2/11/2026**

**RESPECTFULLY SUBMITTED,**

**X/S/ TRE CHRISTOPHER ROBERTS**

Notice Of Related Case Filing 4:26-CV-1389