Tre Christopher Roberts LL.M.
Plaintiff
1525 Aviation Blvd #213
Redondo Beach, CA 90278
Chrisrobertslawesq@gmail.com
(310)421-7058

United States Courts
Southern District of Texas
FILED
JUN 09 2026
Nathan Ochsner, Clerk of Court

**UNITED STATES OF AMERICA**
**FEDERAL COURT**

**5TH CIRCUIT**

**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TRE CHRISTOPHER ROBERTS<br>Plaintiff,<br>vs.<br>MONTGOMERY COUNTY ET AL.<br>Defendants. | Case No.: 4:26-cv-01389<br>**MONTGOMERY COUNTY ACTUAL NOTICE, COMMUNICATION, AND *MONELL* LIABILITY LOG** |

Dated: 06/09/2026

JUDGE :HON. GEORGE C. HANKS JR.

## EVIDENTIARY RECORD: MONTGOMERY COUNTY ACTUAL NOTICE, COMMUNICATION, AND *MONELL* LIABILITY LOG

**Venue Context:** United States Federal Court - 5th Circuit – Southern District of Texas (Houston Division)

**Primary Target:** Montgomery County, Texas (Municipal Corporate Entity)

**Target Policymakers:** The Montgomery County Commissioners Court, County Judge Mark Keough, County Attorney B.D. Griffin, District Attorney Mike Holley, Sheriff Wesley Doolittle and auditor Rakesh Pandy.

**Core Objective:** To document, chronologically index, and legally anchor the undisputed electronic and administrative notice served upon final county policymakers. This log serves as a permanent, unassailable record proving actual knowledge, deliberate indifference, and policy-level ratification under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## PART I: THE 5TH CIRCUIT *MONELL* JURISPRUDENTIAL FRAMEWORK

To hold Montgomery County liable under 42 U.S.C. § 1983, the record must establish that a municipal policy, widespread custom, or the deliberate choice of a final policymaker was the "moving force" behind the constitutional deprivation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). This log satisfies these stringent requirements through four established Fifth Circuit pathways:

1. **Ratification via Silent Indifference:** Under *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), where final policymakers fail to discipline, investigate, or intervene after receiving actual notice of egregious constitutional violations committed by their subordinates, their failure to act operates as a retrospective ratification of the unlawful custom.

2. **Deliberate Indifference to Clear Exculpatory Evidence:** Under *Sanders v. English*, 950 F.2d 1152 (5th Cir. 1992), law enforcement and prosecuting officials violate the Fourth Amendment when they "actively participate in the maintenance of a prosecution" after learning of exculpatory evidence that completely negates probable cause.

3. **Overcoming the Independent Intermediary Shield:** The grand jury's indictment does *not* insulate the county from liability where the initiating officers and prosecutors performed an intentional "gate keeping fraud" by actively withholding patently exculpatory evidence and a standing state-court order of destruction from the grand jury panel. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).

4. **The Collective Knowledge & Silo Destruction Doctrine:** Under Fifth Circuit municipal customs doctrine, a county cannot escape liability by claiming "information decoupling" or "bureaucratic silos" when its chief civil defense attorneys (the County Attorney) and its chief criminal prosecutors (the District Attorney) are simultaneously and repeatedly served with identical records.

## PART II: MONTGOMERY COUNTY DE JURE & DE FACTO POLICYMAKERS

Texas law dictates that the following entities and individuals possess final, non-delegable policy making authority over their respective municipal divisions:

- **The Montgomery County Commissioners Court ( County Judge Mark Keough, Robert Walker, Charlie Riley, Matt Gray, Ritch Wheeler):** The final governing, legislative, and corporate fiscal body of Montgomery County, possessing sole authority over municipal funding, risk management reserves, and structural policies.
- **District Attorney Mike Holley:** The final municipal policymaker for the Montgomery County District Attorney's Office (MCDA) regarding criminal intake, prosecution, grand jury presentations, and ethical disclosure policies.

- **Sheriff Wesley Doolittle:** The final municipal policymaker for the Montgomery County Sheriff's Office (MCSO) regarding warrant database maintenance, fugitive coordination, detective supervision, and jail operations.
- **County Attorney B.D. Griffin:** The chief civil legal officer for Montgomery County, responsible for managing municipal liability, defense of civil claims, and direct advisory oversight of the county's corporate legal risks.

## **PART III: CHRONOLOGICAL NOTICE, COMMUNICATION, AND RATIFICATION LOG**

### **SECTION A: THE PRE-WARRANT WHISTLEBLOWER & REMEDIATION PHASE (OCTOBER 2025)**

*This phase establishes that Montgomery County's administrative apparatus had actual notice that the underlying property transfer was disputed, fraudulent, or a forgery before any criminal warrant was pursued, sworn out, or maintained.*

**ENTRY A.1**

- **Date & Time:** October 2, 2025, at 7:45 AM GMT-5
- **Sender:** Christopher Roberts (Tre Christopher Roberts, LL.M.) `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `ownershipchange@mcad-tx.org` (Stephanie Bush, GIS/Mapping, Montgomery Central Appraisal District - MCAD)
- **Verbatim File Reference:** **SEE ATTACHED Exhibit A**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Proactive Whistleblower Alert:** Formally notified the Montgomery county central appraisal district & the Montgomery County Clerk: *"I recently discovered*

*some alarming/disturbing news. As such, the ownership of this property file should be rectified ASAP."*

- **Remediation & Identity Tender:** Disclosed that paperwork reflecting actual (current) ownership and proof of identity were attached to the email correspondence an immediate, protective administrative filing. and actively in transit via mail to Montgomery County to clear the county's title cloud. Notified the County Clerk that a corrective deed and payment (cashier's check) were sent and scheduled for delivery by October 9, 2025.

- **Monell Liability :** This Directly establishes that Plaintiff operated as a proactive whistleblower rather than a criminal actor. Under Texas law, this communication negates the essential *mens rea* element ("intent to deprive" or "unlawful appropriation") required to support a theft charge under Tex. Penal Code § 31.03 or Tex. Penal Code § 32.21. Montgomery County's administrative mapping division & Clerk were in physical possession of these fraud alerts as of October 2nd, months before any arrest or Indictment was ever executed. When the Montgomery County Sheriff's Department (Det. Richard Stein) swore out and subsequently maintained a warrant for theft for months, they did so while their own clerk and appraisers office was in possession of actual and physical proof of interest reversal and county record correction intent, establishing the initial institutional deliberate indifference. .

**SECTION B: THE SYSTEMIC HIGH-LEVEL POLICYMAKER NOTICE PHASE (FEBRUARY 2026)**

*This phase documents direct, concurrent service of uncontradicted exculpatory evidence to de jure county policymakers, establishing actual knowledge and deliberate indifference prior to any execution of physical arrest or Re-indictment.*

**ENTRY B.1**

- **Date & Time:** February 16, 2026, 7:20 PM
- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipients:**
    - Shanna.Redwine@mctx.org (Assistant DA )
    - Ryan.Overturf@mctx.org (Assistant DA / Prosecutor)
    - **Cc:** GrandJury.Intake@mctx.org (MCDA Grand Jury & Intake Divisions)
- **Verbatim File Reference:** **SEE ATTACHED Exhibit B**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Michael Morton Act Service (Art. 39.14):** Formal statutory service of exculpatory evidence directly to the District Attorney and key division chiefs.
    - **Legal Impossibility of Theft:** Notice that the complainant formally attested in writing that the underlying deed was a forgery. Under the Texas Supreme Court doctrine of *Void Ab Initio* (*Hennessy v. Blair*, 173 S.W. 871), a forged deed is a legal zero that cannot pass title. Therefore, the "appropriation" element under Tex. Penal Code § 31.03 is a legal impossibility.
    - **Complete Negation of Intent:** Detailed proof of the October 2, 2025 audit trail, proving proactive remediation and voluntary title restoration prior to any criminal filings.
    - **Dominant Jurisdiction:** Notice that the 284th District Court has dominant jurisdiction over the title facts (Cause No. 26-02-02458), including an active Tex. Gov't Code § 51.903 expedited filing.

