# Exhibit A

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# Owner Address Change - Tre Christopher Roberts - Account 0079870605200

**Christopher Law** <chrisrobertslawesq@gmail.com> Thu, Oct 2, 2025 at 3:00 PM
To: countyclerk@mctx.org

Clerk,

Please see the email thread below

The deed and the payment for this property has been sent should be received by 10/09/2025. The deed should arrive on the 10/06 and the payment will arrive cashiers check separately by 10/09. Also, in abundance of caution the notarized deed is attached to this email.

Best Regards,
Chris

Begin forwarded message:

**From:** Christopher Law <chrisrobertslawesq@gmail.com>
**Date:** October 2, 2025 at 7:45:23 AM GMT-5
**To:** Ownership Change <ownershipchange@mcad-tx.org>
**Subject: Re: Owner Address Change - Tre Christopher Roberts - Account 0079870**

Hello Stephanie,

I recently discovered some alarming/ disturbing news. As Such, the ownership of this property file should be rectified ASAP. Please see the attachments. The mailed paperwork reflecting actual (current) ownership and proof of identity are already in the mail on the way to Montgomery County.

Best Regards,

Chris

On Fri, May 9, 2025 at 12:34 PM Ownership Change <ownershipchange@mcad-tx.org> wrote:

Good afternoon,

I have updated your address as per your request. Have a great day!!

Stephanie Bush, GIS/Mapping

Montgomery Central Appraisal District

936-521-8833

***M**otivated, **C**redible, **A**ccountable and **D**ependable*

[Quoted text hidden]

**2 attachments**

**image001.png**
256K

**QuitClaimdeed.pdf**
493K

# Exhibit B

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# ACTUAL NOTICE: Morton Act Exculpatory Evidence | Cause No. 26-02-02458 | Warrant 25-10-16082 | DEFENDANT: TRE C. ROBERTS, LL.M. (U.S. VETERAN)

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Feb 16, 2026 at 7:20 PM
To: Brett.Ligon@mctx.org, Tiana.Sanford@mctx.org, Shanna.Redwine@mctx.org, Ryan.Overturf@mctx.org
Cc: GrandJury.Intake@mctx.org

Dear Prosecutors Office,

I am writing to you as a regulated legal professional (Former In-House Counsel, WI SCR 10.03(4)(f)), a U.S. Army Veteran, and an LL.M. scholar. I am willing to return to the jurisdiction voluntarily from my international residence to finalize the judicial remediation of the title cloud. I will coordinate with the Montgomery County Sheriff's Department - Fugitive Recovery unit to arrange a voluntary surrender if necessary.

Pursuant to the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14) and the Mandatory Ethical Duties of all Prosecutors under the Texas Disciplinary Rules of Professional Conduct, this office is hereby served with Actual Notice of exculpatory evidence that negates the essential elements of the alleged offense in Warrant 25-10-16082. This notice is served upon the Grand Jury and Intake Divisions to ensure the State's compliance with the law and to prevent any potential bad-faith presentation of this matter while a Superior District Court has dominant jurisdiction over the title facts.

I. Statutory Failure & Legal Impossibility of Appropriation
The State's theory of "unlawful appropriation" under Tex. Penal Code § 31.03 is a legal impossibility. As established in the sworn records of the record owner, the Complainant has already testified that the notarial acknowledgment was fraudulent and the document was a forgery. Under the well-settled Void Ab Initio doctrine affirmed by the Texas Supreme Court, a forged deed is a "legal nullity" that passes no title and is "entirely without effect" (Hennessy v. Blair, 173 S.W. 871). Because the deed never moved the "sticks in the bundle" of property rights, the State cannot satisfy the "appropriation" element of theft; legally, the property interest never left the Complainant's hands.

Furthermore, the Texas Supreme Court has held that a void deed cannot be made valid even by subsequent actions or the passage of time (Thompson v. Consol. Gas Utils. Corp.). This jurisdictional defect renders the State's Probable Cause affidavit fundamentally flawed. There can be no "exercise of control" over a property interest that, as a matter of law, was never transferred. In Bank of America, N.A. v. Smith, 529 S.W.3d 85, Texas courts reaffirmed that a forged deed is a nullity and can never pass title. By maintaining this warrant despite judicial proof that the title remained with the Complainant at all times, the State knowingly pursues a crime that does not exist.

II. Absolute Negation of Intent: Judicial Tender
My conduct since the discovery of the mistake of fact unequivocally proves a lack of "intent to deprive" under Tex. Penal Code § 31.01. The actual act of restoration is documented through a verified audit trail:

Disassociation: Communication with the third party involved ceased in June 2025. In July 2025, I established international residency to

pursue professional endeavors, as confirmed by my international lease and passport records. I never occupied, benefitted from, or exercised possessory control over the property.

Contemporaneous Remediation: Upon identifying the illegitimate nature of the transfer, I immediately initiated restoration. Bank records and Clerk correspondence from October and November 2025 confirm I attempted to alert the Montgomery County Clerk's Office and pay filing fees for a reversal deed from abroad before any criminal charges were filed.

Judicial Restoration: I am the Plaintiff in a Verified Petition (Cause No. 26-02-02458) in the 284th Judicial District. The property was tendered back to its rightful owner, Lillene C. Ebanks, on October 2, 2025. I have judicially tendered the property to the court to ensure the public record is free of any cloud.

III. Bad Faith Prosecution & Irreparable Professional Tort
The State cannot maintain a felony warrant when it possesses actual knowledge that the corpus delicti of the crime—unlawful appropriation—has been judicially extinguished. My status as a Candidate for the Maryland Bar and an applicant for law enforcement certification requires a rigorous Character and Fitness review, which the State is currently weaponizing. I am scheduled for sworn certification in March 2026. Because the Complainant and I are factually aligned in the 284th District Court, the State is no longer prosecuting a crime; it is arbitrarily maintaining a "Paper Felony" that constitutes an irreparable professional tort.

Take further notice that the Verified Petition (Cause No. 26-02-02458) invokes the expedited review provisions of Tex. Gov't Code § 51.903. As this statute mandates a judicial determination of fraudulent documentation based on the verified record, any attempt by the State to maintain a "theft" theory would be a per se act of bad faith creating immediate civil liability for the County.

IV. Ethical Obligations
As a prosecutor, your primary duty is "not to convict, but to see that justice is done" (Tex. Code Crim. Proc. Art. 2.01). Rule 3.09(a) prohibits the prosecution of a charge not supported by probable cause. Given the notice provided herein, the State now possesses facts that definitively negate the requisite elements of the offense. My background as a U.S. Army Military Police Specialist (31E) establishes a lifetime of adherence to the rule of law. To proceed is to willfully prosecute a non-existent crime.

V. Settlement Offer: Waiver of Civil Liability
I demand an Administrative Dismissal with Prejudice and a stipulation for Immediate Expunction based on a lack of probable cause. To facilitate this, I am prepared to provide a Waiver of Civil Liability to the Montgomery County District Attorney's Office, releasing the County from all claims of malicious prosecution in exchange for a simultaneous Dismissal and an Agreed Order of Expunction.

Gig Em',

Tre Christopher Roberts,
LL.M. | U.S. Army Veteran
Plaintiff, Cause No. 26-02-02458

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit C

Gmail

**Christopher Roberts <chrisrobertslawesq@gmail.com>**

# ACTUAL NOTICE: Exculpatory Evidence Negating Probable Cause | Warrant 25-10-16082 | Tre C. Roberts, LL.M.

**Christopher Roberts** <chrisrobertslawesq@gmail.com>
To: dept.detectives@mctx.org

Mon, Feb 16, 2026 at 7:23 PM

Detective/Investigator,

I am writing to you as a regulated legal professional Former In House Counsel WI SCR 10.03(4)(f), a U.S. Army Veteran, and an LL.M. scholar (See Attached). This email serves as Actual Notice of exculpatory evidence that negates the essential elements of the alleged offense in Warrant 25-10-16082 .

As demonstrated in the attached 49-page PDF, I have initiated a Verified Petition for Restoration in the 284th District Court (Cause No. 26-02-02458). This filing invokes Tex. Gov't Code § 51.903, mandating a judicial review of the March 2025 Deed. Judge Kristin Bays currently has the authority to validate third party fraud based solely on the documentation and sworn records provided herein.

Because the record owner, Lillene Ebanks, has formally attested and confirmed that the deed is a forgery, the "Appropriation" element of theft is a legal impossibility. Under the long-standing Void Ab Initio doctrine affirmed in Hennessy v. Blair, 173 S.W. 871 (Tex. 1915), a forged deed is absolutely ineffective and passes no title . This was further clarified in Lighthouse Church of Cloverleaf v. Tex. Bank, 889 S.W.2d 595, where Texas courts held that no proprietary interest can ever vest via a forged instrument.

Consequently, the property interest never legally left the Complainant's hands . Maintaining a warrant for "theft" of an interest that never transferred constitutes Bad Faith and creates immediate 42 U.S.C. § 1983 liability.

In addition, my contemporaneous outreach to the Montgomery County Clerk and Appraisal District on October 2, 2025—reporting this "disturbing news" months prior to these charges—definitively negates any "Intent to Deprive" (See PDF Pages 34-36) .

Furthermore, take notice of Texas Penal Code § 39.03 (Official Oppression). A public servant commits an offense if they intentionally subject another to arrest or detention that they know is unlawful. Since you have been served with actual notice of the § 51.903 filing and the Void Ab Initio status of the title instrument, any continued failure to quash this warrant constitutes a willful act of Official Oppression . I am also a candidate for law enforcement certification with a March 2026 hiring date. The intentional infliction of this professional tort for a non-existent crime creates personal liability for all individuals involved Under Tex. Code Crim. Proc. Art. 39.14, you have a continuous, mandatory duty to disclose exculpatory information.

As Such, Failure to notify the District Attorney's office to quash this warrant in light of this dispositive evidence constitutes a willful violation of clearly established law. This email serves as the "Actual Notice" required to pierce Qualified Immunity under 42 U.S.C. § 1983 for the irreparable destruction of my professional standing and

the intentional infliction of professional tort

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Veteran
Plaintiff, Cause No. 26-02-02458 (284th District Court)

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit D

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# COORDINATED VOLUNTARY SURRENDER / MAGISTRATE NOTICE: Tre C. Roberts, LL.M. (Warrant 25-10-16082.)