- **Monell Liability:** Directly binds the final policymaker of the DA's Office and his executive staff. Under *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992), once the head of a prosecuting agency is personally served with uncontroverted evidence proving the charge is a legal impossibility, the decision to maintain, present, or fail to quash the warrant shifts from a discretionary mistake to a deliberate, bad-faith constitutional violation under color of law.

**ENTRY B.2**

- **Date & Time:** February 16, 2026, at 7:23 PM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `dept.detectives@mctx.org` (Montgomery County Sheriff's Office Detective Division)
- **Verbatim File Reference:** **SEE ATTACHED Exhibit C**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Law Enforcement Actual Notice:** Direct service of a 49-page exculpatory legal packet, proving that the record owner (Lillene Ebanks) attested that the underlying deed was a forgery.
    - **Lack of Mens Rea / Affirmative Disassociation:** Documented evidence that Roberts was the primary reporting party who flagged the title issue to county offices in October 2025.
    - **Legal Impossibility of Theft:** Notice that the complainant formally attested in writing that the underlying deed was a forgery. Under the Texas Supreme Court doctrine of *Void Ab Initio* (*Hennessy v. Blair*, 173 S.W. 871), a forged deed is a legal zero that cannot pass title. Therefore, the "appropriation" element under Tex. Penal Code § 31.03 is a legal impossibility.

    - **Complete Negation of Intent:** Detailed proof of the October 2, 2025 audit trail, proving proactive remediation and voluntary title restoration prior to any criminal filings.
    - **Submission of Exculpatory Packet:** Attached a 49-page Exculpatory Evidence Packet (`Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf`)
    - **Official Oppression Notice:** Cited Tex. Penal Code § 39.03 (Official Oppression), explicitly advising MCSO detectives that maintaining a warrant for a crime that is a legal impossibility constitutes an intentional deprivation of protected rights.
- **Monell Liability:** Directly establishes scienter for the MCSO Detective Division. By notifying the active investigative branch of the Sheriff's Office that the complaining witness had already sworn to the third-party forgery, the MCSO's failure to immediately notify prosecutors to withdraw the warrant locks in the "failure to supervise/investigate" element of municipal liability.

**ENTRY B.3**

- **Date & Time:** February 16, 2026, at 7:24 PM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `mcso.jail@mctx.org` (Jail/Magistrate Liaison, Montgomery County Sheriff's Office)
- **Verbatim File Reference:** **<u>SEE ATTACHED Exhibit D</u>**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Voluntary Surrender Coordination:** Formal request to coordinate a voluntary surrender and walk-through within 14 days.

    - **Submission of Exculpatory Packet:** Attached a 49-page Exculpatory Evidence Packet (`Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf`) specifically directed to the Magistrate's physical and digital folders.
    - **Notice of Legal Impossibility & Void Ab Initio Deed:** Summarized the *Hennessy v. Blair* doctrine, the lack of "Intent to Deprive" proven by the MCAD/Clerk audit trails, and the pending § 51.903 filing in the 284th District Court.
    - **Official Oppression Warning:** Explicit notice that maintaining this warrant with actual knowledge of its void status triggers Tex. Penal Code § 39.03 (Official Oppression).
    - **PR Bond Request:** Request for an immediate Personal Recognizance (PR) Bond to preserve professional standing.
- **Monell Liability:** Imbues the Sheriff's Office jail and magistrate divisions with actual knowledge of the exculpatory packet. Enforcing a warrant under these conditions, while ignoring the submission of a 49-page exculpatory packet meant for the magistrate, demonstrates a systemic custom of administrative indifference within MCSO.

**ENTRY B.4**

- **Date & Time:** February 16, 2026, at 7:26 PM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `duke.coon@cityofconroe.org` (Conroe Mayor Duke Coon)
- **Cc:** `howard.wood@cityofconroe.org` (Conroe Mayor Pro Tem Howard Wood)
- **Verbatim File Reference:** **<u>SEE ATTACHED Exhibit E</u>**
- **Exculpatory Evidence / Actual Notice Received:**

- **Notice of City Liability:** Alerted Conroe's highest executive officers to local administrative overreach and the active enforcement of a warrant based on a legal nullity.
- **Submission of Exculpatory Packet:** Attached a 49-page Exculpatory Evidence Packet (`Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf`)
- **Exculpatory Mandate & Civil Claims:** Advised that continuing to pursue this "Paper Felony" in light of proactive whistleblower actions violates the Michael Morton Act, constitutes Official Oppression under § 39.03, and exposes the associated city and county agencies to substantial federal civil rights claims under 42 U.S.C. § 1983.

- **Monell Liability:** Extends actual notice to the final executive policymakers of the City of Conroe. This prevents the City from asserting a defense of ignorant action or isolated officer misconduct, establishing municipal liability if Conroe PD officers act to execute or assist in executing a known unlawful warrant.

**ENTRY B.5**

- **Date & Time:** February 16, 2026, at 7:28 PM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `Risk.Management@mctx.org` (Montgomery County Risk Manager)
- **Cc:** `bd.griffin@mctx.org` (Montgomery County Attorney B.D. Griffin)
- **Verbatim File Reference:** **SEE ATTACHED Exhibit F**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Formal Municipal Tort Notice:** Direct service of a potential professional tort and § 1983 civil rights liability claim to the County Risk Manager and County Attorney.

  - **Exculpatory Service:** Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
  - **Special Damages Notification:** Advised that the county's ongoing failure to quash the meritless warrant is actively destroying the veteran's career (scheduled to start a law enforcement position in March 2026), generating massive, ongoing special damages.
  - **Official Oppression Warning:** Noted that ignoring an active § 51.903 filing and continuing the warrant execution triggers statutory liability under Tex. Penal Code § 39.03.
- **Monell Liability:** This is the most critical entry for corporate county liability. Serving the County Attorney (the legal advisor to the County) and the Risk Manager (the custodian of municipal liability claims) with actual notice of a § 1983 claim and the specific exculpatory packet "locks in" the County's administrative awareness. Any failure by Risk Management or the County Attorney to coordinate with the DA to quash the warrant constitutes a deliberate choice by the County to absorb the civil liability, establishing direct *Monell* deliberate indifference.

**ENTRY B.6**

- **Date & Time:** February 16, 2026, at 7:53 PM
- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipient:** Jamie.Sulla@mctx.org (Assistant District Attorney / Intake / Prosecutor)
- **Cc:** DA.Info@mctx.org (General DA Information)
- **Bcc:** Risk.Management@mctx.org (Montgomery County Risk Management)

- **Verbatim File Reference:** **SEE ATTACHED Exhibit G**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Direct Prosecutor Intake Notice:** Direct delivery of Michael Morton Act actual notice, exculpatory legal authorities (*Hennessy v. Blair*, *Thompson*, *Smith*), and the verified audit trail of remediation and judicial tender in Cause No. 26-02-02458 to the specific prosecutor/intake staff handling the warrant.
    - **Settlement & Liability Release Offer:** Formal settlement offer proposing administrative dismissal and expunction in exchange for a mutual waiver of civil liability.
    - Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
- **Monell Liability:** Eliminates any defense of internal "bureaucratic disconnect" within the DA's Office. Both leadership (Holley) and specific line prosecutors (Sulla) were simultaneously served, proving that the ongoing enforcement is a coordinated, office-wide policy, rather than an isolated oversight or single actor mistake.

**ENTRY B.7**

- **Date & Time:** February 16, 2026, at 8:17 PM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipients:**
    - `Mike.Holley@mctx.org` (First Assistant DA Mike Holley)
    - `Kelly.Blackburn@mctx.org` (Chief of Appellate Division / Assistant DA)
    - **Bcc:** `Risk.Management@mctx.org` (Montgomery County Risk Management)

- **Verbatim File Reference: <u>SEE ATTACHED Exhibit H</u>**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Duplicate High-Level Policy Service:** Perfected actual notice of Morton Act exculpatory evidence, *void ab initio* deed doctrines, legal impossibility of theft or forgery, October 2025 remediation records, and the § 51.903 dominant jurisdiction in the 284th District Court.
    - **Key Policymakers Target:** Served directly to DA Mike Holley and first ADA Kelly Blackburn.
    - Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
- **Monell Liability:** Binds the primary legal advisors and appellate/policy heads of the District Attorney's office. Under Fifth Circuit jurisprudence, high-ranking assistants with delegated policymaking authority (such as District Attornery Holley & First Assistant Blackburn) establish municipal liability when they willfully maintain or support a legally untenable prosecution.