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Feb 16, 2026 at 7:24 PM
To: mcso.jail@mctx.org

Jail/Magistrate Liaison,

Please be advised that I, Tre Christopher Roberts, am coordinating a Voluntary Surrender regarding Warrant 25-10-16082. I am a U.S. Army Veteran (31E - MP) and a regulated legal professional. I would like to formally coordinate this surrender for a date within the next 14 days for a walk through. Attached is a 49-page Exculpatory Evidence Packet intended for the Magistrate's physical and digital folder .

I. Dominant Jurisdiction & The § 51.903 Motion The 284th District Court currently holds dominant jurisdiction over the title facts of this matter (Cause No. 26-02-02458). As shown in the attached Filing Submission Receipt (Feb 13, 2026), I have invoked Tex. Gov't Code § 51.903 for an expedited judicial finding that the underlying March 2025 Deed is a fraudulent nullity. The record owner aligns factually with my defense and has formally attested that the deed is a forgery as we are both victims of third party fraud.

II. Legal Impossibility of Appropriation Under the Void Ab Initio doctrine established in Hennessy v. Blair, 173 S.W. 871, a forged deed is a legal nullity that passes no title . This was affirmed in Lighthouse Church of Cloverleaf v. Tex. Bank, where Texas courts held that no proprietary interest can ever vest via a forgery . Legally, the property interest never left the Complainant's hands, making the "Appropriation" element of theft a legal impossibility .

III. Definitive Negation of Intent My lack of "Intent to Deprive" is objectively proven by my October 2, 2025, audit trail (See PDF Pages 34-36) . I was the primary party who alerted the Montgomery County Clerk and Appraisal District to the "disturbing news" and proactively funded a Reversal Deed months before any criminal charges were filed .

IV. Mandatory Ethical Duties & Official Oppression Under Tex. Disciplinary Rules of Prof. Conduct R. 3.09, the State is prohibited from prosecuting a charge not supported by probable cause. Furthermore, Tex. Penal Code § 39.03 (Official Oppression) prohibits the intentional detention of an individual when the public servant knows the arrest is unlawful. Since actual notice of the deed's void status has been provided, maintaining this warrant constitutes a bad-faith administrative error .

V. Professional Standing & Request for PR Bond I am a 31E Military Police Veteran and LL.M. candidate currently undergoing final background certification for a law enforcement career with a March 2026 hiring date . Given my proactive remediation, lack of criminal history, and voluntary surrender, I request an immediate Personal Recognizance (PR) Bond to prevent the irreparable destruction of my professional standing and career trajectory.

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Army Veteran
Plaintiff, Cause No. 26-02-02458

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit E

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# NOTICE OF ADMINISTRATIVE OVERREACH: Career Tort Risk to U.S. Veteran | Warrant 25-10-16082.

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Feb 16, 2026 at 7:26 PM
To: duke.coon@cityofconroe.org
Cc: howard.wood@cityofconroe.org

Mayor Coon / Mayor Pro Tem Wood

I am writing to you as a U.S. Army Veteran (31E), a regulated legal professional, and an LL.M. scholar. I am bringing to your attention a matter of significant administrative overreach involving an active warrant Warrant (25-10-16082.) for a "legal impossibility" currently being adjudicated in the 284th District Court (Cause No. 26-02-02458).

The record owner has formally attested to the forgery of the underlying deed, and I have proactively initiated judicial restoration under Tex. Gov't Code § 51.903. Despite my status as a candidate for law enforcement certification with a March 2026 hiring date, the DA's office maintains a warrant for a crime that legally could not exist from its conception.

The Law Mandates Action:
Legal Impossibility: Under the Void Ab Initio doctrine affirmed in Hennessy v. Blair, a forged deed is a nullity that passes no title. Therefore, the "Appropriation" element required by Tex. Penal Code § 31.03 is a legal impossibility; The property interest never left the Complainant's hands nor did it enter mine. This means the alleged crime of theft could Never have occurred as a matter of law.

Official Oppression: Under Tex. Penal Code § 39.03, it is a criminal offense for a public servant to intentionally subject a person to a detention they know is unlawful. By maintaining this warrant despite actual notice of the deed's void status, the involved agencies are creating direct liability for the County and the City's reputation.

Exculpatory Mandate: Under Tex. Code Crim. Proc. Art. 39.14 (The Michael Morton Act), the State has a continuous duty to act upon exculpatory evidence. Ignoring my proactive whistleblower outreach from October 2025 to restore the property to the rightful owner is already a willful violation of this statutory mandate.

As a veteran who has dedicated his life to the rule of law, I am informing your office of this situation because the intentional destruction of a veteran's law enforcement career based on a "Paper Felony" constitutes an irreparable professional tort. This reflects poorly on the administration of justice in Conroe and exposes associated agencies to significant federal claims under 42 U.S.C. § 1983.

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Army Veteran
Plaintiff, Cause No. 26-02-02458

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit F

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# NOTICE OF POTENTIAL CLAIM: Professional Tort & § 1983 Liability | Warrant 25-10-16082.

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Feb 16, 2026 at 7:28 PM
To: Risk.Management@mctx.org
Cc: bd.griffin@mctx.org

To the Montgomery County Risk Manager:

Take notice that this office is hereby served with Actual Notice of a potential professional tort and 42 U.S.C. § 1983 claim involving the Montgomery County District Attorney's Office and the Sheriff's Department .

Dispositive exculpatory evidence has been served upon the DA's leadership and the Grand Jury Intake proving that Warrant Warrant 25-10-16082. for Theft is predicated on a Void Ab Initio deed. Under Texas law
(Hennessy v. Blair), a forged deed is a nullity; therefore, the "Appropriation" element of the alleged theft is a legal impossibility

The County's Exposure:
Special Damages: I am a U.S. Army Veteran and regulated legal professional with a confirmed law enforcement career start date in March 2026.

Continuing to maintain this meritless warrant, despite my proactive remediation to restore the property to the rightful owner in October 2025, constitutes an intentional Tort and a willful destruction of my professional standing.

Official Oppression: Failure to quash this warrant because the instrument is Void ab Initio and ignoring an active § 51.903 filing in the 284th District Court to clear any county cloud on title triggers liability under Tex. Penal Code § 39.03.

Conclusion
I have attached a 49-page Exculpatory Evidence Packet, which includes District Court filings. I strongly advise your office to coordinate with the District Attorney to quash this warrant immediately to mitigate any further possible damages to the County.

Authority,

Tre Christopher Roberts,
LL.M. U.S. Army Veteran (31E)
Plaintiff, Cause No. 26-02-02458

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit G

Gmail

**Christopher Roberts <chrisrobertslawesq@gmail.com>**

# ACTUAL NOTICE: Morton Act Exculpatory Evidence | Cause No. 26-02-02458 | Warrant 25-10-16082 | DEFENDANT: TRE C. ROBERTS, LL.M. (U.S. VETERAN)

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Feb 16, 2026 at 7:53 PM
To: Jamie.Sulla@mctx.org
Cc: DA.Info@mctx.org
Bcc: Risk.Management@mctx.org

Dear Prosecutors Office,

I am writing to you as a regulated legal professional (Former In-House Counsel, WI SCR 10.03(4)(f)), a U.S. Army Veteran, and an LL.M. scholar (See Attached). I am willing to return to the jurisdiction voluntarily from
my international residence to finalize the judicial remediation of the title cloud. I will coordinate with the Montgomery County Sheriff's Department - Fugitive Recovery unit to arrange a voluntary surrender if necessary.

Pursuant to the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14) and the Mandatory Ethical Duties of all Prosecutors under the Texas Disciplinary Rules of Professional Conduct, this office is hereby served with Actual Notice of exculpatory evidence that negates the essential elements of the alleged offense in Warrant 25-10-16082. This notice is served upon the Grand Jury and Intake Divisions to ensure the State's compliance with the law and to prevent any potential bad-faith presentation of this matter while a Superior District Court has dominant jurisdiction over the title facts.

I. Statutory Failure & Legal Impossibility of Appropriation
The State's theory of "unlawful appropriation" under Tex. Penal Code § 31.03 is a legal impossibility. As established in the sworn records of the record owner, the Complainant has already testified that the notarial acknowledgment was fraudulent and the document was a forgery. Under the well-settled Void Ab Initio doctrine affirmed by the Texas Supreme Court, a forged deed is a "legal nullity" that passes no title and is "entirely without effect" (Hennessy v. Blair, 173 S.W. 871). Because the deed never moved the "sticks in the bundle" of property rights, the State cannot satisfy the "appropriation" element of theft; legally, the property interest never left the Complainant's hands.

Furthermore, the Texas Supreme Court has held that a void deed cannot be made valid even by subsequent actions or the passage of time (Thompson v. Consol. Gas Utils. Corp.). This jurisdictional defect renders the State's Probable Cause affidavit fundamentally flawed. There can be no "exercise of control" over a property interest that, as a matter of law, was never transferred. In Bank of America, N.A. v. Smith, 529 S.W.3d 85, Texas courts reaffirmed that a forged deed is a nullity and can never pass title. By maintaining this warrant despite judicial proof that the title remained with the Complainant at all times, the State knowingly pursues a crime that does not exist.

II. Absolute Negation of Intent: Judicial Tender
My conduct since the discovery of the mistake of fact unequivocally proves a lack of "intent to deprive" under Tex. Penal Code § 31.01. The actual act of restoration is documented through a verified audit trail:

Disassociation: Communication with the third party involved ceased in June 2025. In July 2025, I established international residency to pursue professional endeavors, as confirmed by my international lease and passport records. I never occupied, benefitted from, or exercised possessory control over the property.

Contemporaneous Remediation: Upon identifying the illegitimate nature of the transfer, I immediately initiated restoration. Bank records and Clerk correspondence from October and November 2025 confirm I attempted to alert the Montgomery County Clerk's Office and pay filing fees for a reversal deed from abroad before any criminal charges were filed.

Judicial Restoration: I am the Plaintiff in a Verified Petition (Cause No. 26-02-02458) in the 284th Judicial District. The property was tendered back to its rightful owner, Lillene C. Ebanks, on October 2, 2025. I have judicially tendered the property to the court to ensure the public record is free of any cloud.

III. Bad Faith Prosecution & Irreparable Professional Tort
The State cannot maintain a felony warrant when it possesses actual knowledge that the corpus delicti of the crime—unlawful appropriation—has been judicially extinguished. My status as a Candidate for the Maryland Bar and an applicant for law enforcement certification requires a rigorous Character and Fitness review, which the State is currently weaponizing. I am scheduled for sworn certification in March 2026. Because the Complainant and I are factually aligned in the 284th District Court, the State is no longer prosecuting a crime; it is arbitrarily maintaining a "Paper Felony" that constitutes an irreparable professional tort.