**ENTRY B.8**

- **Date & Time:** February 17, 2026, at 7:59 AM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipients:**
    - `Mike.Holley@mctx.org` (District Attorney)
    - `Kelly.Blackburn@mctx.org` (First ADA)

    - **Cc:** `kroberts@texasbar.com`, `bmoore@texasbar.com`, `cdcinfo@texasbar.com` (State Bar of Texas / Office of the Chief Disciplinary Counsel)
    - **Bcc:** `cojudge@mctx.org` (Montgomery County Judge Mark Keough), `bd.griffin@mctx.org` (County Attorney B.D. Griffin), `Risk.Management@mctx.org` (Montgomery County Risk Management)
- **Verbatim File Reference:** **<u>SEE ATTACHED Exhibit I</u>**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Bar Disciplinary Escalation:** Notice that the State Bar of Texas has been formally looped into the constitutional and ethical violations surrounding the warrant and ongoing prosecution.
    - **Perfected Actual Notice:** Re-asserted that the complainant, Lillene Ebanks, executed a sworn affidavit attesting to the third-party forgery, which is currently before the 284th District Court for a civil remedy.
    - **Ethical Obligation of Prosecutors:** Formally cited Rule 3.09(d) of the Texas Disciplinary Rules of Professional Conduct and the Michael Morton Act, asserting that prosecutors have a non-delegable, mandatory ethical duty to act upon this exculpatory evidence and quash the warrant.
    - Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
- **Monell Liability:** Directly serves **County Judge Mark Keough** (the chief executive officer of Montgomery County) and **County Attorney B.D. Griffin**. By copying the highest corporate executive officer of the county on an email detailing ethical violations, a pending Bar grievance, and explicit 42 U.S.C. § 1983 liability, Plaintiff systematically bypassed all lower-level bureaucracy. The failure of Judge Keough and County Attorney

Griffin to act on this perfected notice constitutes a direct county-level custom of silent deliberate indifference.

**ENTRY B.9**

- **Date & Time:** February 17, 2026, at 10:34 AM
- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipient:** CivilRights.Complaints@usdoj.gov (U.S. Department of Justice, Civil Rights Division - Criminal Section)
- **Cc:** Risk.Management@mctx.org, bd.griffin@mctx.org (County Attorney), howard.wood@cityofconroe.org (Conroe Mayor Pro Tem), duke.coon@cityofconroe.org (Conroe Mayor), DA.Info@mctx.org, GrandJury.Intake@mctx.org ,USA-TXS.PublicAffairs@usdoj.gov (USAO Southern District of Texas), Mike.Holley@mctx.org (District Attorney), , Mark.Keough@mctx.org (Montgomery County Judge), Will.Metcalf@house.texas.gov (Texas State Representative)
- **Verbatim File Reference: <u>SEE ATTACHED Exhibit J</u>**
- **Exculpatory Evidence / Actual Notice Received:**
    - **DOJ Civil Rights/Color of Law Service:** Formal complaint to the United States Department of Justice alleging criminal deprivation of rights under color of law (18 U.S.C. §§ 241, 242) by MCDA and MCSO.
    - **Unconstitutional Deprivation of the Right to Travel/Return:** Notice that maintaining a felony warrant for a known legal impossibility is actively keeping a U.S. Veteran trapped in "Constructive Exile" (Medellin, Colombia) under threat of state-sponsored violence (unlawful arrest) upon return, violating the Fifth and Fourteenth Amendments.

- **High-Level Policy Service:** Perfected actual notice of Morton Act exculpatory evidence, *void ab initio* deed doctrines, legal impossibility of theft or forgery and Civil Rights violations.
- **Notice of Jurisdictional Defect:** Directly served the Assistant Chief with the physical proof that Cause No. 26-02-02458 was pending in the 284th District Court

- **Monell Liability:** This extensive carbon-copy list ensures that every major policymaker within the Montgomery County governmental infrastructure (Legislative, Judicial, Executive, Prosecutorial, Financial, Risk Management, and Law Enforcement) has received identical, concurrent notice of a pending DOJ civil rights complaint. Under *Monell*, this establishes an absolute, undeniable baseline of actual knowledge. Any subsequent failure to withdraw the warrant and or prosecution is a collective, ratified custom or policy of silent municipal constitutional deprivation.

**ENTRY B.10**

- **Date & Time:** February 17, 2026, at 12:23 PM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `Wesley.Doolittle@mctx.org` (Montgomery County Sheriff Wesley Doolittle)
- **Cc:** `Jonathan.Zitzmann@mctx.org` (Chief Deputy), `John.Schmitt@mctx.org` (MCSO Lieutenant), `Robby.Sells@mctx.org` (MCSO Sergeant), `mcsohr@mctx.org` (MCSO Human Resources Division)
- **Bcc:** `dept.detectives@mctx.org`, Risk.Management@mctx.org (`Montgomery County Risk Management`), BD.griffin@mctx.org (Montgomery County Attorney), Mike.Holley@mctx.org (Montgomery County District Attorney)
- **Verbatim File Reference:** <u>SEE ATTACHED Exhibit K</u>

- **Exculpatory Evidence / Actual Notice Received:**
    - **Upholding the Constitution Demand:** Emergency notice served directly upon the Sheriff and his high command. Formally outlined that Warrant No. 25-10-16082 was predicated on a legal impossibility.
    - **Border Apprehension & Constructive Exile Warning:** Notified the Sheriff that maintaining this void warrant in their active systems operates as a "border blockade" and "Constructive Exile" of a U.S. Army Veteran, preventing his return under threat of unlawful seizure.
    - Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
    - **Notice of Jurisdictional Defect:** Directly served the Assistant Chief with the physical proof that Cause No. 26-02-02458 was pending in the 284th District Court
    - **Demand for Administrative Recall:** Formally demanded that MCSO immediately recall the warrant from the active database.
- **Monell Liability:** Places the final administrative policymaker for Montgomery County law enforcement (Sheriff Wesley Doolittle), The County Attorney (BD Griffin) and the District Attorney (Mike Holley) on direct notice. The County Counsel and Sheriff have a non-delegable duty to verify that active warrants and Prosecutions executed and maintained by their staff are supported by constitutional probable cause. Maintaining a warrant or Prosecutions with actual knowledge that the underlying deed is void *ab initio or* that exculpatory evidence has been provided that negates the actus reus or mens rea required to satisfy the prerequisite for a crime constitutes a direct custom of silent, reckless or callous deliberate indifference to civil rights.

**ENTRY B.11**

- **Date & Time:** February 17, 2026, at 12:34 PM
- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipient:** Rick.Bass@mctx.org (Assistant Chief / Chief of Joint Operations, MCSO)
- **Bcc:** Risk.Management@mctx.org (Montgomery County Risk Management)
- **Verbatim File Reference:** **<u>SEE ATTACHED Exhibit L</u>**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Notice of Jurisdictional Defect:** Directly served the Assistant Chief with the physical proof that Cause No. 26-02-02458 was pending in the 284th District Court and that record owner Ebanks had sworn to the forgery.
    - **Color of Law Warnings:** Explicitly advised the joint operations high command that enforcing this warrant in their systems despite these files constitutes a violation of 18 U.S.C. §§ 241, 242.
    - **Exculpatory Service:** Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
- **Monell Liability:** Restricts the Sheriff's Department from asserting "lack of executive coordination" or "uninformed deputy action." When the Chief of Joint Operations is personally notified that a fugitive warrant lacks any legal *corpus delicti*, continuing to execute the warrant is a conscious municipal custom of deliberate indifference.