Take further notice that the Verified Petition (Cause No. 26-02-02458) invokes the expedited review provisions of Tex. Gov't Code § 51.903. As this statute mandates a judicial determination of fraudulent documentation based on the verified record, any attempt by the State to maintain a "theft" theory would be a per se act of bad faith creating immediate civil liability for the County.

IV. Ethical Obligations
As a prosecutor, your primary duty is "not to convict, but to see that justice is done" (Tex. Code Crim. Proc. Art. 2.01). Rule 3.09(a) prohibits the prosecution of a charge not supported by probable cause. Given the notice provided herein, the State now possesses facts that definitively negate the requisite elements of the offense. My background as a U.S. Army Military Police Specialist (31E) establishes a lifetime of adherence to the rule of law. To proceed is to willfully prosecute a non-existent crime.

V. Settlement Offer: Waiver of Civil Liability
I demand an Administrative Dismissal with Prejudice and a stipulation for Immediate Expunction based on a lack of probable cause. To facilitate this, I am prepared to provide a Waiver of Civil Liability to the Montgomery County District Attorney's Office, releasing the County from all claims of malicious prosecution in exchange for a simultaneous Dismissal and an Agreed Order of Expunction.

Gig Em',

Tre Christopher Roberts,
LL.M. | U.S. Army Veteran
Plaintiff, Cause No. 26-02-02458

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit H

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# ACTUAL NOTICE: Morton Act Exculpatory Evidence | Cause No. 26-02-02458 | Warrant 25-10-16082 | DEFENDANT: TRE C. ROBERTS, LL.M. (U.S. VETERAN)

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Feb 16, 2026 at 8:17 PM
To: Mike.Holley@mctx.org, Kelly.Blackburn@mctx.org
Bcc: Risk.Management@mctx.org

Dear Prosecutors Office,

I am writing to you as a regulated legal professional (Former In-House Counsel, WI SCR 10.03(4)(f)), a U.S. Army Veteran, and an LL.M. scholar. I am willing to return to the jurisdiction voluntarily from my international residence to finalize the judicial remediation of the title cloud. I will coordinate with the Montgomery County Sheriff's Department - Fugitive Recovery unit to arrange a voluntary surrender if necessary.

Pursuant to the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14) and the Mandatory Ethical Duties of all Prosecutors under the Texas Disciplinary Rules of Professional Conduct, this office is hereby served with Actual Notice of exculpatory evidence that negates the essential elements of the alleged offense in Warrant 25-10-16082. This notice is served upon the Grand Jury and Intake Divisions to ensure the State's compliance with the law and to prevent any potential bad-faith presentation of this matter while a Superior District Court has dominant jurisdiction over the title facts.

I. Statutory Failure & Legal Impossibility of Appropriation
The State's theory of "unlawful appropriation" under Tex. Penal Code § 31.03 is a legal impossibility. As established in the sworn records of the record owner, the Complainant has already testified that the notarial acknowledgment was fraudulent and the document was a forgery. Under the well-settled Void Ab Initio doctrine affirmed by the Texas Supreme Court, a forged deed is a "legal nullity" that passes no title and is "entirely without effect" (Hennessy v. Blair, 173 S.W. 871). Because the deed never moved the "sticks in the bundle" of property rights, the State cannot satisfy the "appropriation" element of theft; legally, the property interest never left the Complainant's hands.

Furthermore, the Texas Supreme Court has held that a void deed cannot be made valid even by subsequent actions or the passage of time (Thompson v. Consol. Gas Utils. Corp.). This jurisdictional defect renders the State's Probable Cause affidavit fundamentally flawed. There can be no "exercise of control" over a property interest that, as a matter of law, was never transferred. In Bank of America, N.A. v. Smith, 529 S.W.3d 85, Texas courts reaffirmed that a forged deed is a nullity and can never pass title. By maintaining this warrant despite judicial proof that the title remained with the Complainant at all times, the State knowingly pursues a crime that does not exist.

II. Absolute Negation of Intent: Judicial Tender
My conduct since the discovery of the mistake of fact unequivocally proves a lack of "intent to deprive" under Tex. Penal Code § 31.01. The actual act of restoration is documented through a verified audit trail:

Disassociation: Communication with the third party involved ceased in June 2025. In July 2025, I established international residency to

pursue professional endeavors, as confirmed by my international lease and passport records. I never occupied, benefitted from, or exercised possessory control over the property.

Contemporaneous Remediation: Upon identifying the illegitimate nature of the transfer, I immediately initiated restoration. Bank records and Clerk correspondence from October and November 2025 confirm I attempted to alert the Montgomery County Clerk's Office and pay filing fees for a reversal deed from abroad before any criminal charges were filed.

Judicial Restoration: I am the Plaintiff in a Verified Petition (Cause No. 26-02-02458) in the 284th Judicial District. The property was tendered back to its rightful owner, Lillene C. Ebanks, on October 2, 2025. I have judicially tendered the property to the court to ensure the public record is free of any cloud.

III. Bad Faith Prosecution & Irreparable Professional Tort
The State cannot maintain a felony warrant when it possesses actual knowledge that the corpus delicti of the crime—unlawful appropriation—has been judicially extinguished. My status as a Candidate for the Maryland Bar and an applicant for law enforcement certification requires a rigorous Character and Fitness review, which the State is currently weaponizing. I am scheduled for sworn certification in March 2026. Because the Complainant and I are factually aligned in the 284th District Court, the State is no longer prosecuting a crime; it is arbitrarily maintaining a "Paper Felony" that constitutes an irreparable professional tort.

Take further notice that the Verified Petition (Cause No. 26-02-02458) invokes the expedited review provisions of Tex. Gov't Code § 51.903. As this statute mandates a judicial determination of fraudulent documentation based on the verified record, any attempt by the State to maintain a "theft" theory would be a per se act of bad faith creating immediate civil liability for the County.

IV. Ethical Obligations
As a prosecutor, your primary duty is "not to convict, but to see that justice is done" (Tex. Code Crim. Proc. Art. 2.01). Rule 3.09(a) prohibits the prosecution of a charge not supported by probable cause. Given the notice provided herein, the State now possesses facts that definitively negate the requisite elements of the offense. My background as a U.S. Army Military Police Specialist (31E) establishes a lifetime of adherence to the rule of law. To proceed is to willfully prosecute a non-existent crime.

V. Settlement Offer: Waiver of Civil Liability
I demand an Administrative Dismissal with Prejudice and a stipulation for Immediate Expunction based on a lack of probable cause. To facilitate this, I am prepared to provide a Waiver of Civil Liability to the Montgomery County District Attorney's Office, releasing the County from all claims of malicious prosecution in exchange for a simultaneous Dismissal and an Agreed Order of Expunction.

Gig Em',

Tre Christopher Roberts,
LL.M. | U.S. Army Veteran
Plaintiff, Cause No. 26-02-02458

---

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit I

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# PERFECTED ACTUAL NOTICE: Rule 3.09 Ethical Obligation | Warrant 25-10-16082

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 7:59 AM
To: Mike.Holley@mctx.org, Kelly.Blackburn@mctx.org
Cc: kroberts@texasbar.com, bmoore@texasbar.com, cdcinfo@texasbar.com
Bcc: cojudge@mctx.org, bd.griffin@mctx.org, Risk.Management@mctx.org

Leadership,

This email serves as notice that the State Bar of Texas has been looped into the ongoing matter regarding Warrant 25-10-16082.

The Montgomery County District Attorney's office has now received Actual Notice (including the corrected warrant number) that the underlying deed in question was, has been and will always remain Void Ab Initio and that the record owner has attested to the third party forgery in the 284th District Court (Cause No. 26-02-02458) (See Attached).

The State's theory of "unlawful appropriation" under Tex. Penal Code § 31.03 is a legal impossibility. As established in the Sworn Affidavit of Lillene Ebanks [See Attached], the Complainant has already testified that the notarial acknowledgment was fraudulent and the document was a forgery. Under the well-settled "Void Ab Initio" doctrine affirmed by the Texas Supreme Court, a forged deed is a "legal nullity" that passes no title and is "entirely without effect" (See Hennessy v. Blair, 173 S.W. 871 and Lighthouse Church of Corpus Christi v. Texas AMU-Corpus Christi, 644 S.W.3d 131). Because the deed never moved the "sticks in the bundle" of property rights, the State cannot satisfy the "appropriation" element of theft; legally, the property interest never left the Complainant's possession.

Under Rule 3.09(d) and the Michael Morton Act, the State has a mandatory duty to act on this exculpatory evidence. Failure to quash this warrant immediately and expeditiously in light of this "legal impossibility," constitutes an intentional professional tort and an ethical breach.

We are providing this as a final administrative courtesy to allow the County to mitigate its Section 1983 liability before a formal grievance is filed with the Bar.

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Army Veteran (31E)
Plaintiff, Cause No. 26-02-02458

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit J

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

## FORMAL COMPLAINT: Malicious Use of Sham Legal Process | 18 U.S.C. §§ 241, 242 | Victim: U.S. Army Veteran Tre Christopher Roberts LL.M.| Warrant 25-10-16082

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 10:34 AM
To: CivilRights.Complaints@usdoj.gov
Cc: Risk.Management@mctx.org, bd.griffin@mctx.org, howard.wood@cityofconroe.org, duke.coon@cityofconroe.org, DA.Info@mctx.org, GrandJury.Intake@mctx.org, USA-TXS.PublicAffairs@usdoj.gov, Shanna.Dulany@mctx.org, Mike.Holley@mctx.org, Phyllis.Martin@mctx.org, Mark.Keough@mctx.org, Will.Metcalf@house.texas.gov

NOTICE OF EXIGENT HARM & COLOR OF LAW VIOLATION

TO: U.S. Department of Justice, Civil Rights Division (Criminal Section)
VIA EMAIL: CivilRights.Complaints@usdoj.gov
SUBJECT: EXIGENT FILING: Intentional Deprivation of Right to Travel | 18 U.S.C. § 242 | Victim: U.S. Army Veteran Tre Christopher Roberts LL.M.