**ENTRY B.12**

- **Date & Time:** February 17, 2026, at 7:04 PM

- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipient:** consumeremergency@oag.texas.gov (Office of the Attorney General of Texas)
- **Cc:** eGrants@gov.texas.gov, morgan.luttrell@mail.house.gov, brandon.creighton@senate.texas.gov, will.metcalf@house.texas.gov, Wesley.Doolittle@mctx.org, Mike.Holley@mctx.org, Kelly.Blackburn@mctx.org, Risk.Management@mctx.org, bd.griffin@mctx.org
- **Verbatim File Reference:** **SEE ATTACHED Exhibit M**
- **Exculpatory Evidence / Actual Notice Received:**
    - **Texas OAG Notice & State Legislative Escalation:** Escalation of systemic administrative obstruction to OAG Ken Paxton, Representative Will Metcalf, Senator Brandon Creighton, and Congressman Morgan Luttrell.
    - **Impossibility / Void Instrument:** Warrant No. 25-10-16082 for "Theft" is legally void *ab initio* under *Hennessy v. Blair* because the underlying property instrument is a proven forgery—as confirmed by the Complainant's sworn affidavit in Cause 26-02-02458—rendering the statutory element of "appropriation" a legal impossibility.
    - **Exculpatory Service:** Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
    - **Michael Morton Act:** Despite actual notice of this exculpatory evidence, the Montgomery County DA's Office has failed to dismiss the matter and additionally has engaged in systemic statutory violations under Tex. Code Crim. Proc. Art. 39.14 by utilizing technical server obstructions to reject electronic filings.

- **Federal Civil Rights Threat:** Placed all regional state leaders and County policymakers on notice of looming Section 1983 litigation if a veteran's right to return to his country is blocked by a known fraudulent nullity.

- **Monell Liability:** County Leadership was again put on notice. This Documents the exhaustion of state administrative remedies and details how the County's IT network was actively weaponized or maintained in a state of "technical exclusion" to prevent the delivery of Morton Act exculpatory evidence. This supports a *Monell* claim based on a structural policy of suppressing evidence through ongoing administrative and or tech-based barriers.

**ENTRY B.13**

- **Date & Time:** February 18, 2026, at 7:12 AM
- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipients:** Houston_Corruption@fbi.gov, HO_media@fbi.gov, Houston_Civil_Rights@fbi.gov, hotline@dojoig.gov, Criminal.Section@usdoj.gov
- **Cc:** Risk.Management@mctx.org, bd.griffin@mctx.org (County Attorney B.D. Griffin), Mike.Holley@mctx.org (District Attorney), Mark.Keough@mctx.org (County Judge), Kelly.Blackburn@mctx.org, Wesley.Doolittle@mctx.org (Sheriff), Rick.Bass@mctx.org, Phyllis.Martin@mctx.org (County Auditor), brandon.creighton@senate.texas.gov, DA.Info@mctx.org, duke.coon@cityofconroe.org, eGrants@gov.texas.gov, morgan.luttrell@mail.house.gov, will.metcalf@house.texas.gov
- **Verbatim File Reference: <u>SEE ATTACHED Exhibit N</u>**
- **Exculpatory Evidence / Actual Notice Received:**

- **Legal Impossibility (*Void Ab Initio*):** The underlying theft charge (Warrant No. 25-10-16082) relies on a property deed that is legally void from the outset under the Texas Supreme Court doctrine in *Hennessy v. Blair*.
- **Warrant Veracity Challenge:** Identified that Detective Richard Stein swore to a probable cause affidavit for Enhanced theftt despite possessing (or having access to) public/county record filings that negated probable cause for theft, detailing the forgery of the underlying March 2025 deed.
- **Actual Notice Ignored:** Multiple high-ranking county and municipal officials—including Sheriff Wesley Doolittle, District Attorney Mike Holley, County Judge Mark Keough, County Attorney B.D. Griffin, Assistant Chief Rick Bass, and Conroe Mayor Duke Coon—were put on actual notice of the exculpatory Ebanks affidavit on February 16, 2026, but have refused to recall the warrant.
- **Irreparable Career Damage:** The maintenance of this void "paper felony" threatens to permanently disrupt professional standing regarding admission to the Maryland Bar and pending hiring status with the Alabama Department of Corrections.
- **Exculpatory Service:** Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
- **Federal Injection & Injunctive Relief:** Concurrently filing a Verified Complaint and an Emergency Motion for a Temporary Restraining Order (TRO) in the U.S. District Court for the Southern District of Texas to enjoin enforcement of the warrant and seek punitive damages against all named officials in their individual capacities.

- **Monell Liability:** yet again Informed the highest county officials / Policy Makers and Leadership that their active investigative processes have been referred to federal criminal law enforcement for public integrity investigation. By remaining silent and maintaining the warrant following an FBI corruption referral, the County policy makers including the County Judge and District Attorney, sheriff and the County Attorney officially ratified the bad-faith conduct of Detective Stein and have yet to respond.

**ENTRY B.14**

- **Date & Time:** February 20, 2026, at 1:45 PM
- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipient:** bd.griffin@mctx.org (County Attorney B.D. Griffin)
- **Cc:** Risk.Management@mctx.org, Phyllis.Martin@mctx.org, Wesley.Doolittle@mctx.org, Rick.Bass@mctx.org, morgan.luttrell@mail.house.gov, Mark.Keough@mctx.org, brandon.creighton@senate.texas.gov, cdcinfo@texasbar.com, Mike.Holley@mctx.org, DA.Info@mctx.org, duke.coon@cityofconroe.org, howard.wood@cityofconroe.org, mcsohr@mctx.org, consumeremergency@oag.texas.gov
- **Verbatim File Reference:** **SEE ATTACHED Exhibit O**
- **Exculpatory Evidence / Actual Notice Received:**
  - **Commencement of Federal Lawsuit:** Formal notice that *Tre Christopher Roberts v. Montgomery County, Texas, et al.*, Case No. 4:26-cv-01389, had been officially filed in the Southern District of Texas.
  - **Consequences of Continued Maintenance:** Provided a copy of the 104-page federal filing, detailing how the active warrant constituted an unconstitutional

"border blockade" and constructive exile in violation of the Fourth, Fifth, and Fourteenth Amendments.

- **Exculpatory Service:** Provided the 49-page Exculpatory Evidence Packet, detailing the void-ab-initio status of the deed and the active 284th District Court litigation, including the reversal deed and county clerk correspondence(october 2nd).
- **Emergency Filings Attached:** Enclosed the complete 104-page filing containing an Emergency Motion for a Temporary Restraining Order (TRO) to stay Warrant No. 25-10-16082, and an Emergency Motion for Judicial Notice (FRE 201) regarding the June 3, 2025, Ebanks Affidavit. The Civil Filing in the 284th judicial District. The October 2025 Reversal Deed.

- **Monell Liability:** Binds the County Attorney (chief civil litigation defender) to the federal record. Once the County is served with a federal civil rights lawsuit, the decision by the County Attorney's office to allow the District Attorney's office to maintain or initiate criminal cases represents a deliberate systemic administrative decision to expose the County to compounding daily civil liability.

## SECTION C: THE FEDERAL LITIGATION ESCALATION & RETALIATORY RE-INDICTMENT PHASE (MAY – JUNE 2026)

*This phase documents the county's tactical shift from the initial, failed theft charge to a retaliatory re-indictment on forgery charges, executed despite actual notice that the state court had already ordered the destruction of the underlying transaction files.*

**ENTRY C.1**

- **Date & Time:** May 26, 2026, at 7:39 PM
- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipient:** sara.gonzalez@mctx.org (Sara Gonzalez, Paralegal for BD Griffin, County Attorney's Office)
- **Cc:** adam.anderson@mctx.org, bd.griffin@mctx.org (County Attorney), Mike.Holley@mctx.org (District Attorney), DA.Info@mctx.org, daniel.plake@mctx.org (Assistant County Attorney / Litigator)
- **Verbatim File Reference:** **<u>SEE ATTACHED Exhibit P</u>**
- **Exculpatory Evidence / Actual Notice Received:**
  - **Formal Notice of State and Federal Filings:** Electronic service of the Plaintiff's Response to the County's Federal Motion to Dismiss and the Supplemental Memorandum of Law establishing / informing of ongoing *Monell* liability.
  - **Consolidated State Court Packets:** Provided files submitted to the 9th Judicial District Court (Cause No. 26-03-05426-CR), including Roberts's Motion to Proceed Pro Se, Motion to Dismiss, and Notice of Supplemental Evidence regarding bad faith.
- **Monell Liability:** Establishes "Double Notice" to the County Attorney's Civil Defense Team (Griffin, Plake, Anderson) and the DA's leadership. The civil litigators defending the county in federal court were provided with the exact filings that demonstrated the state criminal charges lacked both *actus reus* and *mens rea(Probable Cause)*. This eliminates any claim of "bureaucratic silos" between the civil defense attorneys and the criminal prosecutors.