To the Civil Rights Division:

I am a U.S. Army Veteran (31E) currently residing in Medellin, Colombia. I am filing this emergency request for an inquiry into a Color of Law violation (18 U.S.C. §§ 241, 242) being perpetrated by the Montgomery County (Texas) District Attorney's Office and the Montgomery County Sheriffs Office.

II. The Jurisdictional Defect: Hennessy and Lighthouse - The State currently maintains a Theft felony warrant (25-10-16071) based on a "theft" that is a legal impossibility. Under the long-standing Texas Supreme Court holdings in Hennessy v. Blair and Lighthouse Church of Corpus Christi v. Texas A&M-Corpus Christi, a forged deed is Void Ab Initio—a legal nullity that is "entirely without effect". Because the deed never moved the "sticks in the bundle" of property rights, the title remained with the Complainant at all times. Consequently, there is no res (property) over which the Criminal Court can exercise jurisdiction, as no "appropriation" occurred as a matter of law. This means no theft occurred.

II. Unconstitutional Restraint on the Right to Return. By maintaining this "Paper Felony" despite Actual Notice of the complainant's Sworn affidavit—who already testified to the forgery before the warrant was issued—the Montgomery County District Attorney's Office is effectively "exiling" a U.S. Army Veteran. This constitutes an unconstitutional restraint on my fundamental Right to Travel and my Right to Return to my home country under the Fifth and Fourteenth Amendments.

III. The "Sham" Legal Process & Exigent Harm I have scheduled international travel in five (5) days. The State's refusal to quash a warrant predicated on a known legal nullity is a "Sham Legal Process" intended to facilitate Official Oppression and destroy my March 2026 law enforcement certification. Any detention upon my arrival will be treated as a willful violation of 18 U.S.C. § 242, as probable cause cannot exist for a crime that—per the Texas Supreme Court—is a legal impossibility.

Respectfully,

Tre Christopher Roberts,
LL.M. - U.S. Army Veteran (31E)

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit K

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# URGENT: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY | 18 U.S.C. §§ 241, 242 | Warrant 25-10-16082

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 12:23 PM
To: Wesley.Doolittle@mctx.org
Cc: Jonathan.Zitzmann@mctx.org, John.Schmitt@mctx.org, Robby.Sells@mctx.org, mcsohr@mctx.org
Bcc: dept.detectives@mctx.org, Risk.Management@mctx.org, bd.griffin@mctx.org, Mike.Holley@mctx.org

Subject: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY |
Warrant #: 25-10-16082
To: Sheriff Wesley Doolittle; Chief Deputy Jonathan Zitzmann CC: MCSO
From: Tre Christopher Roberts (LL.M.) | U.S. Army Veteran (31E)
Related Civil Action: Roberts v. Ebanks, Cause No. 26-02-02458 (284th District Court)

Sheriff Doolittle / Montgomery County Sheriff's Office

I am writing to you as a fellow Law Enforcement professional (former U.S. Army 31E), an LL.M. scholar, and a regulated legal professional with no criminal conviction history. This letter serves as Actual Notice to the Montgomery County Sheriff's Office (MCSO) that Warrant 25-10-16082 is predicated on a "legal impossibility." Maintaining this warrant in the MCSO system—despite the exculpatory evidence provided herein—constitutes Official Oppression and creates an escalating Section 1983 liability for your department.

I. Notice of Jurisdictional Defect: Void Ab Initio

The Probable Cause affidavit supporting this warrant is fundamentally flawed. Under the Texas Supreme Court doctrine of Hennessy v. Blair and Lighthouse Church of Corpus Christi v. Texas A&M-Corpus Christi, a forged deed is Void Ab Initio—a legal nullity.

The Facts: The Complainant (Lillene Ebanks) has provided a sworn affidavit [See Attached] stating the deed was a forgery.

The Law: Because a void deed passes no title, the "appropriation" required for a Theft charge (Tex. Penal Code § 31.03) is a legal impossibility. Legally, the property never left the Complainant's hands.

II. Intentional Deprivation of Rights (18 U.S.C. § 242)
Pursuant to 18 U.S.C. § 242, any official who willfully maintains a sham legal process to deprive a citizen of their liberty—especially after receiving exculpatory evidence and notice of a jurisdictional defect—is subject to federal prosecution.

I have international travel scheduled in five (5) days.

The maintenance of this warrant acts as a "Constructive Exile," barring a U.S. Veteran from his home country acting in bad faith.

As a Veteran scheduled for law enforcement certification in March 2026, the maintenance of this "Paper Felony" is causing me irreparable professional harm.

Right to Return: This warrant acts as an unconstitutional restraint on my fundamental right to return to my home country.

Bad Faith: MCSO is now in possession of my Judicial Tender of Restoration filed in the 284th District Court (Cause No. 26-02-02458). Any arrest made by your deputies or at the border following this notice will be treated as a willful violation of Color of Law statutes, as probable cause has been factually and legally extinguished.

III. Demand for Administrative Recall

Pursuant to your duty to uphold the Constitution, I demand that the MCSO:

Recall Warrant #: 25-10-16082 from the active system immediately.

Cease and Desist any further enforcement actions related to this already void instrument.

I have proactively filed a Complaint with the Department Of Justice regarding this matter. I am willing to coordinate a voluntary appearance to finalize civil quiet title action, but I will not be subjected to an arrest based on circumstances the Texas Supreme Court has already defined as a "nullity."

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Veteran
Plaintiff, Cause No. 26-02-02458 (284th District Court)

---

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit L

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# URGENT: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY | 18 U.S.C. §§ 241, 242 | Warrant 25-10-16082

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 12:34 PM
To: Rick.Bass@mctx.org
Bcc: Risk.Management@mctx.org

Subject: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY
Warrant #: 25-10-16082
To: Sheriff Wesley Doolittle; Chief Deputy Jonathan Zitzmann CC: MCSO
From: Tre Christopher Roberts (LL.M.) | U.S. Army Veteran (31E)
Related Civil Action: Roberts v. Ebanks, Cause No. 26-02-02458 (284th District Court)

Sheriff Doolittle / Montgomery County Sheriff's Office

I am writing to you as a fellow Law Enforcement professional (former U.S. Army 31E), an LL.M. scholar, and a regulated legal professional with no criminal conviction history. This letter serves as Actual Notice to the Montgomery County Sheriff's Office (MCSO) that Warrant 25-10-16082 is predicated on a "legal impossibility." Maintaining this warrant in the MCSO system—despite the exculpatory evidence provided herein—constitutes Official Oppression and creates an escalating Section 1983 liability for your department.

I. Notice of Jurisdictional Defect: Void Ab Initio

The Probable Cause affidavit supporting this warrant is fundamentally flawed. Under the Texas Supreme Court doctrine of Hennessy v. Blair and Lighthouse Church of Corpus Christi v. Texas A&M-Corpus Christi, a forged deed is Void Ab Initio—a legal nullity.

The Facts: The Complainant (Lillene Ebanks) has provided a sworn affidavit [See Attached] stating the deed was a forgery.

The Law: Because a void deed passes no title, the "appropriation" required for a Theft charge (Tex. Penal Code § 31.03) is a legal impossibility. Legally, the property never left the Complainant's hands.

II. Intentional Deprivation of Rights (18 U.S.C. § 242)
Pursuant to 18 U.S.C. § 242, any official who willfully maintains a sham legal process to deprive a citizen of their liberty—especially after receiving exculpatory evidence and notice of a jurisdictional defect—is subject to federal prosecution.

I have international travel scheduled in five (5) days.

The maintenance of this warrant acts as a "Constructive Exile," barring a U.S. Veteran from his home country acting in bad faith.

As a Veteran scheduled for law enforcement certification in March 2026, the maintenance of this "Paper Felony" is causing me irreparable professional harm.

Right to Return: This warrant acts as an unconstitutional restraint on my fundamental right to return to my home country.

Bad Faith: MCSO is now in possession of my Judicial Tender of Restoration filed in the 284th District Court (Cause No. 26-02-02458). Any arrest made by your deputies or at the border following this notice will be treated as a willful violation of Color of Law statutes, as probable cause has been factually and legally extinguished.

III. Demand for Administrative Recall

Pursuant to your duty to uphold the Constitution, I demand that the MCSO:

Recall Warrant #: 25-10-16082 from the active system immediately.

Cease and Desist any further enforcement actions related to this already void instrument.

I have proactively filed a Complaint with the Department Of Justice regarding this matter. I am willing to coordinate a voluntary appearance to finalize civil quiet title action, but I will not be subjected to an arrest based on circumstances the Texas Supreme Court has already defined as a "nullity."

Respectfully,

Tre Christopher Roberts,
LL.M. U.S. Veteran
Plaintiff, Cause No. 26-02-02458 (284th District Court)

Be advised that the Montgomery County department-wide servers (dept.detectives@mctx.org and GrandJury.Intake@mctx.org) are rejecting the service of critical legal filings. This "Technical Obstruction" prevents the County from fulfilling its mandatory duties under the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14). As the governing body of this county, you are now on Actual Notice that the current "Paper Theft Felony" maintained in my name is a legal impossibility.

---------- Forwarded message ---------
From: Schmitt, John <John.Schmitt@mctx.org>
Date: Wed, Feb 18, 2026 at 2:24 AM
Subject: Automatic reply: [External] URGENT: EMERGENCY NOTICE OF WRONGFUL WARRANT & CIVIL LIABILITY | 18 U.S.C. §§ 241, 242 | Warrant 25-10-16082
To: Christopher Roberts <chrisrobertslawesq@gmail.com>

I will be out of the office beginning February 13,2026 with a return date of February 23,2026. If you need immediate assistance please contact either Lieutenant Paul Hahs or Assistant Chief Bass.