**ENTRY C.2**

- **Date & Time:** June 3, 2026, at 8:23 AM

- **Sender:** Christopher Roberts <chrisrobertslawesq@gmail.com>
- **Recipients:**
    - Mike.Holley@mctx.org (District Attorney)
    - Jamie.Sulla@mctx.org (Assistant District Attorney)
    - Wesley.LeRouax@mctx.org (Chief ADA)
    - Tamara.Tyler@mctx.org (ADA)
    - Victoria.Powell@mctx.org (ADA)
    - DA.Info@mctx.org
    - **Cc:** CoJudge@mctx.org & Mark.Keough@mctx.org (County Judge), Bd.Griffin@mctx.org (County Attorney), Daniel.Plake@mctx.org (Litigation Section Chief), rakesh.pandey@mctx.org (County Auditor), Adam.Anderson@mctx.org (ACA), Wesley.Doolittle@mctx.org (Sheriff)
- **Verbatim File Reference: <u>SEE ATTACHED Exhibit Q</u>**
- **Exculpatory Evidence / Actual Notice Received:**
    - ***Franks* Violation / Void *Ab Initio*:** The indictment is tethered to an underlying unconstitutional initial arrest warrant where the affiant deliberately omitted the complainant's June 2025 statement (impossibility of enhanced theft). The underlying property deed is void *ab initio*, the statutory charge of theft is legally and factually impossible.
    - **Procedural Paradox:** Following a February 18, 2026, judicial order of destruction and forfeiture regarding the underlying evidence, the State is trapped in an inescapable paradox for its March 31, 2026, indictment: if they retained the evidence, they are in willful defiance of a court order; if they destroyed it, they cannot satisfy Texas Rule of Evidence 901 for authentication.

   - **Prosecutorial Vindictiveness:** The forgery indictment was secured exactly five weeks after the filing of your federal civil rights lawsuit and five days after serving the County with the summons. Under *Neal v. State*, this timing triggers a mandatory presumption of retributive animus.
   - **Selective Enforcement:** The State granted protective safe harbors to the complainant and an admitted perpetrator, while selectively weaponizing the justice system against the victim-reporter by securing two enhanced felony warrants and indictments in violation of the Equal Protection Clause.
   - **Piercing Immunity (*Monell* Claims):** This email serves as final actual notice to Montgomery County leadership ahead of the June 11, 2026, hearing. Continued failure to dismiss the charges or any attempt to request a strategic reset/continuance will be cited in future litigation as direct proof of a policy or custom of constitutional violations under 42 U.S.C. § 1983 to pierce qualified or absolute immunity.
   - **Official Oppression & Malicious Prosecution:** Maintaining the prosecution with documented knowledge that it lacks probable cause constitutes a concurrent violation of Texas Penal Code § 39.03 (Official Oppression) and the common law elements of Malicious Prosecution

- **Monell Liability :** The Plaintiff has established an unshakeable anchor for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), demonstrating that as of October 2, 2025, Montgomery County's final policymakers, officers, and officials have silently disregarded and continuously maintained an unconstitutional prosecution despite explicit notice of fatal constitutional and procedural defects. By providing comprehensive, uncontroverted "Actual Notice" to the county and its top-tier officials—including County Judge Mark Keough, Sheriff Wesley Doolittle, District Attorney Mike Holley, and County Attorney B.D. Griffin—the Plaintiff has documented an undeniable persistent timeline of deliberate silence or callous

indifference. Despite clear notice that the underlying property instrument is *void ab initio* under controlling Texas Supreme Court precedent, that the initial arrest warrant constitutes a facial *Franks* violation and independently lacked probable cause, and that county IT servers actively obstructed the electronic service of exculpatory evidence, these policymakers failed to intervene, dismiss the charges, or recall the void warrant.

By remaining silent since October 2025 and subsequently securing a secondary "Re indictment" on March 31, 2026—just weeks after being served with a federal civil rights summons & State Judicial orders regarding the destruction of all related evidence—these final decision-makers have officially and ratified the retaliatory animus, prosecutorial vindictiveness, and selective enforcement executed by their subordinates. This widespread collective, months-long refusal to mitigate escalating statutory liabilities ahead of the June 11, 2026, hearing demonstrates a widespread custom and non-verbal municipal custom within Montgomery County to weaponize the criminal justice system, suppress exculpatory evidence, and maintain an unlawful indictments and prosecutions in direct violation of the Fourth and Fourteenth Amendments and Texas Law.

**ENTRY C.3**

- **Date & Time:** June 4, 2026, at 8:36 AM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `adam.anderson@mctx.org` (Assistant County Attorney)
- **Cc:** `bd.griffin@mctx.org` (County Attorney), `Mike.Holley@mctx.org` (District Attorney), `Jamie.Sulla@mctx.org` (ADA), `Mark.Keough@mctx.org` (County Judge), `rakesh.pandey@mctx.org` (Auditor), `Wesley.Doolittle@mctx.org` (Sheriff)
- **Bcc:** `Risk.Management@mctx.org`
- **Verbatim File Reference: <u>SEE ATTACHED Exhibit R</u>**

- **Exculpatory Evidence / Actual Notice Received:**
  - **Filing of Retaliatory Conduct Notice:** Formal notification that a *Notice of Ongoing Retaliatory Conduct* was officially filed on June 3, 2026, in the U.S. District Court for the Southern District of Texas (Case No. 4:26-cv-01389), bringing the complete chronology of constitutional and structural defects in Cause No. 26-03-05426-CR into the federal record with notice of retaliatory animus.
  - **Service of Core Exhibits:** Confirmed formal electronic service of the federal notice along with four key exhibits documenting actual notice of Michael Morton Act violations (Feb 16), supplemental filings (May 26), procedural impossibility ( there is no foundational evidence due to a destruction order) (June 3), and structural incoherence/judicial non-compliance (June 2 )
  - **Dispositive Evidence of Custom/Policy:** Explicitly alerts Montgomery County leadership that continued maintenance of the criminal proceeding despite this formal notice serves as direct, dispositive evidence of willful misconduct, retaliatory animus, and a custom or policy of constitutional violations.
  - **Piercing Immuinites:** Establishes the requisite evidentiary foundation for *Monell* municipal liability by proving the County has consciously disregarded its constitutional and judicial obligations, providing the legal basis to pierce both qualified and absolute immunities for the county and individual defendants.
  - **Liability Mitigation Offer:** Expresses full amenability to engage in substantive discussions or participate in a court-ordered conference to address the immediate mitigation of the County's severe civil and ethical liabilities ahead of the upcoming June hearings.
  - **Escalation of Claims:** Formally warns that any further pursuit of the state prosecution following this notice will be heavily cited in federal court to

substantiate ongoing Civil Rights Violations, Malicious Prosecution, and Official Oppression.

- **Monell Liability:** Explicitly alerts the County's civil defense team that their failure to intervene and halt Mike Holley and Jamie Sulla's baseless retaliatory prosecution in the 9th Judicial District, despite receiving notice of the structural destruction order paradox and Exculpatory evidence contained in this lawsuit, represents a conscious silent, ratified choice to continue the constitutional injury.