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit M

Gmail Christopher Roberts <chrisrobertslawesq@gmail.com>

# EMERGENCY: ADMINISTRATIVE OBSTRUCTION | U.S. VETERAN (31E) | 18 U.S.C. §§ 241, 242 | Cause 26-02-02458

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, Feb 17, 2026 at 7:04 PM
To: consumeremergency@oag.texas.gov
Cc: eGrants@gov.texas.gov, morgan.luttrell@mail.house.gov, brandon.creighton@senate.texas.gov, will.metcalf@house.texas.gov, Wesley.Doolittle@mctx.org, Mike.Holley@mctx.org, Kelly.Blackburn@mctx.org, Risk.Management@mctx.org, bd.griffin@mctx.org

FORMAL NOTICE OF EXCULPATORY EVIDENCE & DEMAND FOR IMMEDIATE ADMINISTRATIVE DISMISSAL

Warrant #: 25-10-16082
Defendant: Tre Christopher Roberts (LL.M.) | U.S. Army Veteran (31E)
Cause Related Cause No: 26-02-02458 (284th District Court)

To: Representative Will Metcalf; Senator Brandon Creighton; Congressman Morgan Luttrell CC: Ken Paxton (Attorney General); Montgomery County DA Mike Holley B.D. Griffin (County Attorney); ; Sheriff Wesley Doolittle; Risk Management, Montgomery County DA Mike Holley

I am writing to formally report a critical failure of the rule of law and a systemic administrative obstruction occurring within Montgomery County. I am a U.S. Army Veteran (31E) and LL.M. scholar (Texas A&M University School Of Law) and Former In House Counsel currently subjected to "Constructive Exile" and the threat of wrongful arrest due to a felony warrant predicated on a legal impossibility.

I. The Legal Impossibility (Void Ab Initio) The Montgomery County District Attorney's Office is maintaining Warrant No. 25-10-16082 for "Theft" based on a property instrument that is Void Ab Initio (void from the outset) under the Texas Supreme Court doctrine established in Hennessy v. Blair. The Complainant, Lillene Ebanks, has already provided a sworn affidavit (Cause 26-02-02458 - See Attached) confirming the deed was a forgery and a nullity. Under Texas law, a void deed passes no title; Therefore, the statutory element of "appropriation" is legally impossible, consequently, no theft ever existed or occurred.

II. Administrative Obstruction & Michael Morton Act Violations Despite having Actual Notice of this exculpatory evidence, the Montgomery County DA's office has failed to move for an administrative dismissal "in the interest of justice." Furthermore, I have encountered systemic "Technical Obstructions" where county IT servers rejected the electronic service of these exculpatory filings (See Attached). This constitutes a willful breach of the State's ongoing discovery duties under the Michael Morton Act (Tex. Code Crim. Proc. Art. 39.14).

III. Federal Notice: 18 U.S.C. §§ 241, 242 The continued maintenance of this warrant in the face of uncontroverted evidence of innocence is a violation of my Constitutional rights. This matter has been escalated to the U.S. Department of Justice (Civil Rights Division) as a violation of:

18 U.S.C. § 241: Conspiracy against rights.

18 U.S.C. § 242: Deprivation of rights under color of law.

IV. Immediate Request for Inquiry I am scheduled to return to the United States in less than 96 hours. If I am detained on a warrant that local officials know is based on a fraudulent nullity, all parties will be held liable in their individual and official capacities under 42 U.S.C. § 1983.

I request that your offices immediately inquire into why Montgomery County is utilizing taxpayer resources to prosecute a "non-existent crime" and obstructing a Veteran's right to clear the public record.

Respectfully submitted,

Tre Christopher Roberts,
LL.M. U.S. Army Veteran (31E)
Plaintiff, Cause No. 26-02-02458

---

**2 attachments**

**DA Failure.pdf**
411K

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

# Exhibit N

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

# EMERGENCY URGENT FORMAL COMPLAINT: 18 U.S.C. §§ 241, 242 NOTICE | CAUSE 26-02-02458 | OFFICIAL OPPRESSION OF U.S. VETERAN (31E) | VOID AB INITIO WARRANT | FEDERAL INQUIRY REQUESTED

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Wed, Feb 18, 2026 at 7:12 AM
To: HoustonCorruption@fbi.gov, HO_media@fbi.gov, HoustonCivilRights@fbi.gov, hotline@dojoig.gov, Criminal.Section@usdoj.gov
Cc: Risk.Management@mctx.org, bd.griffin@mctx.org, Mike.Holley@mctx.org, Mark.Keough@mctx.org, Kelly.Blackburn@mctx.org, Wesley.Doolittle@mctx.org, Rick.Bass@mctx.org, Phyllis.Martin@mctx.org, brandon.creighton@senate.texas.gov, DA.Info@mctx.org, duke.coon@cityofconroe.org, eGrants@gov.texas.gov, morgan.luttrell@mail.house.gov, will.metcalf@house.texas.gov

CRIMINAL COMPLAINT: OFFICIAL OPPRESSION & DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

TO: FEDERAL LAW ENFORCEMENT
ATTN: Public Integrity Unit / Civil Rights Division
FIELD OFFICE: Houston, Texas (Montgomery County Jurisdiction)

FROM: Tre Christopher Roberts, LL.M.
STATUS: U.S. Army Veteran (31E) | Member of the Legal Community
SUBJECT: Ongoing Violation of 18 U.S.C. §§ 241, 242 (Montgomery County, TX)

DATE: February 18, 2026

---

I. PREAMBLE I am filing this formal complaint to alert the Bureau of a coordinated and willful deprivation of constitutional rights under color of law being perpetrated by officials within the Montgomery County Sheriff's Office (MCSO) and the Montgomery County District Attorney's Office. Despite being provided with uncontroverted exculpatory evidence and judicial notice of a legal nullity, these officials continue to maintain a felony warrant for my arrest, effectively holding a U.S. Veteran in "Constructive Exile" from the United States.

II. THE UNDERLYING FRAUD (VOID AB INITIO) The criminal charge (Warrant #25-10-16082) is predicated on a property deed that is Void Ab Initio as a matter of Texas law (Hennessy v. Blair).

The alleged "Victim," Lillene Ebanks, has provided a sworn affidavit (attached) confirming that the deed used to secure the warrant was a forgery and a legal nullity.

Under Texas Penal Code § 31.03, the element of "appropriation" is a legal impossibility when the underlying instrument of transfer is void.

Detective Richard Stein (MCSO) failed to perform threshold due diligence and swore to a Probable Cause Affidavit based on a fraudulent instrument, showing a reckless disregard for the truth.

III. WILLFUL OBSTRUCTION & COLOR OF LAW VIOLATIONS As of February 16, 2026, the following officials have been placed on Actual Notice of the Ebanks Affidavit and the controlling Supreme Court doctrine:

Wesley Doolittle, Montgomery County Sheriff

Mark Keough, Montgomery County Judge

B.D. Griffin, Montgomery County Attorney

Mike Holley, District Attorney

Jamie Sulla, Assistant District Attorney

Assistant Chief Rick Bass, MCSO

Lieutenant Paul Hahs, MCSO

Duke Coon, Mayor of Conroe

Howard Wood, Mayor Pro Tem (Conroe)

Phyllis Martin, Montgomery County Auditor

Risk Management, Montgomery County

Despite this notice, these officials have refused to recall the warrant or move for dismissal. Furthermore, the Plaintiff documented "Technical Obstruction" where Montgomery County IT systems have systematically rejected the electronic service of exculpatory evidence (see attached). This suggests a coordinated effort to suppress evidence and maintain a "paper felony" against a citizen to facilitate Official Oppression (Tex. Penal Code § 39.03). This and the fact that I still see the warrant (See Attached), leads me to think it hasn't been quashed.

IV. IMMINENT THREAT & PROFESSIONAL TORT I am scheduled to return to the United States in less than 96 hours. The maintenance of this warrant is a direct attempt to facilitate a wrongful arrest at the border. This action threatens to permanently destroy my professional standing as a candidate for the Maryland Bar and my current hiring status with the Alabama Department of Corrections.

V. FORMAL REQUEST FOR INTERVENTION & NOTICE OF FEDERAL LITIGATION

Due to the failure of the listed officials to respond or act upon the provided exculpatory evidence within the last 48 hours—despite the existential threat to my liberty and professional career—I am being forced to seek emergency judicial intervention.

I request that the FBI Public Integrity Unit immediately:

Initiate an inquiry into the Montgomery County Sheriff's Office regarding the issuance and maintenance of a warrant based on a known legal nullity.

Investigate the "Technical Obstruction" of legal filings as a potential violation of 18 U.S.C. § 241 (Conspiracy against rights).

Interview Detective Richard Stein regarding the veracity of the probable cause affidavit and the omission of the Void Ab Initio status of the underlying instrument.

NOTICE OF PENDING ACTION: Be advised that because Montgomery County officials have remained silent in the face of a documented constitutional crisis, I am concurrently filing a Verified Complaint and Emergency Motion for Temporary Restraining Order (TRO) in the U.S. District Court for the Southern District of Texas. I am seeking to

enjoin the enforcement of this void warrant and will be seeking punitive damages against all parties in their individual capacities.

I am an LL.M. graduate of Texas A&M University School of Law and a former Internment/Resettlement Specialist (31E) for the U.S. Army. I understand the weight of these allegations and have attached the exculpatory evidence to this communication.

Respectfully,

Tre Christopher Roberts, LL.M.
U.S. Army Veteran | Plaintiff, Cause No. 26-02-02458

---

**3 attachments**

**1.Case_Info_Filing_Sheet_end_user (1)-merged (1) (2) (1)-merged.pdf**
7315K

**DA Failure.pdf**
411K

**Current Montgomery County Warrant .pdf**
71K

# Exhibit O

Gmail Christopher Roberts <chrisrobertslawesq@gmail.com>

# FORMAL NOTICE OF FEDERAL LAWSUIT: Case No. 4:26-cv-01389; Tre Christopher Roberts v. Montgomery County, et al.

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Fri, Feb 20, 2026 at 1:45 PM
To: bd.griffin@mctx.org
Cc: Risk.Management@mctx.org, Phyllis.Martin@mctx.org, Wesley.Doolittle@mctx.org, Rick.Bass@mctx.org, morgan.luttrell@mail.house.gov, Mark.Keough@mctx.org, brandon.creighton@senate.texas.gov, cdcinfo@texasbar.com, Mike.Holley@mctx.org, DA.Info@mctx.org, duke.coon@cityofconroe.org, howard.wood@cityofconroe.org, mcsohr@mctx.org, consumeremergency@oag.texas.gov

Leadership,

NOTICE OF COMMENCEMENT OF ACTION: Please be advised that Tre Christopher Roberts, LL.M., has officially filed a Federal Civil Rights Action in the Southern District of Texas, docketed as Case No. 4:26-cv-01389.

ATTACHED: The full 104-page Filing, which includes:

Emergency Motion for TRO to stay Warrant No. 25-10-16082.

Emergency Motion for Judicial Notice (FRE 201) of the June 3, 2025, Ebanks Affidavit (Montgomery County Doc #2025055251).