**ENTRY C.4**

- **Date & Time:** June 8, 2026, at 7:45 AM
- **Sender:** Christopher Roberts `<chrisrobertslawesq@gmail.com>`
- **Recipient:** `adam.anderson@mctx.org` (ACA)
- **Cc:** `mark.keough@mctx.org` & `cojudge@mctx.org` (County Judge), `Mike.Holley@mctx.org` (District Attorney), `Jamie.Sulla@mctx.org` (ADA), `Wesley.Doolittle@mctx.org` (Sheriff), `bd.griffin@mctx.org` (County Attorney), `robert.walker@mctx.org` (Commissioner), `charlie.riley@mctx.org` (Commissioner), `ritch.wheeler@mctx.org` (Commissioner), `rakesh.pandey@mctx.org` (County Auditor), `matt.gray@mctx.org` (Commissioner), `daniel.plake@mctx.org` (Litigation Section Chief)
- **Verbatim File Reference:** **SEE ATTACHED Exhibit S**
- **Exculpatory Evidence / Actual Notice Received:**
  - **Subversion of Destruction Order:** The filing documents an intentional, extra-judicial course of conduct where the State knowingly bypassed a standing, finalized state court Order of Destruction and Forfeiture (signed February 18,

2026) to secure a secondary "re-indictment" built on a transaction matrix already judicially condemned as a legal nullity. .

- **Erasure of Absolute/Qualified Immunity:** Absolute immunity is legally negated by the intentional subversion of the judicial process and the systematic suppression of exculpatory clerk filings and alerts, which violates the non-discretionary disclosure commands of the Michael Morton Act (Art. 39.14) and Tex. Code Crim. Proc. Art. 2.01

- **Defiance Matrix (*Sanders v. English*):** Under controlling Fifth Circuit precedent, officials violate the Fourth Amendment by actively maintaining a prosecution after learning it is baseless. Because the County executed a Federal Waiver of Summons on March 12, 2026, the entire municipal infrastructure possessed collective, actual notice that negated *mens rea* prior to the secondary forgery indictment.

- **Incarceration Escalation Tort:** Pursuing an enhanced felony re-indictment under these known conditions—subjecting a disabled U.S. Army veteran with service-connected mental health injuries to an arbitrary 30-day physical incarceration—transforms this action into an egregious, deliberate professional tort.

- **Grand Jury Gatekeeping Fraud:** The independent intermediary doctrine is completely obliterated under Fifth Circuit and Texas precedent because initiating actors performed an intentional gatekeeping fraud—knowingly withholding patently exculpatory evidence and the active standing destruction order from the grand jury panel.

- **Inapplicability of Art. 38.23 Good Faith:** Texas Code of Criminal Procedure Art. 38.23(b) provides absolutely no "good faith" safe harbor for executing a secondary forgery capias or indictment when the underlying instrument had

already been legally condemned and ordered destroyed by a court of competent jurisdiction.

- **Collateral Estoppel (*State v. Stevens*):** The State is strictly prohibited from relitigating issues decided in a defendant's favor. The February 18, 2026 ruling finalized the legal nullity of the evidence, legally estopping the State from utilizing it and rendering the re-indictment an improper collateral attack.

- **Timeline of Deliberate Indifference:** The progression from the initial January 2026 theft indictment to the March 31, 2026 secondary forgery indictment—despite top county policymakers having actual notice of exculpatory evidence since October 2, 2025—proves a systemic, corporate, nonverbal custom of deliberate, silent, or callous indifference

- **Irrevocable Accrued Liabilities:** The County is on notice that tactical dismissal or voluntary cessation of this predatory prosecution cannot moot or erase the accrued, real-time general, compensatory, and consequential economic damages (including housing displacement and constructive venue confinement) already hardcoded into the federal record.

- **Formal Monell Record Entry:** The ongoing silence and administrative inaction of Montgomery County's final policymakers will be entered directly onto the federal civil docket—alongside a comprehensive *Montgomery County Communication and Notice Log*—as **conclusive, explicit evidence of a non-verbal policy or custom to date of:**

1. <u>Deliberate and reckless silent Institutional Blindness and Ratification of a predatory institutional tort.</u>

2. <u>Procedural Laundering via Grand Jury evidence suppression.</u>

3. <u>Contumacious evasion of State Court Mandates and established law to serve municipal interests</u>.

**Monell Liability :** The entire Montgomery County Leadership including the Montgomery County Commissioners (the ultimate governing and funding body of the county: Keough, Walker, Riley, Wheeler, Gray) and the Auditor (Pandey) were once again given actual notice. By serving the entire corporate governing body with federal filings documenting a fraudulent re-indictment, the suppression of a state court destruction order, and a bad-faith collateral attack on a final judicial ruling, the county is stripped of any defense of "isolated prosecutorial misconduct." To Date, Their pervasive (widespread) collective administrative silence and failure to respond, cut funding or order an administrative halt establishes an explicit, non-verbal custom or policy of deliberate silent or callous indifference and reckless disregard under *Monell* and *Piotrowski*.

## PART IV: THE INESCAPABLE *MONELL* LIABILITY FOR FEDERAL COURT REVIEW

```
        +-----------------------------------------------+
        |   Montgomery County Commissioners Court & Auditor   |
        |  (Keough, Walker, Riley, Gray, Wheeler, Pandey)     |
        +-----------------------+-----------------------+
                                |
              Direct Municipal Oversight & Funding
                                |
                                v
+---------------------------------------
+--------------------------------------+
|                                      |
|
```

```
v                                            v
v
+-----------------------+   +-----------------------------------+
+-----------------------+
|   County Attorney     |   |    District Attorney's Office     |   |
Sheriff's Office    |
|   (B.D. Griffin)      |   |   (Holley, Blackburn, Sulla, etc.)  |   |
(Doolittle, Bass)   |
+-----------+-----------+   +-----------------+-----------------+
+-----------+-----------+
            |                                 |
|
            | Civil Liability Notice          | Criminal Prosecution Notice
| Active Warrant Notice
            | (Feb 16 - Jun 8, 2026)          | (Feb 16 - Jun 3, 2026)
| (Feb 16 - Jun 8, 2026)
            |                                 |
|
            +---------------------------------
+---------------------------------+
                                              |
                                              v
                        +--------------------------------------+
                        |  UNIFIED DELIBERATE INDIFFERENCE &   |
                        |      SILENT POLICY RATIFICATION      |
                        +--------------------------------------+
```

## 1. THE SILO-SMASHING PARADIGM (UNIFIED CORPORATE NOTICE)

Under standard municipal defense strategies, counties attempt to escape liability by claiming "administrative decoupling"—i.e., that the Sheriff's warrant division, the District Attorney's trial division, and the County Attorney's civil litigation defense team operated in isolated silos. This chronological log destroys this defense.

The record proves that starting **February 16, 2026**, and continuing through **June 8, 2026**, identical, uncontradicted exculpatory evidence, state-court quiet title records, and federal civil dockets were served concurrently upon every major policy making office in the county:

- B.D. Griffin (County Attorney) and Risk Management were served with the exact criminal defense details.
- Mike Holley (District Attorney) and line prosecutors were served with the exact federal complaints and state civil quiet-title filings.
- Sheriff Wesley Doolittle and Chief of Joint Operations Rick Bass were served with the physical *Void Ab Initio* deed affidavits and warnings of color-of-law violations.

This concurrent service establishes that the county's collective administrative infrastructure, leadership an Policy Makers possessed unified actual knowledge of the lack of probable cause since October 2nd 2025. Their collective choice to remain silent and permit Sulla to execute a secondary baseless, retaliatory re-indictment on March 31, 2026, represents a corporate, non-verbal policy or custom of deliberate indifference or reckless disregard.

**2. OVERCOMING THE INDEPENDENT INTERMEDIARY DOCTRINE VIA GATEKEEPING FRAUD**

The 5th Circuit has consistently held that the independent intermediary doctrine (grand jury indictment or magistrate warrant) is completely vitiated if the plaintiff shows that the initiating officers and prosecutors performed an intentional "gatekeeping fraud" by withholding patently exculpatory evidence. *Hand v. Gary*, 838 F.2d 1420 (5th Cir. 1988).

This log establishes the precise baseline of what evidence the county's policymakers possessed, and subsequently suppressed, from the Grand Jury panel that returned the March 31, 2026 forgery indictment:

1. They suppressed Lillene Ebanks's Sworn Affidavit (Doc #2025055251), proving the deed was a third-party forgery and a legal zero as of June 2025 before any warrant for theft existed.