LEGAL CONSEQUENCES OF CONTINUED MAINTENANCE: The underlying deed is void ab initio under the Texas Supreme Court holding in Hennessy v. Blair and Pool v. Sneed. You are formally and officially on notice that the warrant is a legal nullity. Any continued maintenance of this warrant from this moment forward constitutes:

Unconstitutional Interference with the Right to Travel: Under the Fourteenth Amendment and the doctrine established in Kent v. Dulles, 357 U.S. 116 (1958), the right to travel and return to one's country is a part of the "liberty" of which a citizen cannot be deprived without Due Process. By maintaining a void warrant as a "border blockade," you are effecting a warrantless seizure of Plaintiff's person in violation of the Fourth and Fourteenth Amendments.

Obstruction of Federal Litigation: The warrant serves as a physical blockade, preventing a U.S. Army Veteran and LL.M. Scholar from exercising his Constitutional right to access the Courts to vindicate his civil rights in Case No. 4:26-cv-01389 (S.D. Tex.) and Case No. 26-02-02458 (284th District Court- Montgomery County).

Compounding Daily Damages: Every hour this warrant remains active, you are compounding special damages related to the Plaintiff's Dec 15th job loss and Bar candidacy forfeiture.

DEMAND: The immediate quashing of Warrant No. 25-10-16082 by the close of business today. Maintaining a warrant despite actual knowledge of a legal nullity demonstrates a callous indifference to the Plaintiff's rights, exposing individual defendants to Punitive Damages and individual liability.

Tre Christopher Roberts, LL.M.
Plaintiff Pro Se
Case No. 4:26-cv-01389 (S.D. Tex.)

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

SOUTHERN DISTRICT OF TEXAS

Notice of Electronic Filing

The following transaction was entered on 2/20/2026 at 12:49 PM CST and filed on 2/20/2026
Case Name:Roberts v. Montgomery County et al
Case Number:4:26-cv-01389
Filer:Tre Christopher Roberts
Document Number:1

Docket Text:
COMPLAINT against Tre Christopher Roberts filed by Tre Christopher Roberts. (bli4)

4:26-cv-01389 Notice has been electronically mailed to:

Tre Christopher Roberts     chrisrobertslawesq@gmail.com

4:26-cv-01389 Notice has not been electronically mailed to:

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1045387613 [Date=2/20/2026] [FileNumber=45727467-0] [60fee1ccbfc0b2df19984376147c34770cbdf692ca591a5b0a81c2fc213f1d3c41f5661d56a46312d72b228e485ca131e5fa6d24a7e019be2c7107650af0377c]]

**civil cover sheet-merged-merged (1) (1).pdf**
3363K

# Exhibit P

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

## ITIO 4:26-cv-01389

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Tue, May 26, 2026 at 7:39 PM
To: "Gonzalez, Sara" <sara.gonzalez@mctx.org>
Cc: adam.anderson@mctx.org, bd.griffin@mctx.org, Mike.Holley@mctx.org, DA.Info@mctx.org, daniel.plake@mctx.org
Bcc: Christopher Roberts <chrisrobertslawesq@icloud.com>

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

**TRE CHRISTOPHER ROBERTS,** Plaintiff,

v.

**MONTGOMERY COUNTY, et al.,** Defendants.

**CASE NO: 4:26-CV-1389**

**&**

**MONTGOMERY COUNTY**

**9TH JUDICIAL DISTRICT**

**CAUSE NO:. 26-03-05426-CR**

**THE STATEE OF TEXAS** Plaintiff,

**VS.**

**TRE CHRISTOPHER ROBERTS** Defendant

### NOTICE OF SERVICE OF SUPPLEMENTAL FILINGS UPON DEFENDANT'S COUNSEL AND RELATED COUNSEL

**TO THE DEFENDANTS AND THEIR COUNSEL OF RECORD AND RELATED COUNSEL:**

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure and the electronic service protocols established in this action, Plaintiff Tre Christopher Roberts has formally filed the following documents with the Clerk of the respective Courts:

1. **Plaintiff's Response to Motion to Dismiss (Which includes 9th Judicial District filings: Motion to Proceed Pro se, Motion to dismiss, Motion to Terminate Pre-Trial Bond Conditions, Notice Of Related Case, Notice Of Prior Dismissal, Notice Of Supplemental evidence regarding Bad Faith and Lack of Probable Cause)**

2. **Supplemental Memorandum of Law Establishing Municipal Liability Under *Monell* and Alternative Request.**

These filings, and all exhibits they contain, are now part of the official record in this matter (for both Federal and State Courts, respectively). This Notice formally confirms service via email upon the County Attorney's Office and the District Attorney's Office for all counsel of record or their superior.

These filings formally and supplementally notify the Defendants and the State of the evidentiary record concerning the lack of Actus reus & *mens rea* in the related state criminal prosecution (Cause No. 26-03-05426-CR) and the ongoing institutional bad faith relevant to the Plaintiff's *Section 1983* claims. The documents referenced herein contain dispositive evidence that negates the essential elements of the pending criminal charges and establishes the necessary nexus for municipal liability.

**RESPECTFULLY SUBMITTED,**

Dated: May 26, 2026

*/s/ Tre Christopher Roberts*

Tre Christopher Roberts, LL.M.

Plaintiff

1525 Aviation Blvd #213 Redondo Beach, CA 90278

Email: chrisrobertslawesq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2026, a true and correct copy of the aforementioned documents (ATTACHED TO THIS EMAIL AS MOCO - 4-26-CV-1389- (192 PAGES / 7MB - 7033KB) was served upon the following counsel of record for Montgomery County via electronic mail, consistent with the Court's accepted service protocols:

**Adam Anderson** Montgomery County Attorney's Office

**BD Griffin** Montgomery County Attorney's Office

**Daniel Plake** Montgomery County Attorney's Office

**Michael "Mike" Holley** Montgomery County District Attorney's Office

*/s/ Tre Christopher Roberts*

Tre Christopher Roberts, LL.M.

On Mon, May 4, 2026 at 4:37 PM Gonzalez, Sara <sara.gonzalez@mctx.org> wrote:

Please see attached copy of your records. A copy is also being mailed.

**Sara Gonzalez**

*Paralegal*

B. D. Griffin

County Attorney Montgomery County, Texas

501 N. Thompson, Suite 300

Conroe, TX 77301

Telephone: 936 539 7828

Facsimile: 936 760 6920

ATTENTION PUBLIC OFFICIALS:

This communication is for information purposes only. A "Reply to All" of this e-mail could lead to violations of the Texas Open Meetings Act. Please reply only to the sender. Any response or other deliberation among members of the Commissioners Court should take place only during a duly posted and noticed meeting of the Commissioners Court.

---

**MOCO - 4-26- CV-1389 -.pdf**
7033K

# Exhibit Q

Gmail **Christopher Roberts <chrisrobertslawesq@gmail.com>**

---

# URGENT: FORMAL NOTICE OF PROCEDURAL IMPOSSIBILITY & ACCUMULATING CIVIL LIABILITY | CAUSE NO. 26-03-05426-CR

---

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Wed, Jun 3, 2026 at 8:23 AM
To: Mike.Holley@mctx.org, Jamie.Sulla@mctx.org, Wesley.LeRouax@mctx.org, Tamara.Tyler@mctx.org, Victoria.Powell@mctx.org, DA.Info@mctx.org
Cc: CoJudge@mctx.org, Bd.Griffin@mctx.org, Daniel.Plake@mctx.org, rakesh.pandey@mctx.org, Adam.Anderson@mctx.org, Mark.Keough@mctx.org, Wesley.Doolittle@mctx.org
Bcc: maryb@county.org, AndreaB@county.org, Christopher Roberts <chrisrobertslawesq@gmail.com>, Christopher Roberts <chrisrobertslawesq@icloud.com>

**Subject: URGENT: FORMAL NOTICE OF PROCEDURAL IMPOSSIBILITY & ACCUMULATING CIVIL LIABILITY | CAUSE NO. 26-03-05426-CR**

**To:**

- **Montgomery County District Attorney's Office:**
  - Mike Holley, District Attorney: Mike.Holley@mctx.org
  - Jamie Sulla, Assistant District Attorney: Jamie.Sulla@mctx.org
  - Wes LeRouax, Chief ADA: Wesley.LeRouax@mctx.org
  - Tamara Tyler, ADA: Tamara.Tyler@mctx.org
  - Victoria Powell, ADA: Victoria.Powell@mctx.org

**Cc:**

- **Montgomery County Attorney's Office:**
  - BD Griffin, County Attorney: Bd.Griffin@mctx.org
  - Daniel Plake, Assistant County Attorney: Daniel.Plake@mctx.org
  - Adam Anderson, Assistant County Attorney: Adam.Anderson@mctx.org
- **Montgomery County Leadership:**
  - Mark Keough, Montgomery County Judge: CoJudge@mctx.org and Mark.keough@mctx.org
  - Wesley Doolittle, Montgomery County Sheriff: Wesley.Doolittle@mctx.org
  - Montgomery County Risk Management: Risk.Management@mctx.org
  - Rakesh Pandey, Montgomery County Auditor

Counsel / Leadership

This email serves as formal notice that the State's current prosecution in Cause No. 26-03-05426-CR is rendered legally and factually impossible by the State's own procedural record.

The prosecution is built upon a structural collapse that mandates immediate dismissal due to the following undeniable constitutional and procedural defects:

- **Franks Violation:** The initial arrest warrant—to which the current indictment is inextricably tied—was unconstitutional from its inception. The affiant deliberately omitted the victim's sworn June 2025 statement filed with the County, which established that the deed was *void ab initio.* Because a *void* deed cannot pass title, the charge of theft was legally impossible, unreasonable, and unconstitutional.

- **Procedural Paradox & Retaliatory Animus:** On February 18, 2026, the 9th Judicial District signed an **order of destruction and forfeiture (SEE ATTACHED - *Notice of Structural Incoherence and Judicial Non-Compliance*)** regarding the underlying and related evidence. Assistant District Attorney Jamie Sulla has direct, personal knowledge of these judicial mandates, having signed the State's motion to dismiss the prior action on that same date. Sulla is also currently a named defendant in my active federal civil rights litigation **(SEE ATTACHED - *Jamie Sulla Correspondence*).** District Attorney Mike Holley, in both his individual and professional capacity, has had actual notice of these facts since February 2026 **(SEE ATTACHED - Notice of Supplemental Evidence Regarding Bad Faith and Lack of Probable Cause)**, yet has failed to intervene, thereby ratifying this retaliatory conduct and the State's ongoing defiance of Court orders. By subsequently securing a new indictment on March 31, 2026—only weeks after being served with formal notice of exculpatory evidence—Ms. Sulla, District Attorney Holley, and the State are trapped in an inescapable procedural paradox: if they retain the evidence, they willfully defy a court order; if they destroyed the evidence, they lack the foundational evidence to satisfy ***Texas Rule of Evidence 901***, which requires the proponent to produce evidence sufficient to support a finding that the item is what the proponent claims it to be. You cannot authenticate items you were judicially ordered to destroy or have already relinquished.