2. They suppressed the verified October 2, 2025 electronic audit trail with the Montgomery County Appraisal District and the Montgomery County Clerk, which proved proactive title reversal and voluntary restoration before any criminal indictment existed. This affirmative, documented remediation entirely negated the *mens rea* required for any malicious specific intent or general intent crime related to the property in question

3. Most egregiously, they suppressed a binding, finalized state court *Order of Dismissal, Destruction, and Forfeiture* signed on February 18, 2026—which legally condemned the underlying instrument and related evidence—solely to initiate a fraudulent and retaliatory "re-indictment.

The Defendants cannot seek shelter behind the March 31, 2026, Grand Jury re-indictment to sever the causal chain of liability. Under the controlling Fifth Circuit framework established in *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988), the "independent intermediary" defense is completely obliterated where initiating actors and prosecutors isolate the panel from the truth by executing a bad-faith "gatekeeping fraud." Because District Attorney Mike Holley and Assistant District Attorney Jamie Sulla possessed personal, actual notice of the structural defects—having explicitly signed the motion to dismiss the prior theft charge on February 18, 2026, in response to a finalized state court Order of Destruction—their deliberate suppression of these records from the secondary Grand Jury panel fundamentally corrupted the integrity of the proceeding.

Furthermore, this selective omission directly violates the non-discretionary statutory commands of the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14) and the prosecutor's independent constitutional and statutory obligations under Tex. Code Crim. Proc. Art. 2.01, which strictly mandates that a prosecutor's primary duty is "not to convict, but to see that justice is done." Under Texas law, a prosecutor cannot insulate an indictment from a *Hand* taint exception by hiding a standing judicial order that legally condemned the very evidence they sought to re-indict. Because the state actors knowingly withheld patently exculpatory evidence that completely negated *mens rea* and rendered the charge a legal impossibility, the Grand Jury's finding of probable cause was artificially engineered, stripping both the individuals and the County of any colorable immunity or chain-breaking defense.

**3. Retrospective Ratification under *Grandstaff***

Under *Grandstaff v. City of Borger*, when high-ranking officials receive notice of a severe constitutional injury inflicted by their subordinates under color of office, their absolute silence, lack of investigation, and failure to take corrective action serves as a retroactive ratification of the unlawful conduct.

Here, the final governing and funding body of the county (The Montgomery County Commissioners Court, County Judge Mark Keough, and County Auditor Rakesh Pandey) was personally served with:

- The DOJ Civil Rights Complaint on February 17, 2026 .
- The FBI Corruption Referral on February 18, 2026.
- The Federal Summons and 104-page civil rights filing on February 20, 2026.
- The Federal Response and Supplemental Memorandum on Monell Liability on May 26, 2026.
- The completed FRCP 5 service of the Notice of Fraud on the Court on June 8, 2026.

Despite receiving this systematic barrage of high-level administrative notices detailing Unlawful warrants/indictments and a fraudulent re-indictment, exculpatory evidence,the destruction order paradox, and active color-of-law violations, the Montgomery County Commissioners Court, The Montgomery Coutny Attorney, The Montgomery County Judge, The Montgomery County District Attorney, and the Montgomery County Auditor in the individual and professional capacities remained completely silent, failed to initiate any administrative inquiry, and continued

to fund and support the unlawful prosecution. This silence constitutes an explicit, non-verbal custom of deliberate indifference and retrospective ratification under *Monell*.

## LEGAL MEMORANDUM OF MONEL LIABILTY: MUNICIPAL RATIFICATION THROUGH NON-VERBAL CUSTOMS AND INSTITUTIONAL INDIFFERENCE (SUPPLEMENTAL OPPOSITION TO DISMISSAL)

The Plaintiff hereby enters formal notice that Montgomery County, through the synchronized and protracted administrative inaction of its final *de jure* and *de facto* policymakers (and actual), has established an actionable municipal policy or custom of silent ratification under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under controlling Fifth Circuit jurisprudence, when a municipality's final decision-makers—specifically the Montgomery County Commissioners Court, County Judge Mark Keough, District Attorney Mike Holley, Sheriff Wesley Doolittle, and County Attorney B.D. Griffin—are repeatedly confronted with a clear chronology of egregious constitutional violations and structural defects, their absolute silence and failure to investigate, discipline, remediate or rectify the ongoing tort constitutes a retrospective endorsement of the unlawful conduct.

By maintaining an unyielding wall of administrative silence from October 2, 2025, through June 8, 2026, while concurrently funding, executing, and defending a predatory "paper felony," these final policymakers have transformed the rogue actions of subordinate officers into the official, binding operational non verbal policy of the County under the doctrine established in *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985).

This administrative silence directly codifies a de facto municipal policy of deliberate, willful, and reckless Institutional Blindness and Ratification. By deliberately ignoring a systematic barrage of high-level notices—including a DOJ Civil Rights Complaint served on February 17, 2026, an FBI Public Integrity referral on February 18, 2026, and direct federal service under FRCP 5 on June 5, 2026—the corporate infrastructure of Montgomery County has demonstrated an explicit choice to look away.

This silo-smashing corporate notice completely eviscerates any municipal defense of "information decoupling" or accidental administrative oversight. When the Chief Civil Officer (the County Attorney) and the Chief Criminal Prosecutor (the District Attorney) are simultaneously in possession of uncontroverted proof that the underlying land transaction was *void ab initio* under *Hennessy v. Blair*, the continued maintenance of an active arrest warrant or prosecutions and the subsequent engineering of physical confinement ceases to be an uncoordinated accident; it represents an institutional corporate decision to maintain an unconstitutional, retaliatory tort against a disabled U.S. Army Veteran.

Furthermore, the record hardcodes a systemic municipal non verbal Custom of Procedural Laundering via Grand Jury and Evidence Suppression, calculated to insulate the County from liability while intentionally corrupting the judicial process. Under the strict mandates of the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14) and the absolute ethical commands of Tex. Code Crim. Proc. Art. 2.01, prosecutors possess a non-delegable duty to prioritize justice over convictions. Instead, Montgomery County officials acted as malicious exclusionary gatekeepers, deploying a secondary forgery "re-indictment" on March 31, 2026, while intentionally withholding patently exculpatory evidence—including but not limited to the Complainant's own sworn disclaimer State-court Orders and the 284th District Court filings—

from the Grand Jury panel. Under *Hand v. Gary*, 838 F.2d 1420 (5th Cir. 1988) and *Sanders v. English*, 950 F.2d 1152 (5th Cir. 1992),this gate keeping fraud entirely obliterates the independent intermediary doctrine. The Grand Jury process was fundamentally weaponized as a procedural laundering mechanism to manufacture a fraudulent veneer of probable cause, stripping the individual actors of absolute and qualified immunities.

Finally, this non-verbal municipal pattern demonstrates a Contumacious Evasion of State Court Mandates and or Law explicitly designed to serve localized county agendas at the expense of federal constitutional guarantees.

The state's tactical deployment of the secondary forgery Re indictment represents a bad-faith collateral attack on a finalized, standing state court Order of Destruction and Forfeiture signed on February 18, 2026, an action strictly barred by collateral estoppel under *State v. Stevens*, 235 S.W.3d 192 (Tex. Crim. App. 2007) whereby the State and its prosecutors are trapped in a procedural paradox. —where they must either willfully defy a judicial destruction mandate to preserve evidence or proceed to trial without authenticable instruments under Texas Rule of Evidence 901—the County has chosen to perpetuate an unconstitutional venue confinement. Because the County's executive and legislative leadership and policymakers continue to silently fund, ratify, and support this legally impossible prosecution, this silence and ongoing widespread inaction is entered directly onto the federal civil docket as conclusive, non-verbal evidence of an ongoing municipal conspiracy, policy or custom under 42 U.S.C. § 1983. This exhaustive paper trail leaves this Honorable Court with no choice but to advance this case directly into full-blown discovery, as the United States Supreme Court has explicitly held that where a plaintiff plausibly alleges that a municipal custom or policy caused a constitutional deprivation, the complaint must survive the pleading stage (*Leatherman v. Tarrant County Narcotics Intelligence and*

*Coordination Unit*, 507 U.S. 163, 168 (1993)). By documenting a synchronized, top-tier institutional failure to intervene after receiving systematic actual notice, this Log meets the rigorous pleading requirements of the Fifth Circuit, which mandates that municipal liability is established when final policymakers choose a course of deliberate indifference that ratifies the unconstitutional acts of their subordinates (*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Because Plaintiff has completely pierced the county's standard "bureaucratic silo" defense, this Court's analytical oversight will force these Defendants to open their internal records, communications, and emails under Federal Rule of Civil Procedure 26, exposed to the reality that they can no longer suppress the truth.