- **Prosecutorial Vindictiveness:** The forgery indictment was secured exactly five weeks after I exercised my First Amendment right to petition the government by filing a federal civil rights lawsuit against this office and 5 days after I filed the Summons to be served on the County. I Under *Neal v. State*, this timing establishes a mandatory presumption of retributive animus that the State cannot overcome.

- **Selective Enforcement:** The State granted protective safe harbors to the complainant and an admitted criminal perpetrator, Christina Laugere, while weaponizing the criminal justice system against the victim-reporter by securing two enhanced felony warrants and 2 enhanced felony indictments—an undeniable violation of the Equal Protection Clause.

- **Malicious Prosecution and Official Oppression:** The State's continued maintenance of this prosecution constitutes clear, actionable, and simultaneous violations of *Texas Penal Code § 39.03* (Official Oppression) and the elements of Malicious Prosecution. By intentionally subjecting me to ongoing harassment, deprivation of rights, and unlawful restraint of liberty with documented knowledge that the prosecution is legally unauthorized and unsupported by probable cause, you have transcended mere prosecutorial error to engage in a calculated effort to inflict professional and personal ruin upon a U.S. Veteran. Having been served with actual notice that the underlying instrument is a *void ab initio* legal nullity and that the State is trapped in a procedural paradox created by this Court's own destruction order, your refusal to dismiss is a willful act of malice. This conduct satisfies the statutory definition of official oppression—denying me protected rights under color of office while knowing the conduct is unlawful—and concurrently establishes the essential elements of malicious prosecution, as the State lacks probable cause, has acted with clear malice, and has instituted proceedings in direct defiance of judicial mandate. You are now officially on notice that your continued participation in this sham legal process confirms both your individual criminal liability and your collective, systemic liability for these constitutional torts.

Every day this prosecution remains open, you are forcing a disabled U.S. An Army Veteran will remain homeless in this jurisdiction under an unconstitutional and unlawful indictment, compounding the State's liability for constitutional deprivation, official oppression, and malicious prosecution under 42 U.S.C. § 1983.

This notice is provided to Montgomery County leadership—including District Attorney Mike Holley, County Judge Mark Keough, Sheriff Wesley Doolittle, Chief ADA Wes LeRouax, ADA Tamara Tyler, ADA Victoria Powell County Attorney BD Griffin, Litigation Section Chief Daniel Plake, Assistant County Counsel Adam Anderson and County Auditor Rakesh Pandey—who have received actual notice regarding the *void ab initio* nature of the underlying instrument and the exculpatory evidence suppressed by the County Leadership, Sheriff's Office and the District Attorney's Office since February 16, 17, 18, 2026.

Evidence of this actual notice, including the February 2026 correspondence documenting the *void ab initio* nature of the instrument and the ongoing civil case to clear the county cloud, is attached to this email and filed in the court record **(SEE ATTACHED - Notice of Supplemental Evidence Regarding Bad Faith and Lack of Probable Cause).** Your continued attempts to manufacture unlawful warrants and indictments, and your failure to dismiss these charges expeditiously, despite actual and constructive notice of these structural and constitutional violations, will serve as direct evidence of continued bad faith, willful misconduct, and a policy or custom of constitutional violations. This will pierce any applicable qualified or absolute immunity in subsequent *Monell* and civil rights litigation.

I am providing this final notice to allow the County to mitigate its accumulating civil and ethical liabilities by dismissing the case before the hearing on June 11, 2026.

******** Please be advised that a Notice of Submission (SEE ATTACHED - Notice of Submission) has been filed with the 9th Judicial District on May 29th 2026. - Any attempt by the State to request a reset or a continuance on or before June 11th in this matter will be viewed as a continued strategic bad-faith tactical maneuver intended to perpetuate the State's willful defiance of this Court's orders and continue the unconstitutional deprivation of my rights. Such actions will be cited in future litigation as further proof of a policy or custom of constitutional violations, specifically intended to pierce any applicable qualified or absolute immunity. *********

**RESPECTFULLY SUBMITTED,**

Dated: June 3, 2026

*/s/ Tre Christopher Roberts*

Tre Christopher Roberts, LL.M.

Plaintiff

1525 Aviation Blvd #213

Redondo Beach, CA 90278

(310) 421-7058

Email: chrisrobertslawesq@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2026, a true and correct copy of the foregoing correspondence and its attachments—including

**Notice of Structural Incoherence and Judicial Non-Compliance** (filed June 2, 2026);

**Notice of Supplemental Evidence Regarding Bad Faith and Lack of Probable Cause (**filed May 26th 2026)

**Notice of Submission (**filed May 29th 2026)

**Jamie Sulla Correspondence**

—was served upon the following parties of record via electronic mail:

1. - **Montgomery County District Attorney's Office:**
     - Mike Holley, District Attorney: Mike.Holley@mctx.org
     - Jamie Sulla, Assistant District Attorney: Jamie.Sulla@mctx.org
     - Wes LeRouax, Chief ADA: Wesley.LeRouax@mctx.org
     - Tamara Tyler, ADA: Tamara.Tyler@mctx.org
     - Victoria Powell, ADA: Victoria.Powell@mctx.org
   - **Montgomery County Attorney's Office:**
     - BD Griffin, County Attorney: Bd.Griffin@mctx.org
     - Daniel Plake, Assistant County Attorney: Daniel.Plake@mctx.org
     - Adam Anderson, Assistant County Attorney: Adam.Anderson@mctx.org
   - **Montgomery County Leadership:**
     - Mark Keough, Montgomery County Judge: CoJudge@mctx.org and Mark.keough@mctx.org

- Wesley Doolittle, Montgomery County Sheriff: Wesley.Doolittle@mctx.org
- Montgomery County Risk Management: Risk.Management@mctx.org
- Rakesh Pandey, Montgomery County Auditor

**NOTICE:** This correspondence is provided for the purpose of formal notice and to facilitate the mitigation of damages. It demands the cessation of unconstitutional and unlawful conduct. The Defendant reserves all rights to pursue legal remedies, including but not limited to, civil rights litigation for malicious prosecution and official oppression. All prior evidence referenced herein is incorporated by reference for the purposes of establishing *scienter* and bad faith.

---

**4 attachments**

**Notice of Submission.pdf**
174K

**Notice of Supplemental Evidence Regarding Bad Faith and Lack of Probable Cause.pdf**
421K

**Jamie Sulla Correspondence.pdf**
121K

**Notice Of Non Compliance.pdf**
203K

# Exhibit R

Gmail Christopher Roberts <chrisrobertslawesq@gmail.com>

# Case No. 4:26-cv-01389 Roberts v. Montgomery County et. al.

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Thu, Jun 4, 2026 at 8:36 AM
To: "Anderson, Adam" <adam.anderson@mctx.org>
Cc: bd.griffin@mctx.org, Mike.Holley@mctx.org, Jamie.Sulla@mctx.org, Mark.Keough@mctx.org, rakesh.pandey@mctx.org, Wesley.Doolittle@mctx.org
Bcc: maryb@county.org, Risk.Management@mctx.org

Hello Counsel, I have received your email. Thanks for reaching out. Please see below.

**SUBJECT: SERVICE OF FILING: Notice of Ongoing Retaliatory Conduct | Case No. 4:26-cv-01389**

Counsel / Leadership,

Please be advised that the attached **Notice of Ongoing Retaliatory Conduct** was formally filed with the United States District Court for the Southern District of Texas in *Tre Christopher Roberts v. Montgomery County, Texas, et al.* (Case No. 4:26-cv-01389) on June 3, 2026.

This filing incorporates into the federal record a comprehensive chronology of the constitutional and structural defects currently undermining the State's prosecution in Cause No. 26-03-05426-CR.

**Documents served via this email:**

1. **Notice of Ongoing Retaliatory Conduct** (Filed June 3, 2026).
2. **Exhibit A:** February 16, 2026, Actual Notice regarding Morton Act violations.
3. **Exhibit B:** May 26, 2026, Notice of Service of Supplemental Filings.
4. **Exhibit C:** June 3, 2026, Formal Notice of Procedural Impossibility.
5. **Exhibit D:** June 2, 2026, Notice of Structural Incoherence and Judicial Non-Compliance.

**Formal Notice of Liability:** You are now in receipt of formal service confirming your Actual Notice of the fundamental constitutional defects and the procedural impossibility of the State's current prosecution. The Defendants' continued maintenance of this proceeding, with documented knowledge of these defects, serves as dispositive evidence of willful misconduct, retaliatory animus, and a systematic policy or custom of constitutional violation.

To clarify my position: I am prepared to engage in substantive discussions that address the immediate mitigation of the County's civil and ethical liabilities. Should the Court order a conference or I remain fully amenable to participating if the county so elects.

Be further advised that this service is intended to establish the necessary evidentiary foundation for Monell liability and will demonstrate that the Defendants have consciously disregarded their clear constitutional and judicial obligations. Continuing to pursue this matter after receiving this notice will be cited in federal court as evidence of Civil rights Violations, malicious prosecution and official oppression, providing the basis to pierce all applicable qualified or absolute immunities for both the County and the individuals named herein.

Respectfully,

Tre Christopher Roberts, LL.M.

Plaintiff Case No. 4:26-cv-01389

(310) 421-7058

On Wed, Apr 29, 2026 at 11:06 AM Anderson, Adam <adam.anderson@mctx.org> wrote:

Mr. Roberts,

Please let me know when you are available confer regarding Defendants anticipated Motion to Dismiss. I am available to conference today at 3:00p.m. or tomorrow 4.30.26 at 10:00a.m.

Please let me know when you are available.