Furthermore, because the defendant's initial, baseless theft prosecution was formally dismissed on February 18, 2026, Plaintiff's Fourth Amendment claim for constitutional malicious prosecution regarding that initial charging cycle has fully achieved a favorable termination and is completely mature for federal adjudication (*Thompson v. Clark*, 596 U.S. 36 (2022); *Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023)). The Defendants' subsequent decision to secure a secondary forgery re-indictment on March 31, 2026—built on the exact same underlying transaction matrix—constitutes an intentional gate keeping fraud under *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988), executed with full institutional knowledge that the evidence had already been judicially condemned as a legal nullity. Plaintiff's resulting 30-day physical confinement under this manufactured secondary instrument represents an egregious, ongoing deprivation of physical liberty (*Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir. 1992)). In their dynamic recitation of state court actions, Assistant County Attorney Adam Anderson explicitly highlights the March 31, 2026, Grand Jury indictment (Exhibit 2) and the April 1, 2026, arrest capias (Exhibit 4) to manufacture a false appearance of a clean, valid state prosecution. The

County completely suppressed the single most critical adjudicative fact of the entire procedural record: the standing, finalized state court Order of Dismissal, Destruction, and Forfeiture signed by Judge Phil Grant on February 18, 2026. Standing before a federal jurist while deliberately hiding the fact that the state court counterpart had already judicially condemned and ordered the physical destruction of the underlying transaction instruments transcends mere information decoupling; it is an active misrepresentation of the judicial process designed to manufacture an unconstitutional immunity framework.

Under Issue 5 of their Motion to Dismiss, the defendants assert that Plaintiff failed to establish a custom, custom-by-omission, or knowledge by final policymakers to anchor a municipal claim, textually arguing on Page 18: *"Therefore Roberts has failed to show actual or constructive knowledge by the County."* Yet, on Page 2 of that exact same motion, under the "Nature and Stage of the Proceedings," the County Attorney's office textually admits: *"Defendant Sulla executed a Waiver of Service of a Summons via the undersigned counsel per Plaintiff's request on March 12, 2026."* By their own hand, the chief civil legal officer of the municipal corporate entity admits to being in physical possession of Plaintiff's full federal civil rights complaint, the *Hennessy v. Blair* title authorities, and the exculpatory Ebanks affidavit as of March 12, 2026. The conscious choice of their criminal division to proceed nineteen days later, on March 31, 2026, to secure a secondary forgery re-indictment using that identical transactional core completely shatters the defense of isolated "bureaucratic silos". It hardcodes unified corporate knowledge and establishes a deliberate, office-wide policy of silent municipal ratification under *Grandstaff.* Under Issue 3, the County attempts to invoke the independent intermediary doctrine to sever the chain of causation, textually claiming on Page 9: "The chain of causation is broken only where all the facts are presented to the grand jury... where the malicious motive of the law

enforcement officials does not lead them to withhold any relevant information..." By setting up that precise legal benchmark, the defendants walked directly into an unassailable Hand v. Gary trap. Because this log and the federal record prove that District Attorney Mike Holley and Assistant DA Jamie Sulla possessed personal, actual notice of the February 18th dismissal and destruction order—with Sulla having personally executed the motion to dismiss that initial case —their choice to withhold that standing judicial mandate from the secondary grand jury panel on March 31st constitutes an intentional gatekeeping fraud.

The independent intermediary defense is completely obliterated because the grand jury's finding of probable cause was artificially engineered through data suppression. On Page 12 of their Motion to Dismiss, Detective Richard Stein and the county civil defense team attempt to minimize the *Void Ab Initio* status of the deed by introducing a bizarre, derogatory analogy, writing: *"Robert's analysis is similar to a counterfeiter who prints fake money, attempts to use it at the store, and when caught argues that because the money had no value, he didn't commit a crime."* This analogy represents an immense tactical blunder for two reasons. First, it is a complete legal failure; a counterfeiter actively manufactures an instrument to pass it off as valid, whereas the public record establishes that Plaintiff acted as a proactive whistleblower, identifying the title cloud and filing an electronic audit trail and voluntary interest reversal with the County Clerk on October 2, 2025—months before any indictment was returned. Second, injecting mocking, legally inaccurate, and snarky analogies into a federal pleading to dismiss the civil rights claims of a disabled U.S. Army veteran with service-connected mental health injuries provides the exact textual proof of retributive animus and callous indifference needed to secure uncapped punitive damages against individual actors under *Smith v. Wade.*

The Supreme Court has repeatedly affirmed that the sudden voluntary cessation of an unconstitutional practice does not moot a plaintiff's accrued claims for general, special, and economic damages (*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000)) Because the defendants proceeded with this secondary prosecution *after* the initial dismissal in the interest of justice and after receiving explicit, personal notice of these structural defects, their conduct that shocks both the core and conscience satisfies the Supreme Court standard for uncapped punitive damages due to reckless or callous indifference to federally protected rights (*Smith v. Wade*, 461 U.S. 30, 56 (1983)).

## ***<u>THE THREE DE FACTO MUNICIPAL POLICIES AND CUSTOMS OF THE ACCUSED</u>***

The Plaintiff enters this verified chronological record to explicitly delineate the three actionable de facto municipal policies, widespread customs, and patterns of practice in silence maintained or ratified by Montgomery County and its final policymakers that served as the moving force behind these constitutional injuries under *Monell*:

1. **A Custom of Silent Institutional Blindness and Ratification:** A persistent corporate pattern where top-tier, de jure county policymakers—including the County Judge, County Attorney, Sheriff, and District Attorney—actively choose to maintain an unyielding wall of administrative silence and refuse to investigate, discipline, or intervene after receiving direct, concurrent notice of ongoing, egregious constitutional torts executed by their subordinates, thereby retrospectively ratifying and adopting the unlawful conduct as official county policy of silence or disregard.
2. **A Custom of Procedural Laundering via Grand Jury Evidence Suppression:** A structural, bad-faith practice where county law enforcement and prosecuting officials silently or willfuly operate as malicious, exclusionary gatekeepers—knowingly and

systematically withholding patently exculpatory evidence, witness disclaimers, and standing state-court mandates from grand jury panels—specifically calculated to artificially engineer a deceptive veneer of probable cause, manipulate the judicial process or outcome, and insulate the municipal entity and its rogue actors from civil liability.

3. **A Custom of Contumacious Evasion of State Court Mandates or Law to Serve Municipal Interests:** A persistent, non-verbal municipal pattern of executing and or maintaining bad-faith collateral attacks on finalized, adverse judicial rulings—specifically weaponizing secondary "re-indictments" to purposefully circumvent standing court orders of dismissal and destruction—thereby trapping the county infrastructure in an inescapable procedural defect and trapping a citizen in an unconstitutional venue confinement to suppress federal civil rights litigation.

Respectfully Submitted,

/S/ Tre Christopher Roberts, LL.M.

Date: June 9th 2026

1525 Aviation Blvd

Redondo Beach, CA 90278

Chrisrobertslawesq@gmail.com

(310)421-7058

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Montgomery County Actual Notice, Communication, and Monell Liability Log** was served upon the following parties on this 9th day of June, 2026:

adam.anderson@mctx.org

Adam T. Anderson

Assistant County Attorney - Civil Division

B.D. Griffin

County Attorney Montgomery County, Texas

501 N. Thompson, Suite 300

Conroe, Texas 77301

Respectfully submitted,

/S/ Tre Christopher Roberts LL.M.