Thank you,

Adam T. Anderson

*Assistant County Attorney – Civil Division*

B.D. Griffin

County Attorney Montgomery County, Texas

501 N. Thompson, Suite 300

Conroe, Texas 77301

Telephone: 936 539 7828

Direct Line: 936 760 6923

Facsimile: 936 760 6920

**Notice of Retaliatory Conduct.pdf**
1574K

# Exhibit S

Gmail

**Christopher Roberts <chrisrobertslawesq@gmail.com>**

# COMPLETED FRCP 5 SERVICE NOTICE: Completed Service on Final County Policymakers & Real-Time Monell Liability Escalation | Case No. 4:26-cv-01389 (S.D. Tex.)

**Christopher Roberts** <chrisrobertslawesq@gmail.com> Mon, Jun 8, 2026 at 7:45 AM
To: "Anderson, Adam" <adam.anderson@mctx.org>
Cc: mark.keough@mctx.org, Mike.Holley@mctx.org, Jamie.Sulla@mctx.org, Wesley.Doolittle@mctx.org, bd.griffin@mctx.org, robert.walker@mctx.org, charlie.riley@mctx.org, ritch.wheeler@mctx.org, rakesh.pandey@mctx.org, matt.gray@mctx.org, cojudge@mctx.org, daniel.plake@mctx.org
Bcc: maryb@county.org, Christopher Roberts <chrisrobertslawesq@icloud.com>

**Counsel and Policy Makers / Leadership,**

Please find attached a true, correct, and file-stamped copy of the Notice of Fraud on the Court and Supplemental Opposition to Defendants' Motion to Dismiss (Doc. 101), which was filed, entered, and officially served via U.S. Mail to counsel for the defendants on Friday, June 5, 2026, pursuant to FRCP 5(b)(2)(C). Pursuant to the Certificate of Service, this document serves as a mandatory federal record.

This filing documents an intentional, extra-judicial course of conduct that strips individual defendants of both qualified and absolute immunity as a matter of clearly established law. As set forth in the attached federal record, the State's strategic deployment of a secondary "re-indictment" constitutes a binding judicial admission of defiance. The State (Montgomery County) knowingly bypassed a standing, finalized state court Order of Destruction and Forfeiture signed on February 18, 2026, to revive a criminal action built entirely upon a transaction matrix already judicially condemned as a legal nullity.

## The Vitiation of Immunities and Compounding Municipal Liability

The County is hereby placed on formal notice that its defenses of "information decoupling" and "plausible deniability" are factually and legally dead:

- **Absolute Immunity Erased:** Absolute immunity does not extend to the intentional subversion of the judicial process, nor does it shield officers of the court who hide evidence of restorative intent to keep a "Paper Felony" alive. The systematic suppression of the Plaintiff's October 2025 clerk filings, the February emergency alerts, and the pending title lawsuit in the 284th District Court directly violates the mandatory, non-discretionary disclosure commands of the Michael Morton Act (Art. 39.14) and Texas Code of Criminal Procedure Art. 2.01.
- **The Ticking Defiance Matrix:** Under *Sanders v. English*, 950 F.2d 1152 (5th Cir. 1992), an official violates the Fourth Amendment by "actively maintaining" a warrant and prosecution after learning it is completely baseless. Because County Attorney Daniel Plake formally executed a Federal Waiver of Summons on March 12, 2026 (**SEE ATTACHED - MONTGOMERY COUNTY WAIVER**), the entire municipal infrastructure had collective, actual notice that the underlying land transaction was *void ab initio* under *Hennessy v. Blair*. Furthermore, receiving all other related exculpatory evidence unequivocally negated *mens rea* before the secondary forgery indictment was even returned.
- **The Incarceration Escalation:** Proceeding to execute an enhanced felony re-indictment under these conditions—subjecting a, disabled U.S. Army veteran with service-connected mental health injuries to an arbitrary 30-day physical incarceration—transforms this action from a mistake or an administrative error into an egregious, deliberate, or reckless actionable professional tort.

## Total Vitiation of the Independent Intermediary Doctrine

The State's reliance on a Grand Jury re-indictment to sever the causal chain of law enforcement liability is a fraudulent misrepresentation of controlling Texas and federal law:

- **The Forgery Evidentiary Suppression Fraud:** Under Fifth Circuit doctrine and established Texas precedent, the independent intermediary shield is completely obliterated when initiating officers and prosecutors knowingly withhold patently exculpatory evidence from the grand jury or the magistrate. Furthermore, the State is placed on explicit notice that **Texas Code of Criminal Procedure Art. 38.23** provides absolutely no safe harbor or remedy for "good faith" under these conditions. The statutory good faith exception under **Art. 38.23(b)** is strictly non-

applicable as a matter of law to a secondary forgery indictment when the underlying instrument was already judicially condemned, finalized, and ordered destroyed on February 18, 2026. A capias warrant or subsequent indictment charging forgery cannot be executed or maintained in "good faith" when the initiating actors perform an intentional gatekeeping fraud to hide a standing state court Order of Destruction and exculpatory evidence from the grand jury panel. Because the entire probable cause matrix for this secondary forgery mechanism was fundamentally corrupted by structural fraud at its inception, any subsequent enforcement, arrest, including a 30+-day physical confinement is stripped of statutory immunity, leaving the County fully exposed to the unchecked financial, professional, psychological, and emotional consequences of an unconstitutional seizure.

- **Concealment of a Binding Court Order:** The State purposefully suppressed the very existence of Judge Phil Grant's February 18, 2026 Order of Dismissal in the interest of justice and the Order of Destruction and Forfeiture regarding related evidence from the "Re-Indictment" Grand Jury panel. A Grand Jury indictment cannot break the chain of causation when it is predicated on evidence that has been legally condemned and ordered forfeited as a legal nullity.

- **The Pre-Indictment Knowledge Nexus:** Because the State acted as an exclusionary gatekeeper—deliberately, maliciously, intentionally, or recklessly hiding the victim's own June 2025 exculpatory disclaimers, the October 2025 fraud reports/correspondence with the clerk's office, the active title-clearing civil litigation in the 284th judicial district, and the February 2026 disclosures to Montgomery County leadership and policymakers—the Grand Jury Indictment process was fundamentally tainted and corrupted. Under *Baker v. State*, 956 S.W.2d 19 (Tex. Crim. App. 1997), a panel cannot serve as a constitutional buffer or intermediary when the State performs a bad-faith procedural shell game prosecution lacking in valid or authenticable evidence or probable cause to bypass its prior and standing judicial obligations.

## Absolute Estoppel Under *State v. Stevens*

The State's attempt to circumvent its own structural defects by re-charging this identical evidentiary core is legally barred by the doctrine of collateral estoppel. Under *State v. Stevens*, 235 S.W.3d 192 (Tex. Crim. App. 2007), the State is strictly prohibited from relitigating issues decided in a defendant's favor. When a court of competent jurisdiction definitively ruled that the underlying evidence was a legal nullity and ordered its complete destruction on February 18, 2026, the instrument's legal status was finalized. The State is estopped from using evidence it was legally mandated to destroy, making this re-indictment an improper, bad-faith collateral attack on a final judicial order.

## Notice to Risk Management and Policymakers

The commencement of the initial indictment for theft (or any malicious intent crime) in January 2026 and the subsequent secondary forgery "re-indictment" on March 31 2026—despite county leadership and final policymakers having direct and actual notice of exculpatory evidence since October 2nd 2025 (via email correspondence with the County Clerk) subsequent County court filings on February 13, 2026, and actual notice since February 16 2026 —proves a systemic, corporate, nonverbal custom of deliberate, silent, or callous indifference. This timeline of silence and inaction establishes that the county infrastructure, from executive leadership down to individual subordinates, actively chose to disregard the Plaintiff's communications and the state court's standing judicial mandates. By willfully proceeding under these conditions, the county's subordinates act in total coordination with, and ratification of, their superiors' deliberate indifference, aligning this unethical, bad-faith conduct directly with actionable *Monell* custom. Furthermore, the County has explicit notice that the severe constitutional and structural injuries inflicted by these customs are ongoing and cannot be mooted by any subsequent voluntary or involuntary cessation of the state prosecution. Under controlling federal doctrine, a municipality's tactical dismissal or termination of a predatory criminal action does not erase the accrued, real-time general and compensatory liabilities already hardcoded into the federal record.

By maintaining a predatory re-indictment based on a known legal nullity, the County is actively executing an unconstitutional constructive confinement within this venue, blocking the Plaintiff from his out-of-state residence. This bad-faith deployment of state authority has actively displaced the Plaintiff in Texas, forcing an ongoing, real-time deprivation of liberty, housing security, and professional operational capacity. The County has explicit notice that this active institutional tort is compounding quantifiable general, compensatory, and consequential economic damages. This deliberate inflation of municipal liability is permanently captured on the federal record and actual notice has been provided to county leadership and county policymakers.

The County's continuous administrative support of this baseless prosecution is actively being documented as an institutional nonverbal custom and ratified policy under *Monell* and *Piotrowski*. Montgomery County is operating in direct, documented bad faith to intimidate an active federal civil rights litigant.

Every single day this prosecution is maintained without the Plaintiff being made whole adds massive, quantifiable numbers to the County's civil rights exposure under *42 U.S.C. § 1983*. The baseline valuation of this claim has expanded exponentially beyond the pre-seizure level.

The state judicial counterpart in the 9th Judicial District has already condemned the underlying evidence file. The paper trail is finalized, certified, and permanently locked into the federal docket.

Permanently and immediately dismiss all pending state charges to mitigate further exponential compounding of municipal financial exposure.

## ***FORMAL MONELL RATIFICATION NOTICE***

**Please take formal notice that** this communication documents the ongoing, widespread customs, habits, policies, and patterns of Montgomery County and its final policymakers who as a whole, to date remained silent in the face of multiple constitutional crises. Your prior, current, and subsequent silence or administrative inaction regarding this fully documented record will be entered directly onto the federal civil docket—alongside a forthcoming comprehensive **Montgomery County Communication and Notice Log**—as conclusive evidence of an explicit, non-verbal Policy or custom of:

1. **Deliberate, willful or reckless silent Institutional Blindness and Ratification** to maintain a predatory, unconstitutional institutional tort through a
2. **Custom of Procedural Laundering via Grand Jury or evidence suppression**, executed to
3. **Contumaciously evade State Court Mandates/Law** or to serve county agendas or its interests.

Respectfully submitted,

**/S/ Tre Christopher Roberts, LL.M.**

*Plaintiff*

1525 Aviation Blvd #213

Redondo Beach, CA 90278

(310) 421-7058

**2 attachments**

**Notice Of Fraud on the Court.pdf**
269K

**MONTGOMERY COUNTY WAIVER.pdf**
277K